1   Eric Honig (CSBN 140765)
    LAW OFFICE OF ERIC HONIG
2   A Professional Law Corporation
    P.O. Box 10327
3   Marina del Rey, CA 90295
    erichonig@aol.com
4   Telephone:  (310) 699-8051
    Fax:  (310) 943-2220
5
    RICHARD M. BARNETT (CSBN 65132)
6   A Professional Law Corporation
    105 West F Street, 4th Floor
7   San Diego, CA 92101
    richardmbarnett@gmail.com
8   Telephone: (6l9) 231-1182
    Facsimile: (619) 233-3221
9
    Michael S. Chernis  (CSBN 259319)
10  CHERNIS LAW GROUP P.C.
    Santa Monica Water Garden
11  2425 Olympic Blvd.
    Suite 4000-W
12  Santa Monica, CA 90404
    Michael@chernislaw.com
13  Tel:  (310) 566-4388
    Fax: (310) 382-2541
14
    ERIC D. SHEVIN (CSBN 160103)
15  Shevin Law Group
    15260 Ventura Boulevard, Suite 1400
16  Sherman Oaks, California  91403
    eric@shevinlaw.com
17  tel. 818-784-2700
    fax 818-784-2411
18
    PAUL L. GABBERT (CSBN 74430)
19  2530 Wilshire Boulevard
    Second Floor
20  Santa Monica, CA 90403
    plgabbert@aol.com
21  Telephone: 424 272-9575
    Facsimile: 310 829-2148
22
    Attorneys for Plaintiffs Does 1-6
23

24              UNITED STATES DISTRICT COURT

25            CENTRAL DISTRICT OF CALIFORNIA

26                  WESTERN DIVISION

27

28

| | |
|---|---|
| DOES 1-6, on behalf of themselves and all others similarly situated, | No. |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| v. | [5 U.S.C. §701, et al] |
| UNITED STATES OF AMERICA, and MERRICK GARLAND, in his official capacity as United States Attorney General, | [Request for Injunctive and Declaratory Relief] |
| Defendants. | [Jury Demand] |

Plaintiffs DOES 1-6 ("Plaintiffs"), on behalf of themselves and all others similarly situated, hereby file this Class Action Complaint against the above-named Defendants, and allege:

## JURISDICTION AND VENUE

1.     This is a class action brought against the United States of America pursuant to Federal Rule of Civil Procedure 23, 5 U.S.C. §701 *et seq.*, the Fourth Amendment and Fifth Amendment Due Process Clause of the United States Constitution, *inter alia*.

2.     This Court has jurisdiction over this action under 28 U.S.C. §1331 and Article III of the United States Constitution.

3.     This Court has the authority to grant declaratory and injunctive relief in this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, and Federal Rules of Civil Procedure 57 and 65.

4.     This Court has the authority to enjoin the government from engaging in the unlawful search and seizure of property pursuant to the Fourth Amendment, Federal Rule of Civil Procedure 65 and the Court's equitable power to prevent, stop and redress a deprivation of constitutional rights causing irreparable injury. *See Elrod v. Burns*, 477 U.S. 347, 373 (1976); *Melendres v. Arpaio*, 695 F.2d 990, 1002 (9th Cir. 2012); *Nelson v. Nat'l Aeronautics and Space Admin.*, 530 F.3d 865, 882 (2008).

5.     This Court has the authority to order the return of property that was the

2

1  subject of an unlawful search and seizure, or an otherwise unlawful deprivation, pursuant
2  to Federal Rule of Criminal Procedure 41(g), even in the absence of a criminal
3  proceeding. *See United States v. Martinson*, 809 F.2d 1364, 1366-67 (9th Cir. 1987).

4  6.      This Court has the authority to order the government to disclose to a
5  property owner a search warrant and the receipt of property taken pursuant to Federal
6  Rule of Criminal Procedure 41(f)(1)(C) and Federal Rule of Civil Procedure 65.

7  7.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1), (2) and
8  (3) and (e)(1)(B) and (C).

9  **PERSONS AND ENTITIES**

10  8.      The representative Plaintiffs are, and at all relevant times were, persons
11  residing in the County of Los Angeles, California.

12  9.      The Doe Plaintiffs stored non-contraband valuable property in safe deposit
13  boxes at US Private Vaults ("USPV"), which were seized by Defendants on or around
14  March 22, 2021 through March 26, 2021, and are still being held by Defendants.

15  10.     Defendants are unaware of the Doe Plaintiffs' identities and have stated
16  their intent to initiate a criminal investigation of Plaintiffs in the event that Plaintiffs
17  disclose their identities.  Plaintiff therefore brings this claim pseudonymously to protect
18  themselves from the risk of criminal prosecution, and from injury, harassment,
19  retaliation, and embarrassment. *See, e.g., Does 1-10 v. University of Washington*, 326
20  F.R.D. 669 (W.D.WA 2018); *Doe v. Miller*, 216 F.R.D. 462 (S.D.Iowa 2003).

21  11.     In March 2021 the Doe Plaintiffs each maintained a safe deposit box at US
22  Private Vaults, a key to the box(es), and ownership and/or control of the contents of
23  these individual boxes, as follows:

24  a.      Doe 1 maintained Box Nos. 5006 and 4105, and ownership and joint
25          control of its contents, including currency and gold.

26  b.      Doe 2 maintained Box Nos. 5006 and 4105, and joint control over
27          the boxes and their contents, including currency and gold, which
           belong to Doe 1.

28  3

c.    Doe 3 maintained Box No. 6710, and ownership and exclusive control of its contents, including United States currency, gold and jewelry.

d.    Doe 4 maintained Box No. 4300, and ownership and exclusive control of its contents, including United States currency.

e.    Doe 5 maintained Box No. 400, and ownership and exclusive control of its contents, including United States currency.

f.    Doe 6 maintained Box No. 40, and ownership and exclusive control of its contents, including United States currency, gold and jewelry.

12.    Defendant United States of America is an entity of the government of the United States of America.  Defendant Merrick Garland is the Attorney General of the United States.  The acts the Defendant government suffers and has suffered upon the Plaintiffs are similar to the acts the Defendant government suffered upon the other class members as set forth hereinafter.

## CLASS ACTION ALLEGATIONS

13.    This action is properly maintainable as a class action because: a) the class is so numerous that joinder of all members is impracticable, b) there are questions of law or fact common to the class, c) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and d) the representative parties will fairly and adequately protect the interests of the class, pursuant to the requirements of Federal Rule of Civil Procedure 23(a), and as set forth in detail below.

14.    USPV has between 600 and 1000 safe deposit boxes rented to hundreds of different customers. The representative Plaintiffs therefore bring this action on behalf of themselves and as a class action on behalf of the class, defined as follows:

All persons and/or entities who maintained a safe deposit box at US Private Vaults, located at 9182 West Olympic Boulevard, Beverly Hills, CA 90212 during the month of March 2021.

4

15.     The Defendant government's actions have affected the constitutional and property rights of at least 600 class members, making the class so numerous that joinder of all members is impracticable.

16.     The claims and defenses of the representative Plaintiffs are typical of the class, in that their property rights were affected by the Defendant government's improper actions described herein, and the representative Plaintiffs, like all class members, were similarly harmed by the same illegal, improper and ongoing conduct engaged in by the government.

17.     The representative Plaintiffs will fairly and adequately represent and protect the interests of the members of the class, and have retained counsel who are competent and experienced in the areas of federal criminal law and procedure, asset forfeiture law, federal civil litigation and class action litigation in federal court.  There are no material conflicts between the claims of the representative Plaintiffs and the members of the class that would make class certification inappropriate.  Counsel for the class will vigorously assert the claims of all class members.

18.     This class action is superior to all other methods for the fair and efficient adjudication of this controversy, because joinder of all class members is impracticable. Furthermore, the expense and burden of individual actions makes it practically impossible for the class members to individually redress the wrongs they have suffered and may continue to suffer in the future if the conduct by the Defendant government described herein persists.  There will be  no difficulty in managing this case as a class action.

19.     The following questions of law or fact common to the members of the class predominate over any questions affecting only individual members:

       a.     Whether the searches of the class members' safe deposit boxes and seizure of their personal property held within their boxes, without particularized probable cause violated the Fourth Amendment;

5

b.     Whether the deprivation of the class members' personal property violated the Fifth Amendment Due Process Clause;

c.     Whether the class members are entitled to prompt return of their personal property;

d.     Whether the Defendant government should be enjoined from prohibiting class members from seeking return of their property and/or filing administrative civil forfeiture claims to their personal property using a pseudonym;[1]

e.     Whether the deadlines for filing claims in administrative forfeiture proceedings instituted by the Defendant government against the class members' personal property pursuant to 18 U.S.C. §983 should be extended or temporarily suspended pending the Court's determinations as to whether the searches and seizures violated the Fourth or Fifth Amendments and whether the class members may file claims using a pseudonym;

f.     Alternatively, whether the Court should appoint a special master to process administrative claims so class members may file their claims under seal with the special master so that the claimants may retain their Fifth Amendment rights against self-incrimination.

g.     Whether the Court should allow class members to file civil forfeiture claims to their personal property using a pseudonym in any judicial civil forfeiture proceeding;

h.     Alternatively, whether the class members may file their judicial claims and other documents under seal with the Court, and/or the Court should appoint a special master to administer

---

[1] "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. *Does I thru XXIII v. Advanced Textile Corp.* (9th Cir. 2000) 214 F.3d 1058, 1068, citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) ("the cases affording plaintiff anonymity all share several characteristics . . . . The plaintiffs in those actions, at the least, divulged personal information of the utmost intimacy; many also had to admit that they either had violated state laws or government regulations or wished to engage in prohibited conduct. . . . . Furthermore, all of the plaintiffs previously allowed in other cases to proceed anonymously were challenging the constitutional, statutory or regulatory validity of government activity.")

forfeiture litigation so that the class members may retain their Fifth Amendment rights against self-incrimination.

i.   Whether the deadlines for filing claims in any judicial forfeiture proceedings instituted by the Defendant government against the class members' personal property should be extended or stayed pending the Court's determinations as to whether the searches and seizures violated the Fourth Amendment and whether the class members may file claims using a pseudonym.

j.   Whether discovery in any judicial forfeiture proceedings instituted by the Defendant government against the class members' personal property should be stayed pending the Court's determinations as to whether the searches and seizures violated the Fourth Amendment.

20.   This action is properly maintainable as a class action because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class.

21.   This action also is properly maintainable as a class action because the Defendants have acted or refused to act on grounds generally applicable to the class, and such conduct is likely to reoccur against Plaintiffs and the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

SPECIFIC ACTS GIVING RISE TO THIS ACTION

**Safe deposit security features offered by USPV**

22.   Since 2011, USPV has operated a facility offering private safe deposit boxes for rent to the public at 9182 West Olympic Boulevard in Beverly Hills, and houses several hundred safe deposit boxes of varying sizes, each secured by its own lock and key.   USPV has marketed the safe deposit services to the general public. *See*, https://www.usprivatevaults.com/uspv-vs-bank-safe-deposit-box.

7

23.     USPV leases these boxes to the public under yearly leases and provides security and insurance for their contents.   USPV does not keep a key to any rented boxes, which means that the only person with the ability to open the box is the renter or the renter's authorized designee.

24.     According to USPV's website, it:

- has been operating in Beverly Hills since 2011;
- provides several advantages that are unavailable at bank safety deposit boxes;
- insures its boxes (up to $500,000/box), a service banks do not offer.
- does not hold keys to their clients' boxes; banks keep a key;
- is not subject to federal banking rules that could mandate "bank holidays" or a suspension of withdrawals in case of an economic crisis;
- provides box access in much less time than at a bank, "in 5 minutes;"
- is not subject to probate lock out upon the death of the box owner;
- offers a wider selection of box sizes than do banks.

25.     Security at USPV is handled by ADT, a publicly traded security company which has over $5 billion in revenue and operates "the largest network of security professionals in the United States."

26.     USPV provides several enhanced privacy and security features to protect against the theft of personal identifying information, including: a) customers are identified by encrypted biometric information in the form of an iris scan; b) USPV does not maintain keys to its customers' safe deposit boxes, who access their boxes through iris scan or biometric hand geometry scan; c) 24/7 video monitoring at ADT's central station, as well as motion detectors, heat sensors, and other sophisticated security measures to detect the presence of intruders after regular business hours.

8

**The government seized Plaintiff class**

**representatives' property from USPV boxes**

27.     Each of the Plaintiff class representatives and the class members rents a safe deposit box at USPV, was provided keys to their personal box, and maintains and has maintained exclusive control over their box and/or ownership of the contents of the box since in and before March 2021.  Plaintiffs have never defaulted on their box lease payments.

28.     Each of Plaintiffs and the class members store and have stored valuable personal property and/or currency in their box, none of which is contraband.

29.     The personal property of Plaintiffs and the class members was stored in their boxes when, in March 2021, the Defendant government searched the premises of USPV along with all of the class members' individual boxes.

30.     Plaintiffs and the class members are informed and believe the Defendant government has conducted a search of each of their individual boxes and seized all of the contents of their boxes without particularized probable cause.

31.     The Defendant government has denied Plaintiffs and the class members access to their boxes and their personal property.

32.     In addition to searching and seizing their property without particularized probable cause, Plaintiffs are informed and believe the Defendant government intends to criminally investigate each of them if their identities are revealed to the government.

33.     The Defendant government also has taken the position that if a box holder identifies themself, then the government will investigate that class member to determine how they obtained the contents of the box and whether they are lawful owners of the property in the box, an unconstitutional "fishing expedition."

34.     The harms suffered by Plaintiffs and the class members are directly traceable to the government's violation of the law, and there is a likelihood of repetition of such harm to Plaintiff and the class members in the immediate future if the

government maintains control of the class members' property and forces them to identify themselves.

### FIRST CAUSE OF ACTION

**(Administrative Procedures Act, 5 U.S.C. §701 *et seq.*,)**

**U.S. Constitution, Fourth and Fifth Amendment,**

**For a Preliminary and Permanent  Injunction and/or**

**Declaratory Relief ordering the government to return Class**

**members' property seized without particularized probable cause**

35.    Plaintiff herein incorporates by reference the acts and omissions described in Paragraphs 1-34, above.

36.    Because of the above-mentioned acts and omissions, Defendants have violated the Fourth and Fifth Amendment rights of Plaintiffs, and the rights of all other persons similarly situated, in that Defendants acted and/or failed to act in their official capacity and/or under legal authority, by improperly opening and/or searching the safe deposit boxes of Plaintiffs and the class members and seizing and/or holding their property without particularized probable cause.

37.    Because of these afore-mentioned acts, and pursuant to the Administrative Procedures Act, 5 U.S.C. §701 *et seq.*, through which the Defendants have acted to conduct the above-referenced illegal searches and seizures of the property of Plaintiff and the class members, the Defendant government should be ordered to return their property forthwith.

### SECOND CAUSE OF ACTION

**Fed.R.Crim.P. 41(g), ordering the government to return**

**Class members' property seized without particularized probable cause**

**and allowing class members to remain anonymous**

**in seeking return of their property**

38.    Plaintiff herein incorporates by reference the acts and omissions described

10

in Paragraphs 1-37, above.

39.    Because of the above-mentioned acts and omissions, Defendants have violated the Fourth and Fifth Amendment rights of Plaintiffs, and the rights of all other persons similarly situated, in that Defendants acted and/or failed to act in their official capacity and/or under legal authority, by improperly opening and/or searching the safe deposit boxes of Plaintiffs and the class members and seizing and holding their property without particularized probable cause.

40.    Because of these afore-mentioned acts, and pursuant to the Administrative Procedures Act, 5 U.S.C. §701 *et seq.*, through which the Defendants have acted to conduct the above-referenced illegal searches and seizures of the property of Plaintiff and the class members, the Defendant government should be ordered to return their property forthwith, and also allow Plaintiffs and the class members to seek return of their property using a pseudonym such as "Doe."

41.    Alternatively, Plaintiffs request the Court to appoint a special master to administer class member claims seeking return of their property and/or to allow class members to file their claims under seal so they may remain anonymous to law enforcement, thereby preserving their Fifth Amendment rights.    Fed.R.Civ.P. 53(a)(1)(C).

**THIRD CAUSE OF ACTION**

**(Administrative Procedures Act, 5 U.S.C. §701 *et seq.*;**

**U.S. Constitution, Fifth Amendment Due Process Clause)**

**For an injunction and/or declaratory relief ordering**

**Defendants to allow Plaintiff and class members**

**to file claims to their property using a pseudonym, or**

**that the Court appoint a special master to administer claims**

42.    Plaintiff herein incorporates by reference the acts and omissions described in Paragraphs 1-41, above.

11

43.     Because of the above-mentioned acts and omissions, Defendants have violated the rights of Plaintiffs, and the rights of all other persons similarly situated, in that Defendants acted and/or failed to act in their official capacity and/or under legal authority, by seizing and holding their property without particularized probable cause, and by demanding that class members identify themselves by name to seek return of their property.

44.     Because of these aforementioned acts, and pursuant to the Administrative Procedures Act, 5 U.S.C. §701 *et seq.* and the U.S. Constitution, Fifth Amendment Due Process Clause, the Defendants should be ordered to allow, and not prohibit, class member holders of USPV safe deposit boxes to file claims to their property, including administrative and judicial forfeiture claims pursuant to 18 U.S.C. §983, using a pseudonym to identify themselves.

45.     Alternatively, Plaintiffs request the Court to appoint a special master to administer class members claims seeking return of their property and/or allow class members file their claims under seal so as to them to remain anonymous to law enforcement.

**FOURTH CAUSE OF ACTION**

**(Administrative Procedures Act, 5 U.S.C. §701 *et seq.*;**

**U.S. Constitution, Fifth Amendment Due Process Clause)**

**To stay the deadlines for class members to file administrative**

**and/or judicial forfeiture claims pursuant to 18 U.S.C. §983**

**and stay civil discovery until Plaintiffs' Fourth**

**and Fifth Amendment challenges are determined**

46.     Plaintiff herein incorporates by reference the acts and omissions described in Paragraphs 1-45, above.

47.     Because of the above-mentioned acts and omissions, the Defendants have violated the rights of Plaintiffs, and the rights of all other persons similarly situated, in

that Defendants acted and/or failed to act in its official capacity and/or under legal authority, by opening and/or searching class members' safe deposit boxes without particularized probable cause and then requiring class members to come forward and identify themselves in administrative and judicial civil forfeiture proceedings before their Fourth and Fifth Amendment challenges of the searches and seizures are determined.

48.   Because of these afore-mentioned acts, and pursuant to the Administrative Procedures Act, 5 U.S.C. §701 *et seq.* and the U.S. Constitution, Fourth Amendment and Fifth Amendment Due Process Clause, the Court should stay the deadlines for class members to file administrative and/or judicial forfeiture claims pursuant to 18 U.S.C. §983 and stay civil discovery until Plaintiffs' Fourth and Fifth Amendment challenges to the box searches and property seizures are determined.

## FIFTH CAUSE OF ACTION

### (Administrative Procedures Act, 5 U.S.C. §701 *et seq.*;

### U.S. Constitution, Fifth Amendment Due Process Clause)

### To enjoin spoliation of evidence

49.    Plaintiff herein incorporates by reference the acts and omissions described in Paragraphs 1-48, above.

50.   Because of the above-mentioned acts and omissions, the Defendants have violated the rights of Plaintiffs, and the rights of all other persons similarly situated, in that Defendants acted and/or failed to act in its official capacity and/or under legal authority, by opening and/or searching class members' safe deposit boxes without particularized probable cause and then requiring class members to come forward and identify themselves in administrative and judicial civil forfeiture proceedings before their Fourth and Fifth Amendment challenges of the searches and seizures are determined.

51.   Because of these afore-mentioned acts, and pursuant to the Administrative Procedures Act, 5 U.S.C. §701 *et seq.* and the U.S. Constitution, Fourth Amendment and Fifth Amendment Due Process Clause, the Court should enjoin the government from

destroying and/or disposing of the safe deposit box nests and individual safe deposit boxes, so as to allow access to the boxes using the box holders' keys issued by USPV, and to establish their ownership of the personal property therein, and depositing into a financial institution any currency seized from the boxes, so that Plaintiffs and class members can have the currency scientifically tested.

## BASIS FOR DECLARATORY AND INJUNCTIVE RELIEF

52.     An actual controversy has arisen and now exists between Plaintiff and the Defendants in that Plaintiff contends, and the Defendants deny, that searches of their individual USPV safe deposit boxes and seizure of their personal property were conducted without particularized probable cause and in violation of the Fourth Amendment.

53.     Defendants also have failed and refused to return the property that was seized, in violation of federal law.

54.     Defendants' continuing wrongful conduct against Plaintiffs and class members, unless and until enjoined and restrained by order of this Court, will cause great and irreparable harm, in that the Defendants will continue to wrongfully deprive class members of their property.

55.     Plaintiff and present and future class members have no adequate remedy at law for the harm that has been inflicted and that continues to be threatened, in that the federal remedies for aggrieved persons to claim their property are inadequate and ineffective because the class members must identify themselves to the government and risk criminal investigation and prosecution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, and all others similarly situated, pray for the following relief:

a.     That the Court certify this action as a class action;

b.     That judgment be entered on behalf of all class members and against the

Defendants, ordering them to return class members' property forthwith;

c.      That a preliminary and permanent injunction be entered on behalf of all class members and against the Defendants, ordering them to allow class members to file claims (including administrative and/or  civil judicial forfeiture claims) seeking return of their personal property using a pseudonym to identify themselves;

d.      Alternatively, Plaintiffs request the Court to appoint a special master to administer class members claims seeking return of their property and/or allow class members file their claims under seal with the Court so as to them to remain anonymous to law enforcement;

e.      That a preliminary and permanent injunction be entered on behalf of all class members and against the Defendants, ordering that the deadlines for filing claims in administrative and judicial forfeiture proceedings instituted by the Defendant government against the class members' personal property pursuant to 18 U.S.C. §983 be extended and/or temporarily suspended or stayed pending the Court's determinations as to whether the searches of their boxes and seizures of their property violated the Fourth and/or Fifth Amendment.

f.      That a preliminary and permanent injunction be entered on behalf of all class members and against the Defendants, ordering that discovery in judicial forfeiture proceedings instituted by the Defendant government against the class members' personal property pursuant to 18 U.S.C. §983 be stayed pending the Court's determinations as to whether the searches of their boxes and seizures of their property violated the Fourth and/or Fifth Amendment.

g.      That a preliminary and permanent injunction be entered on behalf of all class members and against the Defendants, ordering that the government be enjoined from destroying and/or disposing of the safe deposit box nests and individual safe deposit boxes, so as to allow access to the boxes using the box holders' keys issued by USPV to assist in establishing their ownership of the personal property therein, and be

15

enjoined from depositing into a financial institution any currency seized from the boxes, so that Plaintiffs and class members can first have the currency scientifically tested.

h.     That Plaintiff and the class members be awarded their costs and reasonable attorneys' fees in this action, pursuant to 28 U.S.C. §2412, or as otherwise authorized by law and/or equity;

i.     For disgorgement of all interest actually or constructively accrued on all currency during the time the currency was in the possession of Defendants;

j.     For a trial by jury; and

k.     All other necessary, proper and appropriate legal and equitable relief.

Dated: April 15, 2021          Respectfully submitted,

                               LAW OFFICE OF ERIC HONIG
                               A Professional Law Corporation

                               RICHARD M. BARNETT

                               ERIC D. SHEVIN

                               CHERNIS LAW GROUP P.C.

                               PAUL L. GABBERT

                               /s/
                               _____
                               ERIC HONIG
                               Attorneys for  Plaintiffs and the Class

16

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiffs hereby demand a trial by jury for all claims and causes of action

3 to which they are entitled to a jury trial.

4

5 Dated:  April 15, 2021          Respectfully submitted,

6                                LAW OFFICE OF ERIC HONIG
                                 A Professional Law Corporation
7
                                 RICHARD M. BARNETT
8                                A Professional Law Corporation

9                                ERIC D. SHEVIN
                                 Shevin Law Group
10
                                 CHERNIS LAW GROUP P.C.
11

12                               /s/ Eric Honig

13                               _____
                                 ERIC HONIG
14                               Attorneys for  Plaintiffs and the Class

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                         17