1
2
3
4
5
6
7
8

### UNITED STATES DISTRICT COURT

9

### CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 DOES 1, et al. | CASE NO. |
| 12       Plaintiff(s), | 2:21−cv−03254−RGK−MAR |
| 13    v. | |
| 14 UNITED STATES OF AMERICA, et al. | **STANDING ORDER REGARDING NEWLY ASSIGNED CASES** |
| 15       Defendant(s). | |

16
17
18

19

### READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE.

20     This action has been assigned to the calendar of Judge R. Gary Klausner. The

21 responsibility for the progress of litigation in the Federal Courts falls not only upon

22 the attorneys in the action, but upon the Court as well. "To secure the just, speedy,

23 and inexpensive determination of every action," Federal Rule of Civil Procedure 1,

24 all counsel are hereby ordered to familiarize themselves with the Federal Rules of

25 Civil Procedure, particularly Federal Rules of Civil Procedure 16, 26, the Local

26 Rules of the Central District of California (available on the Court's website at

27 www.cacd.uscourts.gov), this Court's Order for Jury Trial, and this Court's Order

28 for Court Trial.

**UNLESS OTHERWISE ORDERED BY THE COURT, THE FOLLOWING RULES SHALL APPLY:**

**1.   Service of the Complaint.**  The Plaintiff(s) shall promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule. Any Defendant(s) not timely served shall be dismissed from the action without prejudice. Any "DOE" or fictitiously-named Defendant(s) who is not identified and served within 90 days after the case is filed shall be dismissed pursuant to Federal Rule of Civil Procedure 4(m). Proof of service of the summons and complaint shall be filed within 5 days of service of said documents.

**2.   Removed Actions.**   Any answers filed in state court must be refiled in this Court as a supplement to the petition. Any pending motions must be re-noticed in accordance with Local Rules. If an action is removed to this Court that contains a form pleading, i.e., a pleading in which boxes are checked, the party or parties utilizing the form pleading must file an appropriate pleading with this Court within thirty (30) days of receipt of the Notice of Removal. The appropriate pleading referred to must comply with the requirements of Federal Rules of Civil Procedure, Rules 7, 7.1, 8, 9, 10 and 11.

**3.   Petitions under 18 U.S.C. Section 983(f).**  Petitioner(s) shall file and serve within 3 days of the date of this order an ex parte application requesting a hearing on the Petition to ensure prompt resolution of the Petition in compliance with section 983(f)'s deadlines.

**4.   Presence of Lead Counsel.**  The attorney attending any proceeding before this Court, including all status and settlement conferences, must be the lead trial counsel.

**5.   Discovery.**  All discovery matters have been referred to a United States Magistrate Judge to hear all discovery disputes. (The Magistrate Judge's initials ///

follow the Judge's initials next to the case number.) All documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing. Please do <u>not</u> deliver courtesy copies of these papers to this Court.

The decision of the Magistrate Judge shall be final, subject to modification by the District court only where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law. Any party may file and serve a motion for review and reconsideration before this Court. The moving party must file and serve the motion within ten (10) days of service of a written ruling or within ten (10) days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling. The motion must specify which portions of the text are clearly erroneous or contrary to law, and the claim must be supported by points and authorities. Counsel shall deliver a conformed copy of the moving papers and responses to the Magistrate Judge's clerk at the time of filing.

**6.   <u>Motions</u>.**  Motions shall be filed and set for hearing in accordance with Local Rule 6-1, except that this Court hears motions on Mondays commencing at 9:00 a.m. If Monday is a national holiday, this Court will hear motions on the succeeding Tuesday. If the date the motion was noticed for hearing is not available, the Court will issue a minute order resetting the date. Any opposition or reply papers due on a holiday are due the **<u>preceding</u>** Friday, not the following Tuesday. **Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 20 pages. Replies shall not exceed 10 pages**. Only in rare instances and for good cause shown will the Court agree to extend these page limitations. Pursuant to Local Rule 11-3.1.1, either a proportionally spaced or monospaced font may be used. A proportionally spaced font must be 14-point or larger, or as the Court may otherwise order. A monospaced font may not contain more than 10½ characters per inch.

**Motions, Oppositions, and Replies shall be electronically filed only. With the exception of physical exhibits, all documents supporting the motion, opposition, or reply (e.g., declarations, exhibits, statements of undisputed or disputed facts, judicial notices) shall also be electronically filed only, and filed as attachments to the corresponding brief. Furthermore, each supporting document shall be filed as an individual attachment, such that each document can be accessed by its own individual link. Each attachment shall be designated by the title of the document.**

*Example (Docket Entry for Defendant's Notice of Motion and Motion for Summary Judgment):*

**Document Selection Menu**

Select the document you wish to view.

**Document Number**: <u>100</u>      23 pages             150 kb

| **Attachment** | **Description** | | |
|---|---|---|---|
| <u>1</u> | Separate Statement of Undisputed Facts | 10 pages | 50 kb |
| <u>2</u> | Declaration of Bob Smith | 4 pages | 30 kb |
| <u>3</u> | Exhibit A - Purchase Agreement | 5 pages | 1.2 mb |
| <u>4</u> | Exhibit B - Jones Deposition | 10 pages | 0.9 mb |
| <u>5</u> | Exhibit C - Thomas Declaration | 3 pages | 23 kb |
| <u>6</u> | Proposed Order | 2 pages | 20 kb |

**Within the parties' briefs, any reference to information or evidence contained in the supporting documents shall contain the documents' location in the citation**.

*Example: Plaintiff and Defendant executed the Purchase Agreement on January 2, 2010. (Purchase Agreement, Smith Decl., Ex. A at p.5.)*

///

///

Motions for Summary Judgment:  Without prior permission from the Court, no party may file more than one motion pursuant to Fed.R.Civ. P. 56 regardless of whether such motion is denominated as a motion for summary judgment or summary adjudication.

Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6):  Where a defendant has filed a Rule 12(b)(6) motion, and in lieu of filing an opposition, if the plaintiff intends to file an amended complaint, the plaintiff shall file either the Amended Complaint or a Notice of Intent to File Amended Complaint prior to the date on which the other than opposition is due. Failure to do so may result in sanctions.

**7.** **Motion for Class Certification**.  For any action purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995, the plaintiffs must file a Motion for Class Certification no later than 90 days from the date the complaint was served, unless showing of good cause has been made.

**8.** **Proposed Orders**.  Each party filing or opposing a motion or seeking the determination of any matter (*e.g.*, ex parte applications, stipulations, and general requests) shall electronically file and lodge a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations.

**9.** **Preparation of Documents/PDF**.  Counsel shall adhere to Local Rule 5-4.3.1 with respect to the conversion of all documents to a PDF so that when a document is electronically filed, it is in the proper size and format that is **PDF searchable**.

**10.** **Telephonic Hearings**.   The Court does not permit appearances or arguments by way of telephone conference calls.

**11.** **Ex Parte Applications**.  The Court considers ex parte applications on the papers and does not usually set these matters for hearing. If a hearing is necessary, the parties will be notified. Ex parte applications are solely for

extraordinary relief and should be used with discretion. Sanctions may be imposed for misuse of ex parte applications. <u>See</u> <u>Mission Power Engineering Co. v. Continental Casualty Co.</u>, 883 F.Supp. 488 (C.D. Cal. 1995).

Counsel's attention is directed to the Local Rules. The moving party shall serve the opposing party and shall notify the opposition that opposing papers must be filed not later than 3:00 p.m. on the first business day following service. If counsel does not intend to oppose an ex parte application, he or she must inform the Courtroom Deputy Clerk at (213) 894-2649.

**12.** **<u>Continuances</u>**.  This Court has a strong interest in keeping scheduled dates certain. Changes in dates are disfavored. Trial dates set by the Court are firm and will rarely be changed. Therefore, a stipulation to continue the date of any matter before this Court **<u>must</u>** be supported by a sufficient basis that demonstrates good cause why the change in the date is essential. Without such compelling factual support, stipulations continuing dates set by this Court will not be approved. Counsel requesting a continuance must file a stipulation and lodge a proposed order including a **<u>detailed</u>** declaration of the grounds for the requested continuance or extension of time. <u>See</u> Local Rules. Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties. Proposed stipulations extending scheduling dates do not become effective unless and until this Court so orders. Counsel wishing to know whether a stipulation has been signed shall comply with the applicable Local Rule.

**13.** **<u>Communications with Chambers</u>**.  Counsel shall not attempt to contact the Court or its staff by telephone or by any other ex parte means. Counsel may contact the Courtroom Deputy Clerk with <u>appropriate</u> inquiries only. Counsel shall not contact the Courtroom Deputy regarding status of ruling on motions, ex parte applications or stipulations. Counsel shall not contact the Court to ask if a matter is going forward. Notice will be given if the matter is taken off calendar.

///

**14.   Order Setting Scheduling Conference**.  Pursuant to Federal Rule of Civil Procedure 16(b), the Court will issue an Order setting a Scheduling Conference as required by Federal Rule of Civil Procedure 26 and the Local Rules of this Court. Strict compliance with Federal Rules of Civil Procedure 16 and 26 is required.

**15.   Notice of this Order**.  Counsel for plaintiff or plaintiff (if appearing on his or her own behalf) shall immediately serve this Order on all parties, including any new parties to the action. If this case came to the Court by a Petition for Removal, the removing defendant(s) shall serve this Order on all other parties.

**16.   Courtesy Copies**.  Chambers copies shall be delivered to and placed in the Judge's courtesy box, located outside of the Clerk's office, on the 12th floor of the Roybal Federal Building, 255 East Temple Street, Los Angeles, by 5:00 p.m. on the first court date after the filing date. Courtesy copies to be provided as follows:

**Civil matters:**

Motions and related documents (oppositions, replies, exhibits); *Ex parte* applications and related documents (oppositions and exhibits); Joint Rule 26(f) reports; and All pretrial documents. All exhibits, declarations, etc. to chambers copies must be tabbed, where applicable. Blue-backs and hole punches are not required. Chambers copies of under seal documents shall all be placed together in a manila envelope labeled "UNDER SEAL."

**Criminal matters:**

Motions and related documents and exhibits; Plea agreement(s); Sentencing memoranda; and Objections to the presentence investigation report. All exhibits, declarations, etc. to chambers copies must be tabbed, where applicable. Blue-backs and hole punches are not required. Chambers copies of under seal documents shall all be placed together in a manila envelope labeled "UNDER SEAL."

///

///

17. **Applications to File Documents Under Seal**.  For detailed instructions and information on the procedures for filing documents under seal, please refer to Local Rule 79-5 *Confidential Court Records - Under Seal*. With regard to Under-seal Documents in Non-sealed Civil Cases (L.R. 79-5.2.2), the filing party shall not provide a chambers or courtesy copy of the Application or any associated documents. Please bear in mind that all applications must (1) indicate which portions of the documents to be filed under seal are confidential; and (2) provide reason(s) as to why the parties' interest to file the document(s) under seal outweighs the public's right to access. If a party submits an application to file under seal pursuant to a protective order only (i.e., no other reason is given), **the Court will automatically deny the application** if the party designating the material as confidential does not file a declaration pursuant to L.R. 79-5.2.2(b)(i). This declaration shall be entitled: "DESIGNATING PARTY'S DECLARATION IN SUPPORT OF APPLICATION TO FILE UNDER SEAL PURSUANT TO PROTECTIVE ORDER".

**IT IS SO ORDERED.**

DATED: April 21, 2021

_____

R. Gary Klausner
United States District Judge