Eric Honig (CSBN 140765)
LAW OFFICE OF ERIC HONIG
A Professional Law Corporation
P.O. Box 10327
Marina del Rey, CA 90295
erichonig@aol.com
Telephone:  (310) 699-8051
Fax:  (310) 943-2220

ERIC D. SHEVIN (CSBN 160103)
Shevin Law Group
15260 Ventura Boulevard, Suite 1400
Sherman Oaks, California  91403
eric@shevinlaw.com
tel. 818-784-2700
fax 818-784-2411

RICHARD M. BARNETT (CSBN 65132)
A Professional Law Corporation
105 West F Street, 4th Floor
San Diego, CA 92101
richardmbarnett@gmail.com
Telephone: (619) 231-1182
Facsimile: (619) 233-3221

PAUL L. GABBERT (CSBN 74430)
2530 Wilshire Boulevard
Second Floor
Santa Monica, CA 90403
plgabbert@aol.com
Telephone: 424 272-9575
Facsimile: 310 829-2148

Michael S. Chernis  (CSBN 259319)
CHERNIS LAW GROUP P.C.
Santa Monica Water Garden
2425 Olympic Blvd.
Suite 4000-W
Santa Monica, CA 90404
Michael@chernislaw.com
Tel:  (310) 566-4388
Fax: (310) 382-2541

Devin J. Burstein (CSBN 255389)
Warren & Burstein
501 West Broadway, Suite 240
San Diego, California 92101
db@wabulaw.com
Telephone: (619) 234-4433

Attorneys for Plaintiffs Does 1-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DOES 1-6, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,  and MERRICK  GARLAND, in his official capacity  as  United  States  Attorney General,<br><br>Defendants. | No.: 2:21-cv-03254-RGK-MAR<br><br>**EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER; DECLARATION; EXHIBITS** |

1
2
3
4
5
6
7
8
9
10
11
12

     PLEASE TAKE NOTICE that Class Representative Plaintiffs DOES 1-6

("Plaintiffs"), on behalf of themselves and all others similarly situated, pursuant to

Local Rule 7-19 hereby apply to the Court for a temporary restraining order for

injunctive relief in support of their Class Action Complaint.  Counsel of record in this

case for Defendants are Andrew Brown, Assistant U.S. Attorney, Major Frauds

Section, 1100 United States Courthouse, 312 North Spring Street, Los Angeles, CA

90012, (213) 894-0102, Fax: (213) 894-6269, andrew.brown@usdoj.gov, and

Maxwell K. Coll, Assistant U.S. Attorney Office of US Attorney, Criminal Division -

US Courthouse, 312 North Spring Street Suite 1200, Los Angeles, CA 90012,

213-894-1785. Fax: 213-894-0141, Email: maxwell.coll@usdoj.gov.

13
14
15
16
17

     Plaintiffs spoke with Mr. Brown by telephone on June 1, 2021 and informed

him of the grounds for this application.  Mr. Brown stated that the government would

oppose.  Mr. Brown and Mr. Coll are counsel of record on the Court's ECF system,

so they will be served with this TRO application immediately after filing.

18  Dated: June 2, 2021          Respectfully submitted,

19
20
21
22
23

LAW OFFICE OF ERIC HONIG
A Professional Law Corporation
RICHARD M. BARNETT
ERIC D. SHEVIN
CHERNIS LAW GROUP P.C.
PAUL L. GABBERT
DEVIN BURSTEIN

24
25

/s/  *Eric Honig*

26
27

_____
ERIC HONIG
Attorneys for  Plaintiffs and the Class

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.  INTRODUCTION

Circumstances have changed.  After the Court ruled on Plaintiffs' prior TRO request, the government began administrative civil forfeiture proceedings against the class members' property.  As a result, Plaintiffs and putative class members are now in the untenable position of having to choose between their Fifth Amendment rights or losing their personal property.  *See Simmons v. United States*, 390 U.S. 377, 394 (1968) ("we find it intolerable that one constitutional right should have to be surrendered in order to assert another.").  This Court's intervention is required.

Plaintiffs merely ask that, at least for the administrative forfeiture proceedings, they be permitted to proceed pseudonymously. That is the only way to safeguard their Fifth Amendments rights, and those of the other prospective class members. *See Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir. 2000) ("pseudonyms are specifically allowed when the anonymous party would otherwise "risk[] criminal prosecution."").

Accordingly, Plaintiffs ask the Court to grant a TRO directing the government to accept pseudonymous property claims, and/or to appoint a special master to handle the receipt and administration of such claims filed in the box holders' given names, but not disclose their identities to the government..

## II.  RELEVANT FACTS

The Court is familiar with this background of the case. Thus, Plaintiffs turn directly to the changed circumstances. The FBI has instituted administrative civil

1

forfeiture proceedings against the property of Plaintiffs and the putative class members that was held in the seized safe deposit boxes. See Exhibit A, Notice of Seizure and Initiation of Administrative Forfeiture Proceedings (including Plaintiffs' box numbers 5006, 6710, 4300, 400, and 40).[1]

According to the FBI, Plaintiffs and the class members have only until June 24, 2021 to file a claim with the FBI contesting forfeiture of their property. *Id*., ¶II.A, II.B, and II.I.  Citing to 18 U.S.C.§983(a)(2)(C) and 28 U.S.C. §1746, the Notice states that a claim must only 1) be filed in writing, 2) describe the seized property, 3) state the ownership or other interest of the claimant, and 4) be made under oath, subject to penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury. *Id*., ¶II.C.  The Notice also states that filing of a timely claim stops the administrative forfeiture proceeding, and that the seizing agency (FBI) will forward the claim to the U.S. Attorney's Office for further proceedings. Id., ¶II.G.  Thus, Plaintiffs and class members must now decide between filing claims with the FBI or lose their property to government forfeiture.

### III.  LEGAL STANDARD

The Court set out the standard for issuance of a TRO in its previous Order dated April 22, 2021.  ECF 23, p. 3.  Plaintiffs will not repeat it here.

Instead, the point of law most relevant to this application is simple: Federal courts have jurisdiction over the FBI's administrative forfeiture proceedings  to

---

[1]  Plaintiffs, who presumably remain anonymous to the FBI, only learned of the Notice of Seizure indirectly; the notice was not served on them or their counsel by the government. Declaration of Eric Honig, ¶6.

review whether an administrative forfeiture satisfied statutory and due process requirements." *United States  v. McGlory*, 202 F.3d 664, 670 (3d Cir. 2000), *citing United States v. Woodall*, 12 F.3d 791, 793 (8th Cir.1993) (citing cases); see also, *Longenette v. Krusing*, 322 F.3d 758, 760 (3d Cir. 2003) ("We have jurisdiction to review administrative forfeitures for constitutional infringements or procedural errors."); *United States (Drug Enforcement Agency) v. One 1987 Jeep Wrangler Auto. VIN No. 2BCCL8132HBS12835*, 972 F.2d 472, 480 (2d Cir. 1992)(once the Notice of Claim was received, the government could not arbitrarily decide it was not in response to the current seizure; "[t]o do so, as they did, defeats the procedural protections of the statute allowing for an opportunity to be heard."); *see also Scarabin v. Drug Enforcement Admin*., 919 F.2d 337 (5th Cir.1990).

Thus, this Court's power to grant the requested TRO is beyond dispute.

## IV.  DISCUSSION

In their Class Action Complaint, Plaintiffs seek injunctive and/or declaratory relief to allow them to file administrative claims to their property using a pseudonym to identify themselves, or, in the alternative, an order appointing a special master to administer claims filed in their own names (out of the purview of the defendant government).  ECF 1, ¶¶44-45; Prayer for Relief, ¶¶c and d.

To contest the administrative forfeiture of the property, a property owner must file a claim with the FBI not later than the deadline set forth in a personal notice letter (not later than 35 days after the date the letter is mailed), except if that letter is not received, then a claim may be filed not later than 30 days after the date of final

3

1    publication of notice of seizure.   If a box holder files an administrative claim, then

2    the government must file a judicial civil forfeiture action within 90 days after the

3    claim contesting forfeiture is submitted to the seizing agency or else return the

4    property. 18 U.S.C. § 983(a)(3)(A) and (B).

5

6

7    **The forfeiture statute does not require property owners to use their given**
     **names when filing an administrative claim.**

8

9        As a matter of law, An administrative forfeiture claim need only 1) identify

10   the specific property being claimed, 2) state the claimant's interest in the property;

11   and 3) be made under oath, subject to penalty of perjury or meet the requirements of

12   an unsworn statement under penalty of perjury.  18 U.S.C. §983(a)(2)(C); see also

13   Exhibit B, ¶II.C.[2]

14

15   **Therefore, neither the forfeiture statute nor the FBI's own seizure notice**

16   **require a claimant to identify themselves by their given name**.  Accordingly, a

17   property owner may file an administrative forfeiture claim with the FBI using a

18

19   pseudonym such as "John Doe."[3]

20

21

22       [2]  For those claimants who do not wish to "swear" in their declaration under
     penalty of perjury, they can file their claim pursuant to 28 U.S.C. §1746 (wherever,
23   under any law of the United States, any matter is required to be supported by a sworn
     declaration in writing of the person making the same, such matter may be supported by
24   the unsworn declaration of such person under penalty of perjury, i.e., they may state "I
     declare (or certify, verify, or state) under penalty of perjury under the laws of the United
25   States of America that the foregoing is true and correct.").

26       [3]  To maintain their anonymity throughout the administrative claims process (at
     least through the government's filing of a judicial civil forfeiture complaint), a Doe
27   claimant can file their claim through an attorney, and/or use a post office box as their

28                                              4

The government, however, has told Plaintiffs it will oppose such pseudonymous administrative filings. The parties are now at an impasse. Only this Court can intercede by directing the government to accept, at least for now in the administrative stage of the civil forfeiture proceedings, the pseudonymous claims.

To this end, it is important to highlight that the government's opposition to Plaintiffs' initial application for a TRO cited no grounds for its opposition to box holders' use of pseudonyms at the **administrative** stage of the proceedings. Nor do such grounds exist. By sending out the Notice of Seizure, the government already has made the decision to seek forfeiture **without needing to know the identity of the currently anonymous safe deposit box holders**. This action proves Plaintffs' point.

Moreover, civil forfeiture cases are *in rem* and filed against the property, not the person, so the government does not need to know the identity of the property owner before it files a judicial complaint for forfeiture. *United States v. Ursery,* 518 U.S. 267, 283 (1996)(in an *in rem* forfeiture proceeding, it is the property which is proceeded against, and by resort to a legal fiction, held guilty and condemned); *see also, e.g.*, Exhibit B, Verified Complaint for Forfeiture (redacted) in *U.S. v. $599,600.00* at 3:15-17 (the government filed a complaint and alleged that seized currency was subject to forfeiture although the person found in possession of it **could not identify the owner**).

On the other hand, the Constitutional rights of the Plaintiff safe deposit box

---

contact address.

holders, in the absence of the requested preliminary relief, will be irreparably harmed if they must forgo their Fifth Amendment rights and expose themselves to a potential criminal investigation, which the government has promised it will conduct if it learns the box holders' names. ECF 16, 16:6-8 ("[T]he government will conduct criminal investigations where it has reason to believe that serious offenses have been committed...."). Plaintiffs cannot be compelled to aid the government in criminally investigating themselves. *See Doe v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000)(the Fifth Amendment privilege against self-incrimination "can be asserted in any proceeding, be it civil, criminal, administrative, judicial, investigative or adjudicatory."). Thus, Plaintiffs satisfy the factors required for a TRO.

First, they have shown a likelihood of success on the merits; the forfeiture statute on its face does not require a person to use his given name (as opposed to a pseudonym) when filing an administrative claim with the seizing agency (the FBI here). Thus, the government has no legal basis to reject administrative claims filed with a pseudonym.

Second, Plaintiffs have shown a likelihood of irreparable harm to them if they are forced to identify themselves in the administrative proceedings, since the government has made it clear that it intends to criminally investigate the Plaintiffs because currency was stored in their boxes.[4] *See Melendres v. Arpaio*, 695

---

[4] *See* ECF 16, Declaration of SA Justin Palmerton, p. 24, ¶5 ("[B]oxes containing items normally stored in a safety deposit box – important papers and jewelry, for example – are not criminally investigated. Conversely, boxes containing suspiciously large sums of cash to which drug detecting dogs alert will be."). Also, "[a]ccording to the FBI's records, the boxes claimed by the plaintiffs Does 1-6 all contained cash . . . .

F.3d 990, 1002 (9th Cir. 2012)( "[T]he deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'").

Third, the balance of equities tips in favor of Plaintiffs.  At this stage, the government will not be harmed by a pseudonymous administrative claim.  The government has already made its own (non-judicial) determination that there was probable cause to seize and forfeit Plaintiffs' property – evidenced by its decision to seize the property for forfeiture and serve the Notice of Seizure without knowing Plaintiffs' identities.  Further, as shown above, the government does not need to know the name of the owner of the seized property for it to prepare and file a civil forfeiture complaint.[5]

Finally, a TRO is in the public interest, since  "it is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres v. Arpaio*, 695 at 1002 (citation and internal quotation marks omitted).  "When the agency stands at the hearing room door and arbitrarily denies access thereto, a clear violation of due process is made out." *One 1987 Jeep Wrangler Auto*., 972 F.2d at 482.

Accordingly, Plaintiffs request the Court to temporarily restrain the Defendant government, including the FBI, from rejecting administrative forfeiture claims that are filed with the FBI using a pseudonym.  Alternatively, Plaintiffs request the Court

---

[and] Drug detecting dogs alerted to most of the stashes of cash, but not all." *Id*., p. 23, ¶4.

[5] Even after an administrative claim is filed, the government has an additional 90 days to continue its investigation before it must file a complaint or return the property. During that time, the government can continue to conduct its investigation, a process with which Plaintiffs are not seeking to interfere.

to appoint a special master, with whom box holders can file their administrative claims using their given names and who can maintain their anonymity from the government. Fed.R.Civ.P. 53(a)(1)(C)( court may appoint a master only to "address pretrial and post trial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district."); *Hilao v. Estate of Marcos*,103 F.3d 767, 772 (9th Cir. 1996)(court appointed a special master to supervise proceedings related to the compensatory-damage phase of the trial in connection with the class).

Dated: June 2, 2021                    Respectfully submitted,

                                        LAW OFFICE OF ERIC HONIG
                                        A Professional Law Corporation
                                        RICHARD M. BARNETT
                                        ERIC D. SHEVIN
                                        CHERNIS LAW GROUP P.C.
                                        PAUL L. GABBERT

                                        /s/ Eric Honig
                                        _____
                                        ERIC HONIG
                                        Attorneys for  Plaintiffs and the Class

8

## DECLARATION OF ERIC HONIG

I, Eric Honig, state and declare as follows:

1.      I have personal knowledge of the facts hereinafter stated, and if called upon to testify, I could and would competently testify thereto.

2.      I am counsel of record for the Plaintiff Class Representatives in this action.  This declaration is in support of Plaintiffs' application for a temporary restraining order relating to the relief sought in the Class Action Complaint filed in this action.

3.      On June 1, 2021, prior to filing this application, I spoke with lead counsel of record for Defendants, Assistant U.S. Attorney Andrew Brown, by telephone informing him of the intended filing of this TRO application.  Mr. Brown told me the government will oppose the Court granting the requested relief.

4.      Exhibit A is a true and correct copy of an FBI Notice of Seizure and Initiation of Administrative Forfeiture Proceedings.

5.      Exhibit B is a true and Correct copy of the Verified Complaint for Forfeiture (redacted) filed by the U.S. government in this judicial district in *U.S. v. $599,600.00*, No. 2:19-CV-00088-JLS-AFM.

6.      Plaintiffs, who presumably remain anonymous to the FBI, only learned of the existence of the FBI Notice of Seizure indirectly; the notice was not served on them or their counsel by the government.

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

      I certify under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed on June 2, 2021 at Marina del Rey, California.

                    /s/ Eric Honig

                    ERIC HONIG

10