# EXHIBIT B

NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
BRENT A. WHITTLESEY (Cal. Bar No. 73493)
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5421
    Facsimile: (213) 894-0142
    E-mail: Brent.Whittlesey@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$599,600.00 IN U.S. CURRENCY,<br><br>    Defendant. | No. 2:19-CV-00088<br><br>VERIFIED COMPLAINT FOR FORFEITURE<br><br>21 U.S.C. § 881(a)(6)<br><br>[HSI] |

Plaintiff United States of America brings this claim against defendant $599,600.00 in U.S. Currency, and alleges as follows:

JURISDICTION AND VENUE

1. This is an <u>in rem</u> civil forfeiture action brought pursuant to 21 U.S.C. § 881(a)(6).

2. This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395(b).

## PERSONS AND ENTITIES

4. The plaintiff in this action is the United States of America.

5. The defendant in this action is $599,600.00 in U.S. Currency (the "defendant currency") seized on or about August 23, 2017 by law enforcement officers during a traffic stop conducted at a Federal Express parking lot located at 645 South Allied Way in El Segundo, California of a Toyota Prius vehicle being operated by ▇▇▇▇▇▇▇▇.

6. The defendant currency is currently in the custody of the United States Customs and Border Protection, Department of Homeland Security in this District, where it will remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of ▇▇▇ may be adversely affected by these proceedings.

## FACTS SUPPORTING FORFEITURE

8. After officers observed ▇▇▇ while operating the Toyota Prius using his cellular telephone, driving slowly then speeding up and making turns without signaling, officers conducted a traffic stop on the vehicle on August 23, 2017.

9. During the traffic stop, officers saw a large black plastic bag containing a substantial amount of bundled currency situated on the front floor of the passenger side of the Toyota Prius. When officers had a trained and certified narcotic detection canine conduct an exterior sniff of the vehicle, the canine alerted to the front and rear passenger door seams, thus indicating that those areas

2

of the vehicle had recently been in close proximity to narcotics. The canine then conducted an interior sniff of the vehicle and alerted to the rear passenger floorboard behind the front passenger seat where officers found a white plastic bag containing United States currency, as well as to the black plastic bag itself, where officers found the remainder of the defendant currency. The canine alert indicates that the white and black plastic bags' contents had recently been in close proximity to narcotics.

10. ▇'s activities, as well as the defendant currency itself, bore numerous narcotic trafficking and money laundering indicators. Among other things, the defendant currency was bundled, rubber banded and consisted of circulated currency. In addition, when ▇ spoke to officers, he was extremely nervous to the point he was shaking; evasive in that he would not tell officers where he (▇) was headed or orally tell officers his name; and could not identity the owner of the approximately $600,000.00 in funds he was carrying. Moreover, transporting $600,000.00 in a vehicle is not the normal manner in which such a substantial amount of currency is transferred.

11. Based on the above, plaintiff alleges that the defendant currency represents or is traceable to proceeds of illegal narcotic trafficking or was intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 et seq. The defendant currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays:

(a) that due process issue to enforce the forfeiture of the defendant currency;

3

    (b)   that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

    (c)   that this Court decree forfeiture of the defendant currency to the United States of America for disposition according to law; and

    (d)   for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

DATED: January 4, 2019

NICOLA T. HANNA  
United States Attorney  
LAWRENCE S. MIDDLETON  
Assistant United States Attorney  
Chief, Criminal Division  
STEVEN R. WELK  
Assistant United States Attorney  
Chief, Asset Forfeiture Division

    */s/ Brent A. Whittlesey*  
BRENT A. WHITTLESEY  
Assistant United States Attorney  
Asset Forfeiture Section

Attorneys for Plaintiff  
UNITED STATES OF AMERICA

4

## VERIFICATION

I, Jared Harada, hereby declare that:

1. I am a Special Agent with Homeland Security Investigations.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 3, 2019, in Los Angeles, California.

_____
JARED HARADA
Special Agent
Homeland Security Investigations

5