TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-0102
     Facsimile:  (213) 894-6269
     E-mail:    andrew.brown@usdoj.gov
Attorneys for Defendants
UNITED STATES OF AMERICA, et al.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOES 1-6, | No.  2:21-cv-03254-RGK-MAR |
| Plaintiffs, | DEFENDANTS' OPPOSITION TO SECOND *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER; DECLARATION OF AUSA BROWN; EXHIBITS |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

     The government hereby opposes the second ex parte application

of Does 1-6 for a temporary restraining order.

 Dated: June 3, 2021            Respectfully submitted,

                                TRACY L. WILKISON
                                Acting United States Attorney

                                SCOTT M. GARRINGER
                                Assistant United States Attorney
                                Chief, Criminal Division

                                /s/ Andrew Brown
                                _____
                                ANDREW BROWN
                                Assistant United States Attorney

                                Attorneys for Defendants
                                UNITED STATES OF AMERICA, et al.

## **TABLE OF CONTENTS**

                                                              **PAGE**

TABLE OF AUTHORITIES..............................................ii

MEMORANDUM OF POINTS AND AUTHORITIES..............................1

I.   STANDARD FOR ISSUING A TRO...................................2

II.  PLAINTIFFS HAVE NOT ESTABLISHED IRREPARABLE INJURY...........3

III. NO DEMONSTRATED LIKELIHOOD OF SUCCESS ON THE MERITS..........4

     A.   THE COMMENCEMENT OF ADMINISTRATIVE FORFEITURE
          PROCEEDINGS RESULTS IN THE DIVESTITURE OF
          SUBJECT MATTER JURISDICTION OVER THIS CASE, AND
          THE AUTHORITIES IN ANY EVENT DO NOT PERMIT
          FICTITIOUS CLAIMS IN THOSE PROCEEDINGS..................4

     B.   PLAINTIFFS SHOUILD NOT BE ALLOWED TO PROCEEED
          ANONYMOUSLY IN ADMINISTRATIVE FORFEITURE PROCEEDINGS. . 7

     C.   PLAINTIFFS NEED NOT IMPLICATE THEMSELVES TO
          CHALLENGE ADMINISTRATIVE FORFEITURE....................14

IV.  A TRO WOULD BE CONTRARY TO THE PUBLIC INTEREST..............18

V.   NO SPECIAL MASTER IS WARRANTED..............................19

VI.  CONCLUSION..................................................19

1

**TABLE OF AUTHORITIES**

2

**CASES**                                                                              **PAGE(S)**

3

*A.G. v. Unum Life Ins. Co. of America,*
   2018 WL 903463 (D. Or. Feb. 14, 2018)......................... 8, 9

4

*Bender v. Williamsport Area School Dist.,*
   475 U.S. 534 (1986).............................................. 5

5

6

*In Re The Return of Seized Property Specifically All Funds Seized
from BoundlessRise, LLC,*

7

   2017 WL 4180149 (C.D. Cal. Aug. 30, 2017)....................... 6

8

*Burlington N. R. Co. v. Wash. Dep't of Revenue,*
   934 F.2d 1064 (9th Cir. 1991)................................... 19

9

*DaimlerChrysler Corp. v. Cuno,*
   547 U.S. 332 (2006)............................................. 5

10

11

*Day v. Sebelius,*
   227 F.R.D. 668 (D. Kan. 2005)................................... 15

12

*Doe ex rel. Rudy-Glanzer v. Glanzer,*
   232 F.3d 1258 (9th Cir. 2000)................................... 17

13

14

*Doe v. Boyle,*
   494 F.2d 1279 (4th Cir. 1974)................................... 16

15

*Doe v. Commonwealth's Attorney for City of Richmond,*
   403 F. Supp. 1199 (E.D. Va. 1975).............................. 14

16

17

*Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate,*
   596 F.3d 1036 (9th Cir. 2010)................................ 8, 10

18

*Doe v. Merten,*
   219 F.R.D. 387 (E.D. Va. 2004)................................. 15

19

20

*eBay Inc. v. MercExchange, LLC,*
   547 U.S. 388 (2006)............................................. 3

21

*Faith Action For Community Equity v. Hawaii,*
   2014 WL 320587 (D. Haw. Jan. 29, 2014)................... 9, 16, 17

22

23

*Longenette v. Krusing,*
   322 F.3d 758 (3d Cir. 2001).................................... 5

24

*Mazurek v. Armstrong,*
   520 U.S. 968 (1997)............................................ 2

25

26

*Melendres v. Arpaio,*
   695 F.3d 990 (9th Cir. 2012)................................... 3

27

28

ii

1

**TABLE OF AUTHORITIES (CONTINUED)**

2
**CASES**                                                                    **PAGE(S)**

3
*Mercado v. U.S. Customs Service,*
    873 F.2d 641 (2d Cir. 1989).......................................12
4

*Patriot Contract Servs. v. United States,*
5
    388 F. Supp. 2d 1010 (N.D. Cal. 2005)............................3

6
*Scarabian v. Drug Enforcement Admin.,*
    919 F.2d 337 (5th Cir. 1990).....................................5
7

*Sociedad Anonima Vina Santa Rita v. U.S. Dep't of the Treasury,*
8
    193 F. Supp. 2d 6 (D.D.C. 2001)..................................2

9
*Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,*
    240 F.3d 832 (9th Cir. 2001).....................................2
10

*United States v. $8,880 in United States Currency,*
11
    945 F. Supp. 521 (W.D.N.Y. 1996)................................13

12
*United States v. $22,474.00 in U.S. Currency,*
    246 F.3d 1212 (9th Cir. 2001)...................................13
13

*United States v. $100,348.00,*
14
    354 F.3d 1110 (9th Cir. 2004)...............................12, 15

15
*United States v. $138,381.00 in U.S. Currency,*
    240 F. Supp. 2d 220 (E.D.N.Y. 2003)............................12
16

*United States v. Cretacci,*
17
    62 F.3d 307 (9th Cir. 1995)....................................18

18
*United States v. Elias,*
    921 F.2d 870 (9th Cir. 1990)....................................5
19

*United States (Drug Enforcement Agency) v. One 1987 Jeep Wrangler,*
20
    972 F.2d 472................................................4, 6

21
*United States v. One Lincoln Navigator,*
    328 F.3d 1011 (8th Cir. 2003)..................................12
22

*United States v. Real Property Located at Section 18,*
23
    976 F.2d 515 (9th Cir. 1992)...................................12

24
*United States v. Stoterau,*
    524 F.3d 988 (9th Cir. 2008)................................8, 9
25

*United States v. U.S. Currency, $42,500.00,*
26
    283 F.3d 977 (9th Cir. 2002)...................................13

27
*United States v. U.S. Currency, $83,170.78,*
    851 F.2d 1231 (9th Cir. 1988)...................................5
28

<u>**TABLE OF AUTHORITIES (CONTINUED)**</u>

**CASES**                                                                   **PAGE(S)**

*United States v. Woodall*,
   12 F.3d 791 (8th Cir. 1993)...................................... 4

*United States v. Yeager*,
   120 F.3d 264 (4th Cir. 1997)................................... 18

*Via Mat International South America, Ltd. v. United States*,
   446 F.3d 1258 (11th Cir. 2006)................................ 11

*Warth v. Seldin*,
   422 U.S. 490 (1975).......................................... 11

*Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*,
   559 F.2d 841 (D.C. Cir. 1977)................................. 2

*Winter v. Natural Res. Def. Council, Inc.*,
   555 U.S. 7 (2008)............................................. 2

*XXIII v. Advanced Textile Corp.*,
   214 F.3d 1058 (9th Cir. 2000)........................... 8, 10, 14

**STATUTES**

18 U.S.C. § 983..................................................... 7

18 U.S.C. § 983(a)(2)(C)............................................ 6

18 U.S.C. § 983(e)................................................. 4

19 U.S.C. §§ 1602–1618............................................. 7

19 U.S.C. §§ 1607–1609............................................. 7

**RULES**

Fed. R. Civ. P. 10(a)............................................. 8

Fed. R. Civ. P. 23(a)............................................ 13

Fed. R. Civ. P. 53.............................................. 19

**REGULATIONS**

28 C.F.R. § 8.1.................................................. 7

28 C.F.R. § 8.10................................................. 2

<u>**TABLE OF AUTHORITIES (CONTINUED)**</u>

**REGULATIONS**                                                    **PAGE(S)**

28 C.F.R. § 8.10(b)(2).......................................... 14

28 C.F.R. § 8.10(b) & (c)....................................... 7

**OTHER AUTHORITIES**

Fed.Jud. Ctr., Manual for Complex Litigation
    § 11.52 (4th ed. 2004)...................................... 19

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs earlier sought a temporary restraining order that would have permitted them to proceed anonymously, which this Court rejected. (Dkt. 23.) Although the plaintiffs were not clear on whether they sought an order permitting them to litigate this case anonymously, or whether they sought an order permitting them to claim their property from the FBI anonymously, the Court held that neither argument justified a TRO:

> It is unclear whether Plaintiffs seek permission to file a claim for return of their property with the FBI under a pseudonym, or permission to pursue their legal claims in this case under a pseudonym. Either way, Plaintiffs have not shown that a TRO regarding their use of pseudonyms is warranted.
>
> To the extent Plaintiffs seek an order instructing the FBI as to how it may process claims for return of property, as stated in subsection B, Plaintiffs have not made the requisite showing of "extraordinary circumstances" to justify judicial intervention in this executive function.

(Dkt. 23, page 6.)

Having failed to persuade the Court previously to enter an order permitting anonymous claims to the FBI for the return of property before administrative forfeiture proceedings began, plaintiffs now seek a TRO compelling the FBI to accept anonymous claims contesting the administrative forfeiture of their property.

To date, no administrative forfeiture claimant has been permitted to proceed anonymously in any case in the United States. Indeed, the Code of Federal Regulations expressly requires such

1

1  claimants to identify themselves.  28 C.F.R. § 8.10 ("In order to

2  contest the forfeiture of seized property in federal court, any

3  person asserting an interest in seized property subject to an

4  administrative forfeiture proceeding . . . must file a claim . . . .

5  (b) [which] shall . . . .  (2) Identify the claimant and state the

6  claimant's interest in the property.")  Plaintiffs' request that

7  this Court be the first in the nation to permit claimants to dispute

8  administrative forfeiture proceedings anonymously is unwarranted in

9  any context, let alone in an application for a TRO.

10  **I.  STANDARD FOR ISSUING A TRO**

11      The standard for issuing a TRO is substantially identical to

12  the standard for issuing a preliminary injunction. See *Stuhlbarg*

13  *Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th

14  Cir. 2001). Preliminary injunctive relief is "an extraordinary

15  remedy," *Sociedad Anonima Vina Santa Rita v. U.S. Dep't of the*

16  *Treasury*, 193 F. Supp. 2d 6, 13 (D.D.C. 2001), that "should not be

17  granted unless the movant, by a clear showing, carries the burden of

18  persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per

19  curiam) (citations omitted).

20      A plaintiff "must establish that she is likely to succeed on

21  the merits, that she is likely to suffer irreparable harm in the

22  absence of preliminary relief, that the balance of equities tips in

23  her favor, and that an injunction is in the public interest." *Winter*

24  *v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Wash.*

25  *Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843

26  (D.C. Cir. 1977).

27

28

## II.  PLAINTIFFS HAVE NOT ESTABLISHED IRREPARABLE INJURY

Plaintiffs' claim that they are irreparably harmed by the "deprivation of constitutional rights" mischaracterizes the case they cite.  The plaintiffs in *Melendres v. Arpaio*, 695 F.3d 990 (9th Cir. 2012), were Latino individuals in a county where the sheriff had adopted a policy of racial profiling.  *Id.* at 994.  They were thus subject to repeated constitutional violations.  This case involves nothing of the sort.  The government seized nests of safety deposit boxes pursuant to both a criminal seizure warrant and a search warrant, and inventoried their contents as it had described it would in the warrants.  The contents of those boxes are still in storage and could be returned.  Further, the plaintiffs have mostly alleged that the boxes contained "currency," or "currency and gold," which are the epitome of fungible goods.  Plaintiffs have not even attempted to argue that they could not be made hold either by the return of the contents of their boxes, or by an equivalent amount of money.  Under well-established principles of equity, a plaintiff seeking injunctive relief must show irreparable injury, for which "remedies available at law, such as monetary damages, are inadequate to compensate."  *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006); see also *Patriot Contract Servs. v. United States*, 388 F. Supp. 2d 1010, 1026 (N.D. Cal. 2005) ("The usual rule is that mere loss of money does not qualify as irreparable harm if the party can be made whole through money damages when the claim is resolved on the merits.")  Plaintiffs have made no such showing here.

3

**III. NO DEMONSTRATED LIKELIHOOD OF SUCCESS ON THE MERITS**

The TRO must also be denied because plaintiffs have failed to demonstrate a likelihood of success on the merits.

**A.  THE COMMENCEMENT OF ADMINISTRATIVE FORFEITURE PROCEEDINGS RESULTS IN THE DIVESTITURE OF SUBJECT MATTER JURISDICTION OVER THIS CASE, AND THE AUTHORITIES IN ANY EVENT DO NOT PERMIT FICTITIOUS CLAIMS IN THOSE PROCEEDINGS**

The anonymous plaintiffs Does 1-6 ask the Court to intervene in pending administrative forfeiture proceedings commenced on May 20, 2021 against the assets plaintiffs' assert belong to them. Plaintiffs request permission to submit claims in the administrative proceedings using pseudonyms instead of their true name. Plaintiffs' arguments should be rejected for multiple reasons.

First, plaintiffs' cases do not support their request.  Those cases involve collateral attacks on completed (rather than pending) administrative forfeiture proceedings where the movants' property had already been forfeited administratively and the movants argued either that they received no notice of the proceedings and were therefore unable to file a claim contesting the forfeiture (i.e., a claimed Due Process lack of notice violation) or sought review on arbitrary and capriciousness grounds of a final government agency decision made in a completed asset forfeiture proceeding.[1]  By

---

[1] The cases plaintiffs cite on page 3 of their brief are distinguishable.  *United States v. Woodall*, 12 F.3d 791, 793-94 (8th Cir. 1993) (inadequate notice Due Process challenge to completed administrative forfeiture; case is also superseded by a statute, enacted in August 23, 2000 as part of the Civil Asset Forfeiture Reform Act of 2000, which provides that 18 U.S.C. § 983(e) is the exclusive means to challenge a completed administrative forfeiture on lack of notice grounds); *United States (Drug Enforcement Agency) v. One 1987 Jeep Wrangler*, 972 F.2d 472 (2d Cir. 472) (challenges on grounds of due process lack of notice and having the court review on

4

contrast, plaintiffs here are asking the Court to intervene in pending administrative forfeiture proceedings.

Second, the commencement of the administrative forfeiture proceeding shows that the anonymous plaintiffs cannot discharge their burden of establishing that subject matter jurisdiction exists in this case, which plaintiffs must show to prove that a federal court is entitled to proceed. *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986) (federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto") (citation omitted); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) (burden of establishing subject matter jurisdiction rests upon the party invoking it).

Where, as here, administrative forfeiture proceedings have been commenced against assets, a plaintiff has an adequate remedy at law, equitable (meaning subject matter) jurisdiction does not lie relative to rights to those assets and district courts are without jurisdiction to rule on a plaintiff's case seeking the return of those assets. *United States v. Elias*, 921 F.2d 870, 873 (9th Cir. 1990) (administrative forfeiture proceedings "provided Elias with the procedural tools to seek judicial review of the lawfulness of the seizure of his property" and "an adequate remedy at law"); *United States v. U.S. Currency, $83,170.78*, 851 F.2d 1231, 1235 (9th

---

arbitrary and capricious grounds a government agency's activity regarding a completed administrative forfeiture); *Scarabian v. Drug Enforcement Admin.,* 919 F.2d 337, 338 (5th Cir. 1990) (involving "a review of a final decision by the Attorney General through an authorized agency" relative to a completed administrative forfeiture); *Longenette v. Krusing*, 322 F.3d 758 (3d Cir. 2001) (challenge based on inadequate notice to an incarcerated prisoner).

5

Cir. 1988) ("when a civil forfeiture proceeding has been filed, the claimant has adequate remedies to challenge any fourth amendment violation. Accordingly, when a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the claimant"); *United States v. One 1987 Jeep Wrangler*, 972 F.2d 472, 479 (2d Cir. 1992) ("the claimant is afforded the opportunity to test the legality of the seizure in the forfeiture proceeding. Consequently, once the administrative process has begun, the district court loses subject matter jurisdiction to adjudicate the matter in a peripheral setting such as a Rule 41(e) motion") (citations omitted); *In Re The Return of Seized Property, Specifically All Funds Seized from BoundlessRise, LLC*, 2017 WL 4180149 (C.D. Cal. Aug. 30, 2017) ("[a] civil forfeiture proceeding gives the claimant an adequate remedy at law, precluding exercise of the district court's equitable powers") (internal quotes and citations omitted).

Third, the anonymous plaintiffs argue that because 18 U.S.C. § 983(a)(2)(C), which is a statute that sets forth the required contents of a claim a person may submit in administrative forfeiture proceedings to contest the administrative forfeiture of their property, does not explicitly state that the under oath claim must specifically identify the administrative forfeiture claimant, "neither the forfeiture statute or the FBI's own seizure notice require a claimant to identify themselves by their given name." Dkt. 21 (plaintiffs brief 4:14-16). In actuality, the forfeiture notice plaintiffs attach to their papers shows exactly the opposite is true. That notice cites the pertinent regulations (i.e., 28 C.F.R. Parts 8 and 9) and sets forth a link

(https://www.forfeiture.gov/FilingClaim.htm) containing a form that a person can download to submit a claim electronically, which specifically contains a blank space for a claimant to fill in the claimant's name.  See 28 C.F.R. § 8.10(b) & (c) (the administrative claim shall "identify the claimant and state the claimant's interest in the property" and "be made under oath by the claimant"); Dkt. 26-1 (exhibit A to plaintiffs motion) pages 1 and 2.  Accordingly, plaintiffs' argument that asset forfeiture statutes and regulations and the FBI's notice do not require that forfeiture claimants identify themselves with their actual names is pure folly.

**B.    PLAINTIFFS SHOULD NOT BE ALLOWED TO PROCEED ANONYMOUSLY IN ADMNISTRATIVE FORFEITURE PROCEEDINGS**

Plaintiffs have sued using pseudonyms, without seeking permission in advance to do so, and now ask the Court in a case where subject matter jurisdiction is lacking to intervene in administrative proceedings and permit them to file claims using fictitious names.  Plaintiffs' request should be denied.

18 U.S.C. § 983 (titled "general rules for civil forfeiture proceedings" and pertaining to civil administrative and judicial forfeiture proceedings), 19 U.S.C. §§ 1607-1609 and 28 C.F.R. Parts 8 and 9 provide extensive procedures that govern seizing agencies in conducting administrative forfeiture proceedings.  See 28 C.F.R. § 8.1 ("the authority of seizing agencies to conduct administrative forfeitures derives from the procedural provisions of the Customs laws (19 U.S.C. §§ 1602-1618) where those provisions are incorporated by reference in the substantive forfeiture statues enforced by the agencies").  Asking the Court to intervene in those proceedings, which include extensive regulations and procedural

rules, is unwarranted.

Moreover, plaintiffs have not discharged their burden of demonstrating that they should be permitted to proceed anonymously in this judicial case, let alone in the administrative proceeding. A plaintiff's "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings . . . and [Fed. R. Civ. P.] 10(a)'s command that the title of every complaint include the names of all the parties." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (internal quotes and citation omitted). The presumption is that parties "must use their real names," which "is loosely related to the public's right to open courts, and the right of private individuals to confront their accusers." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010) (citations omitted).

The Ninth Circuit has carved out an exception in the "unusual case" when non-disclosure of the plaintiff's actual name "is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *Advanced Textile Corp.,* 214 F.3d at 1067-68 (internal quotes and citations omitted). To invoke the exception, the "party seeking anonymity has the burden of proving it should be allowed to proceed anonymously." *A.G. v. Unum Life Ins. Co. of America*, 2018 WL 903463, *1 (D. Or. Feb. 14, 2018) (citing *United States v. Stoterau,* 524 F.3d 988, 1013 (9th Cir. 2008)).

In order to discharge the burden, a plaintiff must show that the "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."

8

*Advanced Textile Corp.* at 1068.  As to a plaintiff's need for anonymity where, as here, a plaintiff alleges he needs to shield himself from retaliation from the defendant if he sued in his actual name, courts consider "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation."  <u>Id.</u> (citations omitted).

Plaintiffs' request is devoid of any facts, evidence or authorities to discharge their burden of proving they should be allowed proceed anonymously.[2]  They do not discuss the severity of the harm that may befall them if they sue in their own names, or the reasonableness of their fears.  And in that regard, there is nothing to suggest that the government will or has threatened to criminally investigate persons because they sued, as opposed to because of what was in their box.  Accordingly, plaintiffs have not made the requisite showing.  <u>See</u> *Faith Action For Community Equity v. Hawaii*, 2014 WL 320587 (D. Haw. Jan. 29, 2014) (denying permission to sue using fictitious names because plaintiffs' allegations that they had been stopped by police for driving without a license "provide no support for the proposition that the Does risk criminal prosecution <u>by participating in this litigation</u>" and the prior stops could be for "a traffic inspection, random alcohol check, or other matters, and that, by driving without a license, the Does risk prosecution for reasons wholly independent of whether they are litigants."  <u>Id.</u> at *4 (emphasis in original).

---

[2] Indeed, the government intends to move to dismiss plaintiffs" complaint by the deadline to file a responsive pleading thereto on this ground.

It is well-settled that the public interest is served by open and public court proceedings in which the litigants' identities and claims are known to all.  Allowing a party to sue under a fictitious name obstructs "the common law rights of access to the courts and judicial records."  *Kamehameha Schools*, 596 F.3d at 1042; see also *Stoterau*, 524 F.3d at 1018 ("[i]dentifying the parties to a proceeding is an important dimension of publicness.  The people have a right to know who is using their courts") (internal quotes and citation omitted).

As to plaintiffs' vulnerability to retaliation, plaintiffs cite *Advanced Textile Corp.* without discussion, but that case is of no aid to plaintiffs because *Advanced Textile Corp.'s* plaintiffs were among the most powerless: indebted factory workers dependent on their employers for wages and housing, and who could be deported if their defendant employer chose to retaliate against them, and the court permitted them to begin their litigation anonymously in part because of "their highly vulnerable status."  Id. at 1069. Plaintiffs here, by contrast, are the opposite: wealthy persons living in the United States storing hundreds of thousands of dollars in their boxes.  Dkt. 12-1 (exhibit A to plaintiffs' brief showing Does 1 and 2 have $274,000 in box 5006 [Asset ID No. ("AIN") 21-FBI-2956]; Doe 3 has $199,950 in box 6710 [AIN 21-FBI-2922]; Doe 4 has $330,020 in box 4300 [AIN 21-FBI-3183]; Doe 5 has $570,000 in box 400 [AIN 21-BI-3154]; and Doe 6 has $1,194,750 in box 40 [AIN 21-FBI-29665]).  Far from a downtrodden factory worker who must toil thousands of miles from his home in substandard conditions, plaintiffs are members of the economic elite.  As a result, their

10

personal circumstances bear little resemblance to those of *Advanced Textile Corp.'s* vulnerable plaintiffs.

The prejudice to the government in allowing plaintiffs to proceed anonymously is evident.  The FBI has already received bogus ownership assertions to boxes, and knows of instances in which stolen valuables were stored there.  Plaintiffs argue that the government will not be prejudiced if anonymous claims are filed in the administrative forfeiture proceedings because the government allegedly does not need to know a claimant's identity to file a judicial forfeiture complaint, which must be filed within 90 days after the claim is submitted.  To support this claim, plaintiffs argue that civil forfeiture cases are in rem and provide one four-page never-served forfeiture complaint filed January 4, 2019 in *United States v. $599,600 in U.S. Currency,* Case No. 2:19-cv-0088-JLS-AFM (dkt. 1), in which plaintiffs have redacted (for unclear reasons) the owner of the property's name from the publicly-filed document.  Moreover, plaintiffs have failed to disclose that the first amended complaint filed April 2, 2019 (dkt. 12)--which was served--is 21 pages long and extensively discusses by name and activity the administrative forfeiture claimant and his role in the illegal activity giving rise to forfeiture.

The government is prejudiced because a claimant's identity is critical in judicial in rem civil forfeiture cases.  Indeed, a claimant's Article III standing is a threshold issue in every in rem civil forfeiture case.[3]  As many courts have recognized, the in rem

---

[3] *See Via Mat International South America, Ltd. v. United States,* 446 F.3d 1258, 1262 (11th Cir. 2006) ("standing is the 'threshold question in every federal case, determining the power of the court to entertain the suit'") (quoting *Warth v. Seldin*, 422

nature of civil forfeiture actions creates a substantial danger that claims will be filed by persons with no real interest in the property.[4]  Entirely frivolous claims may be filed by people who have no connection with the forfeiture case, while other claims may be filed by straw men, nominees, couriers or other third parties seeking to contest the forfeiture in their own names while concealing the identity of some person or entity who cannot or will not file a claim on his or its own behalf.  In such cases, pretrial challenges to a claimant's standing are a critical stage in the forfeiture case: they present the only opportunity for the court to weed out claims filed by improper claimants (like those who already submitted bogus claims to the FBI) before the government must respond to motions (such as suppression motions) filed by the claimant.  <u>See</u> Supplemental Rule G(8)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (noting that a party "with standing" can file a suppression motion).

Furthermore, in deciding whether an asset is linked to illegal activity and subject to forfeiture, courts apply the aggregate of

---

U.S. 490, 498 (1975)); *United States v. One Lincoln Navigator*, 328 F.3d 1011, 1013 (8th Cir. 2003) ("Article III standing is a threshold question in every federal court case"); *United States v. Real Property Located at Section 18*, 976 F.2d 515, 520 (9th Cir. 1992) (standing is a "threshold issue . . . [and] claimant has the burden of establishing, by a preponderance of the evidence, that he has an interest in the property") (citations omitted).

[4] <u>See</u>, *United States v. $100,348.00*, 354 F.3d 1110, 1118-19 (9th Cir. 2004) ("the danger of false claims in [civil forfeiture] proceedings is substantial") (citation and internal quotation marks omitted); *Mercado v. U.S. Customs Service*, 873 F.2d 641, 645 (2d Cir. 1989) (there is a "substantial danger of false claims in forfeiture proceedings"); *United States v. $138,381.00 in U.S. Currency*, 240 F. Supp. 2d 220, 228 (E.D.N.Y. 2003) (same)

the facts test, pursuant to which the fact-finder considers all of the facts indicative of the alleged illegal activity cumulatively, with no single factor being dispositive, in order to decide whether there is a sufficient nexus between assets and the alleged illegal activity to prove forfeitability with circumstantial evidence. *United States v. U.S. Currency, $42,500.00,* 283 F.3d 977, 980-82 (9th Cir. 2002). Convictions and arrests are considered strong circumstantial evidence of the defendant asset-illegal activity nexus under the test,[5] but without knowing who the administrative claimants are, the government cannot use this argument to show the required asset-illegal conduct link.

Additionally, the government is prejudiced by having this case proceed with anonymous plaintiffs because it could not address whether the standards for class certification are met. It would be impossible, without knowing the plaintiffs identities, for the government to determine whether, among other things, plaintiffs satisfy the requirements of the adequacy of plaintiffs' ability to represent the class or whether plaintiffs' claims are typical of the class. See Fed. R. Civ. P. 23(a).

Finally, while plaintiffs assert that they remain anonymous to the FBI, that would not appear to be true for three of the six plaintiffs. In fact, the government has sent notice letters to the

---

[5] See *United States v. $22,474.00 in U.S. Currency*, 246 F.3d 1212, 1217 (9th Cir. 2001) (summary judgment proper because prior drug conviction is probative to establish circumstantially the asset-drug link); *United States v. $8,880 in United States Currency*, 945 F. Supp. 521, 525-26 (W.D.N.Y. 1996) (summary judgment granted because claimant's prior drug arrests and convictions are probative of link).

persons who appear to have an interest in the contents of boxes 4300 and 5006, which plaintiffs identify in the Complaint as belonging to Does 1, 2 and 4.  Dkt. 1 (complaint) at 3:21-4:6; Dkt. 26 (plaintiffs' brief 2:26-28 [footnote 1]); AUSA Andrew Brown Decl. Exhibits A and B.  Accordingly, for this reason as well, permitting those plaintiffs to proceed anonymously when their identity is already known is wholly inappropriate.

### C.    PLAINTIFFS NEED NOT IMPLICATE THEMSELVES TO CHALLENGE ADMINISTRATIVE FORFEITURE

Plaintiffs contend that the government is forcing them to choose between their Fifth Amendment right not to incriminate themselves on the one hand, or the loss of their property through administrative forfeiture on the other.  In fact, the government merely asks them to submit a claim to contest the propriety of any forfeiture in their true names, as is required.  28 C.F.R. § 8.10(b)(2) (an administrative claim must "Identify the claimant and state the claimant's interest in the property.")

Plaintiffs rely on Advanced Textile, 214 F.3d 1058, 1068 (9th Cir. 2000), which recognized that anonymous litigation may be appropriate when a plaintiff is "compelled to admit [his or her] intention to engage in illegal conduct [in order to establish standing], thereby risking criminal prosecution."  It is true that in some cases plaintiffs have been permitted to challenge the constitutionality of a law anonymously.  In these cases, however, the plaintiffs were *compelled* to admit that they either had violated, or intended to violate, the law in question in order to establish standing to challenge it.  E.g., *Doe v. Commonwealth's Attorney for City of Richmond*, 403 F. Supp. 1199, 1200 (E.D. Va.

14

1975) (permitting anonymous challenge to law criminalizing sodomy),
<u>aff'd</u>, 425 U.S. 901 (1976).  In other words, the plaintiffs were
allowed "to proceed anonymously in challenging the <u>very laws or</u>
<u>regulations</u> they have violated or wish to violate." *Doe v. Merten*,
219 F.R.D. 387, 392-93 (E.D. Va. 2004) (emphasis added) (rejecting
anonymity for illegal alien plaintiffs barred from Virginia colleges
when "plaintiffs here do not challenge the laws under which their
immigration status is illegal or problematic").  <u>See also</u>, *Day v.*
*Sebelius*, 227 F.R.D. 668, 679 (D. Kan. 2005) (rejecting anonymity
for undocumented aliens where "the anonymous intervenors are not
challenging a criminal statute, such that the outcome of this case
would change whether they were violating federal laws").

　　　Plaintiffs are not challenging the constitutionality of a
statute, however, but merely seeking the return of cash stored in a
safety deposit box.  As such, all plaintiffs need to establish
standing is to identify their interest, whether an ownership or
possessory interest in an asset, in order to submit an
administrative claim.  <u>See</u> *United States v. $100,348*, 354 F.3d 1110,
1119 (9th Cir. 2004) (claimants can assert ownership or possessory
interest and "claimants who assert possessory interests in forfeited
property and provide an explanation for their possession have
Article III standing to contest the forfeiture").  Unlike the
plaintiff in *City of Richmond* who had to admit to what was then
criminal conduct—homosexual acts—plaintiffs here need not admit to
anything criminal and, indeed, have not.  And no court has concluded
that plaintiffs can use anonymity to shield themselves from the
consequences of unrelated criminal conduct.

To the contrary, courts have rejected such attempts to use unrelated criminality to secure anonymity. <u>See, e.g.</u>, *Doe v. Boyle*, 494 F.2d 1279, 1280 (4th Cir. 1974) (denying plaintiff right to file suit anonymously because it would reveal that he had violated the law by not filing tax returns). In *Faith Action for Community Equity*, for example, the plaintiffs attempted to litigate anonymously in part by asserting that they violated the law—driving without a license—because Hawaii refused to provide them with driver's tests in their native languages. Their attempt failed, however, in part because their admission of criminality was gratuitous:

> [N]othing in the nature of Plaintiffs' claim "compels" the Does to reveal that they are currently breaking the law. A woman challenging a state's abortion law, for example, may be compelled to admit her intent to violate that law to ensure she has standing to challenge it. By contrast, the Does can assert sufficient injury-in-fact to trigger Article III standing by alleging an inability to pass the driver's exam in English. There is no need for them to also affirmatively state that they are breaking the law. If the Does' superfluous statements are sufficient to require anonymity, then any party could manufacture the need for anonymity by gratuitously alleging a violation of law. In short, the Does' voluntary and unnecessary admission to criminal activity, standing alone, cannot allow them to proceed anonymously.

2014 WL 320587, at *5. The district court went on to explain that,

1   |  allowing anonymity . . .  to be based on unnecessary
2   |  admissions of criminality would make the federal courts a
3   |  haven for secret litigation. The public character of
4   |  judicial proceedings would be severely damaged if
5   |  anonymity were so freely granted.
6   Id. at *6.  These same considerations apply here.  As in *Faith*
7   *Action*, the Fifth Amendment does not support plaintiffs' attempt to
8   dispute administrative forfeiture anonymously.
9       Plaintiffs correctly note that courts have permitted the
10  invocation of the right against compelled self-incrimination in a
11  variety of proceedings--not just criminal ones as stated in the
12  Fifth Amendment itself--relying on *Doe ex rel. Rudy-Glanzer v.*
13  *Glanzer*, 232 F.3d 1258 (9th Cir. 2000).  But in *Glanzer*, the right
14  against self-incrimination was asserted by the named defendant, not
15  Doe, his minor grandchild whom he was accused of sexually molesting,
16  so it does not support plaintiffs' broader claim that they should be
17  permitted to contest forfeiture anonymously.  Indeed, by holding
18  that the "only way the privilege can be asserted is on a question-
19  by-question basis," id. at 1263, *Glanzer* supports the government's
20  view that the plaintiffs must contest forfeiture in their true
21  names, but could later invoke the Fifth Amendment if asked something
22  that would tend to incriminate them, such as the source of the
23  hundreds of thousands of dollars they stored at U.S. Private Vaults,
24  assuming it was criminal.
25      Finally, plaintiffs' argument that having to submit an
26  administrative claim can constitute a Fifth Amendment violation
27  should be rejected.  Courts have recognized that having to submit a
28  claim in forfeiture proceedings does not violate the Fifth

17

Amendment.  *United States v. Yeager*, 120 F.3d 264 (4th Cir. 1997)
("[a]ppellants' argument that they were exercising their rights
against self-incrimination by not contesting the civil forfeiture is
meritless.  A defendant does not risk incriminating himself by
claiming that he owns property that is subject to forfeiture)
(citation omitted); *United States v. Cretacci*, 62 F.3d 307, 311 (9th
Cir. 1995) (noting same in dicta: "a defendant does not risk
incriminating himself by claiming that he owns property that is
subject to forfeiture").

**IV.  A TRO WOULD BE CONTRARY TO THE PUBLIC INTEREST**

Requiring the FBI to accept administrative forfeiture claims
filed anonymously is contrary to the public interest.  First, as
discussed *supra*, it is well-settled that the public interest is
served by open and public court proceedings, not anonymous
filings.  Second, the inventory of the contents of the USPV boxes
revealed, among other items, firearms, illegal drugs, and stacks of
$100 bills to which drug-detecting dogs alerted.  It is not in the
public interest to allow plaintiffs to anonymously request the
return of items stored at USPV, a company indicted for conspiring to
launder money, distribute drugs, and structure financial
transactions to avoid currency-reporting requirements.  Third,
requiring the FBI to accept anonymous claims would hinder ongoing
efforts to return property to those individuals who have identified
themselves.  The requested TRO opens the door to conflicting claims
filed by anonymous individuals and will slow down the administrative
process.

18

## V.   NO SPECIAL MASTER IS WARRANTED

Because the plaintiffs' *ex parte* application for a TRO fails as described above, there is no need to consider their alternative request to appoint a special master.   Nevertheless, the plaintiffs have also failed to justify the extra expense and burden of a special master.   Cf., *Burlington N. R. Co. v. Wash. Dep't of Revenue*, 934 F.2d 1064, 1071 (9th Cir. 1991) (prior version of Rule 53 applies only in exceptional circumstances); Advisory Committee Notes to 2003 Amendment to Fed. R. Civ. P. 53 ("The core of the original Rule 53 remains, including its prescription that appointment of a master must be the exception and not the rule."); Fed. Jud. Ctr., Manual for Complex Litigation § 11.52 (4th ed. 2004) ("Reference to a special master must be the exception and not the rule.").   There are no exceptional circumstances here that provide a sufficient basis to appoint a special master.

## VI.   CONCLUSION

The Court properly rejected the plaintiffs' earlier application for a TRO, which would have permitted the plaintiffs to proceed anonymously in their dealings with the FBI.   While the plaintiffs assert that "[c]ircumstances have changed" because the FBI sent out administrative forfeiture notices when they became due, that is a fig leaf.   Plaintiffs' counsel, who are experienced forfeiture lawyers, cannot have been surprised by the FBI's beginning administrative forfeiture.   Indeed, while the plaintiffs' application is styled as for a TRO, it is correctly seen as a motion for reconsideration—albeit one that advantages plaintiffs through the "emergency" scheduling for briefs on a TRO—and should be denied

1 | for the same reasons the Court denied plaintiffs' first TRO
2 | application.

**DECLARATION OF AUSA ANDREW BROWN**

I, Andrew Brown, declare as follows:

1.    I am the Criminal Assistant United States Attorney assigned to the investigation around U.S. Private Vaults ("USPV").

2.    Attached as Exhibits A and B are true and correct redacted copies of letters sent by the FBI that I have obtained regarding the commencement of administrative forfeiture proceedings as to particular assets.  The letters are redacted to omit the name and address of the recipients.  Exhibit A is for the $330,030 in Box # 4300 while Exhibit B is for the $274,030 in Box # 5006.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on June 3, 2021.

/s/ Andrew Brown
AUSA ANDREW BROWN

# EXHIBIT A



**U.S. Department of Justice**

Federal Bureau of Investigation

*Washington, DC   20535*

Mr. ███████████
Los Angeles, CA ████

# NOTICE OF SEIZURE OF PROPERTY AND INITIATION OF ADMINISTRATIVE FORFEITURE PROCEEDINGS

## SEIZED PROPERTY IDENTIFYING INFORMATION

| | |
|---|---|
| **Notice Date:** May 20, 2021 | **Asset ID Number:** 21-FBI-003183 |
| **Notice Letter ID:** ████ (use ID when searching for assets during online filing) | |
| **Description of Seized Property:** $330,020.00 U.S. Currency from Box #4300 | |
| **Seizure Date and Location:** The asset(s) referenced in this notice letter were seized on March 22, 2021 by the FBI at U.S. Private Vaults in Beverly Hills, California. | |
| **Forfeiture Authority:** The forfeiture of this property has been initiated pursuant to 18 USC 981(a)(1)(C) and the following additional federal laws: 19 U.S.C. §§ 1602-1619, 18 U.S.C. § 983 and 28 C.F.R. Parts 8 and 9. | |

I. **THE GOVERNMENT MAY CONSIDER GRANTING PETITIONS FOR REMISSION OR MITIGATION, WHICH PARDONS ALL OR PART OF THE PROPERTY FROM THE FORFEITURE.**

**TO REQUEST A PARDON OF THE PROPERTY YOU MUST FILE A PETITION FOR REMISSION OR MITIGATION**

A. **What to File:** You may file both a claim (see section II below) and a Petition for Remission or Mitigation (Petition). If you file only a petition and no one else files a claim, your petition will be decided by the seizing agency.

B. **To File a Petition:** A petition should be filed online or by mailing it via the U.S. Postal Service or a Commercial Delivery Service to the Federal Bureau of Investigation (FBI), Attn: Forfeiture Paralegal Specialist, 11000 Wilshire Blvd. Suite 1700, FOB, Los Angeles, CA 90024. It must be received no later than 11:59 PM EST thirty (30) days of your receipt of this Notice. *See* 28 C.F.R. Parts 8 and 9.

C. **Requirements for Petition:** The petition must include a description of your interest in the property supported by documentation and any facts you believe justify the return of the property and be **signed under oath**, subject to the penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury. *See* 28 U.S.C. § 1746.

D. **Petition Forms:** A petition need not be made in any particular form but a standard petition form and the link to file the petition online are available at https://www.forfeiture.gov/FilingPetition.htm. If you wish to file a petition online for the assets referenced in the asset list of this letter, please use the Notice Letter ID referenced above.

E. **Supporting Evidence:** Although not required, you may submit supporting evidence (for example, title paperwork or bank records showing your interest in the seized property) to substantiate your petition.

F. **No Attorney Required:** You do not need an attorney to file a petition. You may, however, hire an attorney to represent you in filing a petition.

G. **Petition Granting Authority:** The ruling official in administrative forfeiture cases is the Unit Chief, Legal Forfeiture Unit, Office of the General Counsel. The ruling official in judicial forfeiture cases is the Chief, Money Laundering and Asset Recovery Section, Criminal Division, Department of Justice. *See* 28 C.F.R. § 9.1.

H. **Regulations for Petition:** The Regulations governing the petition process are set forth in 28 C.F.R. Part 9, and are available at www.forfeiture.gov.

I. **Penalties for Filing False or Frivolous Petitions:** A petition containing false information may subject the petitioner to criminal prosecution under 18 U.S.C. § 1001 and 18 U.S.C. § 1621.

Mr. Christopher Neary                                    Notice of Seizure

J.   **Online Petition Exclusions:**   If you cannot find the desired assets online, you must file your petition in writing at the address listed above.   For more details regarding what assets can be petitioned online, please see the Frequently Asked Questions at https://www.forfeiture.gov/FilingPetitionFAQs.htm.

## II.   TO CONTEST THE FORFEITURE OF THIS PROPERTY IN UNITED STATES DISTRICT COURT YOU MUST FILE A CLAIM.
*If you do not file a claim, you will waive your right to contest the forfeiture of the asset.   Additionally, if no other claims are filed, you may not be able to contest the forfeiture of this asset in any other proceeding, criminal or civil.*

A.   **To File a Claim:**   A claim must be filed to contest the forfeiture.   A claim should be filed online or by mailing it via the U.S. Postal Service or a Commercial Delivery Service to the FBI, Attn: Forfeiture Paralegal Specialist, 11000 Wilshire Blvd. Suite 1700, FOB, Los Angeles, CA 90024.

B.   **Time Limits**:   A claim must be filed within 35 days of the date of this letter; therefore, you must file your claim by **11:59 PM EST** on **June 24, 2021**.   *See* 18 U.S.C. § 983(a)(2).   A claim is deemed filed on the date received by the agency at the address listed above.

C.   **Requirements for Claim:**   A claim must be filed online or in writing, describe the seized property, state your ownership or other interest in the property and be **made under oath**, subject to penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury.   *See* 18 U.S.C. § 983(a)(2)(C) and 28 U.S.C. § 1746.

D.   **Claim Forms:**   A claim need not be made in any particular form, but a standard claim form and the link to file the claim online are available at https://www.forfeiture.gov/FilingClaim.htm.   *See* 18 U.S.C. § 983(a)(2)(D).   If you wish to file a claim online for the assets referenced in the asset list of this letter, please use the Notice Letter ID referenced above.

E.   **Supporting Evidence**:   Although not required, you may submit supporting evidence (for example, title paperwork or bank records showing your interest in the seized property) to substantiate your claim.

F.   **No Attorney Required**:   You do not need an attorney to file a claim.   You may, however, hire an attorney to represent you in filing a claim.

G.   **When You File a Claim**:   A timely claim stops the administrative forfeiture proceeding.   The seizing agency forwards the timely claim to the U.S. Attorney's Office for further proceedings.   You may also file a petition for remission or mitigation.

H.   **Penalties for Filing False or Frivolous Claims:**   If you intentionally file a frivolous claim you may be subject to a civil fine.   *See* 18 U.S.C. § 983(h).   If you intentionally file a claim containing false information, you may be subject to criminal prosecution.   *See* 18 U.S.C. § 1001.

I.   **If No Claim is Filed**:   Failure to file a claim by **11:59 PM EST** on **June 24, 2021** may result in the property being forfeited to the United States.

J.   **Online Claim Exclusions:**   If you cannot find the desired assets online, you must file your claim in writing and send to the address listed above.   For more details regarding what assets can be claimed online, please see the Frequently Asked Questions at https://www.forfeiture.gov/FilingClaimFAQs.htm.

## III.   TO REQUEST RELEASE OF PROPERTY BASED ON HARDSHIP

A.   **Hardship Release**:   Upon the filing of a proper claim, a claimant may request release of the seized property during the pendency of the forfeiture proceeding due to hardship if the claimant is able to meet specific conditions.   *See* 18 U.S.C. § 983(f); 28 C.F.R. § 8.15.

B.   **To File Hardship Release:**   The hardship request cannot be filed online and must be in writing.   The claimant must establish the following:
   - Claimant has a possessory interest in the property;
   - Claimant has sufficient ties to the community to assure that the property will be available at the time of trial; and
   - Government's continued possession will cause a substantial hardship to the claimant.

C.   **Regulations for Hardship:**   A complete list of the hardship provisions can be reviewed at 18 U.S.C. § 983(f) and 28 C.F.R. § 8.15.   Some assets are not eligible for release.

# EXHIBIT B



**U.S. Department of Justice**

Federal Bureau of Investigation

*Washington, DC  20535*

Mr. ████ ████████

Los Angeles, CA ███

# NOTICE OF SEIZURE OF PROPERTY AND INITIATION OF ADMINISTRATIVE FORFEITURE PROCEEDINGS

## SEIZED PROPERTY IDENTIFYING INFORMATION

| | |
|---|---|
| **Notice Date:**  May 20, 2021 | **Asset ID Number:**  21-FBI-002956 |
| **Notice Letter ID:**  ████  (use ID when searching for assets during online filing) | |
| **Description of Seized Property:**   $274,030.00 U.S. Currency from Box #5006 | |
| **Seizure Date and Location:**   The asset(s) referenced in this notice letter were seized on March 22, 2021 by the FBI at U.S. Private Vaults in Beverly Hills, California. | |
| **Forfeiture Authority:**   The forfeiture of this property has been initiated pursuant to 18 USC 981(a)(1)(C) and the following additional federal laws: 19 U.S.C. §§ 1602-1619, 18 U.S.C. § 983 and 28 C.F.R. Parts 8 and 9. | |

**I.   THE GOVERNMENT MAY CONSIDER GRANTING PETITIONS FOR REMISSION OR MITIGATION, WHICH PARDONS ALL OR PART OF THE PROPERTY FROM THE FORFEITURE.**

**TO REQUEST A PARDON OF THE PROPERTY YOU MUST FILE A PETITION FOR REMISSION OR MITIGATION**

A.   **What to File:**   You may file both a claim (see section II below) and a Petition for Remission or Mitigation (Petition).   If you file only a petition and no one else files a claim, your petition will be decided by the seizing agency.

B.   **To File a Petition:**   A petition should be filed online or by mailing it via the U.S. Postal Service or a Commercial Delivery Service to the Federal Bureau of Investigation (FBI), Attn: Forfeiture Paralegal Specialist, 11000 Wilshire Blvd. Suite 1700, FOB, Los Angeles, CA 90024.   It must be received no later than 11:59 PM EST thirty (30) days of your receipt of this Notice.   *See* 28 C.F.R. Parts 8 and 9.

C.   **Requirements for Petition:**   The petition must include a description of your interest in the property supported by documentation and any facts you believe justify the return of the property and be **signed under oath**, subject to the penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury.   *See* 28 U.S.C. § 1746.

D.   **Petition Forms:**   A petition need not be made in any particular form but a standard petition form and the link to file the petition online are available at https://www.forfeiture.gov/FilingPetition.htm.   If you wish to file a petition online for the assets referenced in the asset list of this letter, please use the Notice Letter ID referenced above.

E.   **Supporting Evidence:**   Although not required, you may submit supporting evidence (for example, title paperwork or bank records showing your interest in the seized property) to substantiate your petition.

F.   **No Attorney Required:**   You do not need an attorney to file a petition.   You may, however, hire an attorney to represent you in filing a petition.

G.   **Petition Granting Authority:**   The ruling official in administrative forfeiture cases is the Unit Chief, Legal Forfeiture Unit, Office of the General Counsel.   The ruling official in judicial forfeiture cases is the Chief, Money Laundering and Asset Recovery Section, Criminal Division, Department of Justice.   *See* 28 C.F.R. § 9.1.

H.   **Regulations for Petition:**   The Regulations governing the petition process are set forth in 28 C.F.R. Part 9, and are available at www.forfeiture.gov.

I.   **Penalties for Filing False or Frivolous Petitions:**   A petition containing false information may subject the petitioner to criminal prosecution under 18 U.S.C. § 1001 and 18 U.S.C. § 1621.

Mr. Mario Oliver                                           Notice of Seizure

J. **Online Petition Exclusions:**   If you cannot find the desired assets online, you must file your petition in writing at the address listed above.   For more details regarding what assets can be petitioned online, please see the Frequently Asked Questions at https://www.forfeiture.gov/FilingPetitionFAQs.htm.

**II.  TO CONTEST THE FORFEITURE OF THIS PROPERTY IN UNITED STATES DISTRICT COURT YOU MUST FILE A CLAIM.**
*If you do not file a claim, you will waive your right to contest the forfeiture of the asset.   Additionally, if no other claims are filed, you may not be able to contest the forfeiture of this asset in any other proceeding, criminal or civil.*

A. **To File a Claim:**   A claim must be filed to contest the forfeiture.   A claim should be filed online or by mailing it via the U.S. Postal Service or a Commercial Delivery Service to the FBI, Attn: Forfeiture Paralegal Specialist, 11000 Wilshire Blvd. Suite 1700, FOB, Los Angeles, CA 90024.

B. **Time Limits**:   A claim must be filed within 35 days of the date of this letter; therefore, you must file your claim by **11:59 PM EST** on **June 24, 2021**.   *See* 18 U.S.C. § 983(a)(2).   A claim is deemed filed on the date received by the agency at the address listed above.

C. **Requirements for Claim**:   A claim must be filed online or in writing, describe the seized property, state your ownership or other interest in the property and be **made under oath**, subject to penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury.   *See* 18 U.S.C. § 983(a)(2)(C) and 28 U.S.C. § 1746.

D. **Claim Forms**:   A claim need not be made in any particular form, but a standard claim form and the link to file the claim online are available at https://www.forfeiture.gov/FilingClaim.htm.   *See* 18 U.S.C. § 983(a)(2)(D).   If you wish to file a claim online for the assets referenced in the asset list of this letter, please use the Notice Letter ID referenced above.

E. **Supporting Evidence**:   Although not required, you may submit supporting evidence (for example, title paperwork or bank records showing your interest in the seized property) to substantiate your claim.

F. **No Attorney Required**:   You do not need an attorney to file a claim.   You may, however, hire an attorney to represent you in filing a claim.

G. **When You File a Claim**:   A timely claim stops the administrative forfeiture proceeding.   The seizing agency forwards the timely claim to the U.S. Attorney's Office for further proceedings.   You may also file a petition for remission or mitigation.

H. **Penalties for Filing False or Frivolous Claims:**   If you intentionally file a frivolous claim you may be subject to a civil fine.   *See* 18 U.S.C. § 983(h).   If you intentionally file a claim containing false information, you may be subject to criminal prosecution.   *See* 18 U.S.C. § 1001.

I. **If No Claim is Filed**:   Failure to file a claim by **11:59 PM EST** on **June 24, 2021** may result in the property being forfeited to the United States.

J. **Online Claim Exclusions:**   If you cannot find the desired assets online, you must file your claim in writing and send to the address listed above.   For more details regarding what assets can be claimed online, please see the Frequently Asked Questions at https://www.forfeiture.gov/FilingClaimFAQs.htm.

**III.  TO REQUEST RELEASE OF PROPERTY BASED ON HARDSHIP**

A. **Hardship Release**:   Upon the filing of a proper claim, a claimant may request release of the seized property during the pendency of the forfeiture proceeding due to hardship if the claimant is able to meet specific conditions.   *See* 18 U.S.C. § 983(f); 28 C.F.R. § 8.15.

B. **To File Hardship Release:**   The hardship request cannot be filed online and must be in writing.   The claimant must establish the following:
  - Claimant has a possessory interest in the property;
  - Claimant has sufficient ties to the community to assure that the property will be available at the time of trial; and
  - Government's continued possession will cause a substantial hardship to the claimant.

C. **Regulations for Hardship:**   A complete list of the hardship provisions can be reviewed at 18 U.S.C. § 983(f) and 28 C.F.R. § 8.15.   Some assets are not eligible for release.