UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03254-RGK-MAR | Date | June 7, 2021 |
|---|---|---|---|
| Title | *Does 1 et al v. United States of America et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiffs' *Ex Parte* Application for A Temporary Restraining Order [DE 26]

## I.   INTRODUCTION

On April 15, 2021, six Plaintiffs proceeding under the pseudonyms Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, and Doe 6 ("Plaintiffs")[1] filed a complaint against the United States of America and Merrick Garland in his official capacity as U.S. Attorney General (together, "the Government"). Plaintiffs allege claims for Return of Property pursuant to Federal Rule of Criminal Procedure Rule 41(g) and for violation of Plaintiffs' rights under the Fourth and Fifth Amendments of the Constitution.

Plaintiffs' claims arise from the Government's seizure and search of Plaintiffs' personal property located in six safe deposit boxes on the premises of non-party US Private Vaults. Plaintiffs seek to represent a class of "All persons and/or entities who maintained a safe deposit box at US Private Vaults, located at 9182 West Olympic Boulevard, Beverly Hills, CA 90212 during the month of March 2021." (Compl. ¶ 14, ECF No. 1).

Presently before the Court is Plaintiffs' *Ex Parte* Application for Temporary Restraining Order, ("TRO Application") (ECF No. 26). For the reasons that follow, the Court **DENIES** Plaintiffs' TRO Application.

---

[1]   Plaintiffs filed this suit pseudonymously to protect themselves from the risk of criminal prosecution, and from injury, harassment, retaliation, and embarrassment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03254-RGK-MAR | Date | June 7, 2021 |
|---|---|---|---|
| Title | *Does 1 et al v. United States of America et al* | | |

## II.  FACTUAL BACKGROUND

A full recitation of the factual background is set for in the Court's order of April 22, 2021. (ECF No. 23). Here, the Court recounts only those additional facts that are pertinent to the present Application.

On May 20, 2021, the FBI issued a "Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings" ("the FBI Notice") and an attached list of assets that the Government seeks to forfeit. (*See* Exhibit A to Pls.' TRO Application, ECF No. 26-1). The list of assets includes cash that was seized from safe deposit boxes owned by the six Plaintiffs—box numbers 5006, 6710, 4300, 400, and 40. (*Id.*)

The FBI Notice outlines the process by which a person with an interest in the property sought to be forfeit can submit a claim to the property in the context of the administrative forfeiture proceeding. According to the Notice, the deadline to file a claim with the FBI to contest the forfeiture is June 24, 2021. (*Id.*, ¶II.A). Paragraph II.C. of the Notice further states:

> **Requirements for Claim**: A claim must be filed online or in writing, describe the seized property, state your ownership or other interest in the property and be made under oath, subject to penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury. *See* 18 U.S.C. § 983(a)(2)(C) and 28 U.S.C. § 1746.

(The FBI Notice, ¶ II.C.).

## III.  JUDICIAL STANDARD

While a preliminary injunction is intended to preserve the status quo pending a judgment on the merits, a TRO is intended to preserve the status quo only until a preliminary injunction hearing can be held. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974). "Consequently, [TROs] are of limited duration, not—like preliminary injunctions—of indefinite duration." *Id.*

The standard for a TRO is "substantially identical" to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The court may also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03254-RGK-MAR | Date | June 7, 2021 |
|---|---|---|---|
| Title | *Does 1 et al v. United States of America et al* | | |

apply a sliding scale test, whereby the elements of the *Winter* test are balanced "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The moving party has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

**IV.   DISCUSSION**

Plaintiffs request that the Court enter a TRO restraining the "[G]overnment, including the FBI, from rejecting administrative forfeiture claims that are filed with the FBI using a pseudonym." (TRO Application at 7). Plaintiffs assert that the Government "has told Plaintiffs it will oppose such pseudonymous administrative filings." (*Id.* at 5). The Government, without citation to any relevant authority, argues that "Plaintiffs should not be allowed to proceed anonymously in administrative forfeiture proceedings." (Defs.' Opp. to Pls.' TRO Application at 7, ECF No. 27). The Government further asserts that "[a]sking the Court to intervene in [administrative forfeiture] proceedings, which include extensive regulations and procedural rules, is unwarranted." (*Id.*)

Although the Government makes a creative argument about why "Plaintiffs *should* not be allowed to proceed anonymously," the Court is not in the business of saying what the process *should* be. The Government cites no federal statute, regulation, or procedural rule that requires claimants in an administrative forfeiture proceeding to identify themselves by their legal names, nor is the Court aware of any such legal authority. Rather, 18 U.S.C. § 983, titled "General rules for civil forfeiture proceedings," only requires that "[a] claim shall--(i) identify the specific property being claimed; (ii) state the claimant's interest in such property; and (iii) be made under oath, subject to penalty of perjury." 18 U.S.C. § 983(a)(2)(C). The Court is therefore unpersuaded by the Government's argument.

Nonetheless, the Court **DENIES** Plaintiffs' TRO Application because Plaintiffs have failed to show that they are likely to suffer irreparable harm should a TRO not issue. Plaintiffs assert that the Government will reject "pseudonymous administrative filings[,]" but do not allege that they have filed pseudonymous claims in the administrative forfeiture proceeding. Nor is there any evidence that any such claims have been rejected yet. The filing deadline is June 24, 2021, which provides Plaintiffs with ample time to file their claims. Moreover, the Court presumes that the Government will conduct the administrative forfeiture proceeding in a manner consistent with law. Plaintiffs have therefore failed to demonstrate that they will be irreparably harmed if the Court does not issue their requested "TRO

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03254-RGK-MAR | Date | June 7, 2021 |
|---|---|---|---|
| Title | *Does 1 et al v. United States of America et al* | | |

directing the [G]overnment to accept pseudonymous property claims[.]" (*See* Pls.' TRO Application at 1).[2]

### V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' TRO Application.

**IT IS SO ORDERED.**

:

Initials of Preparer

---

[2] The Government also argues that the commencement of the administrative forfeiture proceeding on May 20, 2021 divested the Court of jurisdiction over Plaintiffs' claim for return of property under Rule 41(g) because the administrative forfeiture proceeding provides Plaintiffs with "an adequate remedy at law." (Defs.' Opp. to Pls.' TRO Application at 5). Because the Court denies Plaintiffs' TRO Application on other grounds, the Court need not address the Government's jurisdictional argument at this juncture. But of course, the administrative forfeiture proceeding will only provide Plaintiffs with an adequate remedy at law if it is conducted in a manner consistent with law.