Eric Honig (CSBN 140765)
LAW OFFICE OF ERIC HONIG
A Professional Law Corporation
P.O. Box 10327
Marina del Rey, CA 90295
erichonig@aol.com
Telephone:  (310) 699-8051
Fax:  (310) 943-2220

ERIC D. SHEVIN (CSBN 160103)
Shevin Law Group
15260 Ventura Boulevard, Suite 1400
Sherman Oaks, California  91403
eric@shevinlaw.com
tel. 818-784-2700
fax 818-784-2411

RICHARD M. BARNETT (CSBN 65132)
A Professional Law Corporation
105 West F Street, 4th Floor
San Diego, CA 92101
richardmbarnett@gmail.com
Telephone: (619) 231-1182
Facsimile: (619) 233-3221

PAUL L. GABBERT (CSBN 74430)
2530 Wilshire Boulevard
Second Floor
Santa Monica, CA 90403
plgabbert@aol.com
Telephone: 424 272-9575
Facsimile: 310 829-2148

Michael S. Chernis  (CSBN 259319)
CHERNIS LAW GROUP P.C.
Santa Monica Water Garden
2425 Olympic Blvd.
Suite 4000-W
Santa Monica, CA 90404
Michael@chernislaw.com
Tel:  (310) 566-4388
Fax: (310) 382-2541

Devin J. Burstein (CSBN 255389)
Warren & Burstein
501 West Broadway, Suite 240
San Diego, California 92101
db@wabulaw.com
Telephone: (619) 234-4433

Attorneys for Plaintiffs Does 1-6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| DOES 1-6, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>UNITED STATES OF AMERICA,  and MERRICK GARLAND, in his official capacity as United States Attorney General,<br><br>　　　　　　Defendants.<br>_____ | No.: 2:21-cv-03254-RGK-MAR<br><br>NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MOTION FOR PRELIMINARY INJUNCTION; DECLARATIONS; EXHIBITS; PROPOSED ORDER<br><br>DATE:    9/7/21<br>TIME:    9:00 a.m.<br>CTRM:    850 Roybal Fed. Bldg. |

PLEASE TAKE NOTICE that on September 7, 2021, at the Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor, Class Representative Plaintiffs DOES 1-6 ("Plaintiffs"), on behalf of themselves and all others similarly situated, hereby move for class certification and for a preliminary injunction.  This motion is based on Federal Rule of Civil Procedure 23, 18 U.S.C. §983, all other applicable statutes and rules of civil procedure, all relevant case law, the Local Rules of this Court, the attached memorandum of points and authorities, and upon any other oral and/or documentary evidence which may be adduced at the hearing on this motion.

This motion is made following a conference with opposing counsel on July 16, 2021, pursuant to Local Rule 7-3.

Dated: July 26, 2021          Respectfully submitted,

LAW OFFICE OF ERIC HONIG
A Professional Law Corporation
RICHARD M. BARNETT
ERIC D. SHEVIN
CHERNIS LAW GROUP P.C.
PAUL L. GABBERT
DEVIN J. BURSTEIN


/s/ Eric Honig
_____
ERIC HONIG
Attorneys for  Plaintiffs and the Class

ii

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.............................................. v

I.      INTRODUCTION............................................... 1

II.     BACKGROUND................................................ 1

     A.    The FBI seizes Plaintiffs' property.............................. 1

     B.    The government nevertheless initiated a criminal investigation and searched and seized the contents of every box.................... 3

     C.    The FBI commences administrative forfeiture proceedings, but the Court holds that the FBI's seizure notices are inadequate.......... 4

     D.    The Court confirms that USPV box holders may file administrative forfeiture claims using a pseudonym and thus remain anonymous. 5

     E.    The number of putative class members............................ 6

III.    MOTION FOR CLASS CERTIFICATION......................... 8

     A.    Legal Standard................................................ 8

     B.    The Rule 23 requirements for a class action are met in this case... 9

IV.    MOTION FOR PRELIMINARY INJUNCTION.................... 17

     A.    Legal standard for a preliminary injunction..................... 17

     B.    This Court previously held that the defendant government's notice of seizure did not comply with due process and thus preliminarily enjoined the government from civilly forfeiting the property of USPV box holders............................................. 18

     C.    18 U.S.C. §983(a)(1)(F) provides that the government "shall" return seized property to its owner if the required notice of seizure is not provided within 60 days......................................... 19

     D.    Rule 41(g)................................................... 20

iii

**E.    Plaintiffs, on behalf of themselves and all others similarly situated, hereby move the Court to enjoin the government from civilly forfeiting property seized from USPV boxes for which the seizure notices were constitutionally inadequate, to enjoin the government from holding onto their property, and order the government to return the property to them pending further proceedings** . . . . . . . 21

**V.     CONCLUSION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  24

iv

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). . . . .  17

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 466, 133 S.Ct. 1184,
    185 L.Ed.2d 308 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

*Comcast Corp. v. Behrend*, 569 U.S. 27, 33, 133 (2013. . . . . . . . . . . . . . . . . . . . . . .  8

*E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640,668 (9th Cir. 2021). . . . . . . . . .  17

*Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011). . . . . . . . . . . . . .  9

*Elrod v. Burns*, 427 U.S. 347, 373 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23

*Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1029 (9th Cir. 2012). . . . . . .  12

*Fyock v. City of Sunnyvale*, 25 F. Supp. 3d 1267, 1282 (N.D. Cal. 2014 . . . . . . . . .  23

*Goodnight v. Shalala,* 837 F. Supp. 1564, 1582 (D. Utah 1993). . . . . . . . . . . . . . . . .  2

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). . . . . . . . . .  12, 13, 14

*Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). . . . . . . . . . . . . .  13

*Hansberry v. Lee*, 311 U.S. 32, 42-43, 61 S.Ct. 115, 85 L.Ed. 22 (1940). . . . . . . . .  14

*Hill v. McDonough*, 547 U.S. 53, 584 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942 (9th Cir. 2015). . . . . . .  14

*Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1165 (9th Cir. 2014). . . . . . . . . . . . . .  12

*Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012) . . . . . .  8, 12

*Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) . . . . . . . . . . . . . . . . . . . .  23

*Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010). . . . . . . . . . . . . . . . . . . .  11

*Regents of California v. Am. Broad. Companies, Inc.*, 747 F.2d 511, 514
    (9th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

v

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Rodriguez v. Hayes*, 591 F.3d 1105, 1123 (9th Cir. 2010). . . . . . . . . . . . . . . . . . . .   13

*United States v. $8,850 U.S. Currency,* 461 U.S. 555, 564, 103 S.Ct. 2005,
    2012, 76 L.Ed.2d 143 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22-23

*United States v. $10,000.00 in U.S. Currency,* 2007 WL 2330318, at *1
    (S.D.Cal. Aug. 13, 2007).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

*United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1016
    (9th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   20

*United States v. $12,248 U.S. Currency,* 957 F.2d 1513 (9th Cir.1991). . . . . . . . . .   22

*United States v. $200,255.00 in U.S. Currency,* 2006 WL 1687774
    (M.D.Ga. June 16, 2006).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

*United States v. Assorted Jewelry with an Approximate Value of $219,860.00,*
    386 F.Supp.2d 9 (D.Puerto Rico 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

*United States v. Bolar,* 569 F.2d 1071, 1072 (9th Cir.1978). . . . . . . . . . . . . . . . . .   20

*United States v. Harrell*, 530 F.3d 1051, 1057 (9th Cir. 2008). . . . . . . . . . . . . . . .   20

*United States v. McCormick,* 502 F.2d 281, 288 (9th Cir.1974). . . . . . . . . . . . . . .   20

*United States v. Miscellaneous Firearms, Explosives, Destructive Devices,*
    *Ammunition,* 399 F.Supp.2d 881, 882 (C.D.Ill.2005). . . . . . . . . . . . . . . . . . .   19

*United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA,*
    545 F.3d 1134, 1141 (9th Cir.2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

*United States v. U.S. Currency in the Amount of $228,536.00*, 895 F.2d 908
    (2d Cir.), *cert. denied*, 495 U.S. 958, 110 S.Ct. 2564, 109 L.Ed.2d 747
    (1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S.Ct. 2541,
    180 L.Ed.2d 374 (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

*Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008). . . . . . . . . . . . . . .   17

*Zinser v. Accufix Research Inst., Inc*., 253 F.3d 1180, 1186, amended,
    273 F.3d 1266 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    9

vi

1

## FEDERAL STATUTES AND RULES

2

Fed.R.Civ.P. 23. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

3

Federal Rule of Criminal Procedure 41(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

4

18 U.S.C. §983(a)(1)(A)(i, ii). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

5

18 U.S.C. §983(a)(2)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

6

18 U.S.C.§983(a)(2)(C). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

7

18 U.S.C. §983(a)(1)(F). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

8

19 U.S.C. §1607(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

9

28 U.S.C. §1746. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

10

11

12

## MISCELLANEOUS

13

5 Moore's Federal Practice §  23.22[3][b] (3d ed. 2003). . . . . . . . . . . . . . . . . . . . .   11

14

William B. Rubenstein *et al.*, 1 Newberg on Class Actions § 3.58 (5th ed. 2011). .   14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.  INTRODUCTION

Plaintiffs DOES 1-6, on behalf of themselves and all others similarly situated, request the Court to allow them and the putative class members to use a pseudonym to file claims in any judicial civil forfeiture action filed by the government relating to the seized USPV safe deposit boxes.  They move the Court to certify three classes of putative class members seeking such relief.

Pursuant to 18 U.S.C. §983(a)(1)(F), Plaintiffs further move the Court to enter a preliminary injunction enjoining the government from civilly forfeiting property seized from USPV boxes for which the government provided inadequate and unconstitutional seizure notices, or provided no notice at all, pending any potential judicial forfeiture proceedings involving this property.  Plaintiffs also move, pursuant to Federal Rule of Criminal Procedure 41(g), that the Court order the return of property that was stored in USPV safe deposit boxes for which the government did not serve or publish a notice of seizure, or provided inadequate notice.

# II.  BACKGROUND

## A.    The FBI seizes Plaintiffs' property.

Since 2011, US Private Vaults ("USPV") operated a private safe deposit box facility, and rented between 600 and 1000 boxes to hundreds of customers who kept non-contraband property, including U.S. currency, gold and jewelry.  Plaintiffs Does 1-6 maintained the following boxes, respectively: 1) box numbers 5006 and 4105; 2) #5006 and #4105, 3) #6710, 4) #4300, 5) #400, and 6) #40.  Only the box holder or their designee can open their box, through encrypted biometric information and their own key.

1

ECF 23, Civil Minutes, p. 2 (order denying TRO).

After a grand jury indicted USPV (but no individuals) for various offenses, federal law enforcement agents searched USPV, seized all of the privately-held boxes pursuant to a criminal seizure warrant, and then opened and searched and seized the contents of each individual box (even though none of the box holders was identified in the search warrant as being part of the criminal investigation or indictment). *Id*.

However, based on the defendant government's representations in the seizure warrant affidavit that the warrant would only "authorize the seizure of the nests of the boxes themselves, not their contents", the warrant specifically disallowed agents from conducting a criminal search or seizure of the contents of the safe deposit boxes. Instead, the warrant required that government agents "shall follow their written inventory policies to protect their agencies and the contents of the boxes," and "shall inspect the contents of the boxes in an effort to identify their owners in order to notify them so that they can claim their property." Appendix to ECF 20 (underlined emphasis in original). Paragraph 108 of the redacted warrant affidavit further stated:

> By seizing the nests of safety deposit boxes, the government will necessarily end up with custody of what is inside those boxes initially. Agents will follow their written inventory policies **to protect their agencies from claims of theft or damage to the contents of the boxes**, and to ensure that no hazardous items are unknowingly stored in a dangerous manner. Agents will attempt to notify the lawful owners of the property stored in the boxes on how to claim their property, such as posting that information on the internet or at USPV itself, or by contacting the owners directly. In order to notify the owners directly, agents will, in accordance with their policies regarding an unknown person's property, look for contact information or something which identifies the owner.

*Id*. (emphasis added).

Footnote 40 to the affidavit further states that "[t]he FBI policy regarding taking custody of an unknown person's property provides, in part, that agents 'inspect the property as necessary to identify the owner and preserve the property for safekeeping.' **The inspection 'should extend no further than necessary to determine ownership**.'" *Id*. (emphasis added).  Thus, the warrant made it clear that the government was allowed to inspect and seize the contents of the individual boxes for the limited purpose of identifying the rightful owners of the box contents and to ensure the safety of those contents.

**B.    The government nevertheless initiated a criminal investigation and searched and seized the contents of every box.**

The government, however, has refused to return Plaintiffs' property unless they identify themselves. ECF 23, p. 2.[6] As Plaintiffs alleged, the government confirmed that it intends to criminally investigate them and other box holders if they identify themselves, and that the burden has been placed on them to convince the FBI that they obtained their property legally.   "Thus, for Plaintiffs to vindicate their Fourth Amendment right to be free from unreasonable searches and seizures, they must forfeit their Fifth Amendment right against self-incrimination." *Id.*, p.3.

In denying the TRO, this Court held that "to the extent Plaintffs wish to continue

---

[6]    After filing their Class Action Complaint in this case seeking various types of declaratory and injunctive relief, Plaintiffs applied for a temporary restraining order ("TRO") requesting relief as to some of the Complaint's causes of action. ECF 6, pp. 10-13. The government opposed, arguing that Plaintiffs "misunderstood" the FBI's claims procedure, which has "nothing to do with asset forfeiture," which "has not yet even commenced."  ECF 16, 11:1-13. It further argued that, using the March 22, 2021 execution of the search warrant, the government would have 60 days to send notice of the seizure of any the box holders property, and Plaintiffs could then assert their rights to contest forfeiture proceedings. *Id*., at 12:16-27.

3

to prosecute this claim anonymously, this issue is premature **as the Government has not filed a motion to require Plaintiffs to identify themselves**." *Id.*, p. 5 (emphasis added). The Court further stated Plaintiffs had another avenue to seek return of their property that does not involve engaging in the FBI's claims process, i.e., they may bring a claim for return of property under Federal Rule of Criminal Procedure 41(g), which the Court noted Plaintiffs already have done in their Class Action Complaint. *Id.*, pp. 5-6.

**C.     The FBI commences administrative forfeiture proceedings, but the Court holds that the FBI's seizure notices are inadequate.**

The FBI then instituted administrative civil forfeiture proceedings against the property belonging to Plaintiffs and the putative class members that was seized from the USPV safe deposit boxes. See Exhibit A, Notice of Seizure and Initiation of Administrative Forfeiture Proceedings (including Plaintiffs' box numbers 5006, 6710, 4300, 400, and 40).[2]

According to the FBI, Plaintiffs and the class members had until June 24, 2021 to file a claim with the FBI contesting forfeiture of their property. *Id.*, ¶II.A, II.B, and II.I. Citing to 18 U.S.C.§983(a)(2)(C) and 28 U.S.C. §1746, the Notice stated that a claim must only 1) be filed in writing, 2) describe the seized property, 3) state the ownership or other interest of the claimant, and 4) be made under oath, subject to penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury. *Id.*, ¶II.C. The Notice also stated that filing of a timely claim will stop the administrative forfeiture proceeding – meaning the FBI no longer can forfeit the property on its own – and that

---

[2] Plaintiffs, who remain anonymous to the FBI, learned of the existence of this Notice of Seizure only indirectly, since the government did not serve that notice on them or their counsel, but on USPV's attorney Michael Singer. Declaration of Eric Honig, ¶3.

4

the FBI will forward the claim to the U.S. Attorney's Office for further proceedings. *Id.*, ¶II.G.

In a TRO in a related case, however, this Court held that the FBI's Notice of Seizure did not comply with due process or controlling case law, because it did not provide either 1) the factual basis, or 2) the specific statutory provisions that the government maintained justified forfeiture of the specific property seized from each specific USPV box. *Snitko v. United States*, No. 2:21-cv-4405-RGK-MAR, ECF 52, p. 4. Based on the FBI's May 20, 2021 inadequate forfeiture notice, the Court subsequently preliminarily enjoined the government from civilly forfeiting the property of two USPV box holders "without first sending forfeiture notices that identify the specific factual and legal basis for the Government's determination to commence civil forfeiture proceeding." *Snitko*, ECF 58, p. 5.

**D.     The Court confirms that USPV box holders may file administrative forfeiture claims using a pseudonym and thus remain anonymous**.

In the meantime, Plaintiffs were left with the Hobson's choice between filing claims in response to the FBI's constitutionally inadequate notice or potentially losing their property to government forfeiture. They thus sought a second TRO prohibiting the FBI  from rejecting administrative forfeiture claims filed by box holders using a pseudonym. Though it denied the TRO, the Court explicitly stated that the government "cite[d] no federal statute, regulation, or procedural rule that requires claimants in an administrative forfeiture proceeding to identify themselves by their legal names, nor is the Court aware of such legal authority." The Court further stated that it "presumes that the Government will conduct the administrative forfeiture proceedings in a manner

5

consistent with law."   ECF 29, p. 3.   Consequently, Plaintiff DOES 1-6 all filed administrative forfeiture claims to the property in their USPV safe deposit boxes using a pseudonym, which the FBI accepted; they wish to continue contesting forfeiture of their property using a pseudonym.   Declarations of DOES 1-6, ¶¶4-5; Exhibit B, FBI Acceptance Letters for claims of DOES 1 and 2, and for DOES 3, 5 and 6.

**E.     The number of putative class members.**

The government has commenced administrative forfeiture proceedings against the contents of over 400 safe deposit boxes at USPV. Exhibit A, FBI Notice of Seizure (sent to USPV's attorney Michael Singer).   Plaintiff DOES 1 and 2 filed administrative forfeiture claims to the currency seized from box 5006, and DOE 3 filed an administrative forfeiture claim to the currency seized from box 6710.   Declarations of DOES 1, 2 and 3, at ¶4.

According to the FBI, however, it has not yet identified a contact person for about 100 USPV safe deposit boxes.  Exhibit C, e-mail from FBI Supervisory Special Agent Jessie T. Murray.  The owners of those boxes thus remain anonymous and have not received written notice of the seizure of their property.

In addition, 122 boxes of seized currency listed on the U.S. government website's published notices of seizure are not connected with an identified name.  Exhibit D, list of published notice of boxes with unidentified box holders.  Thus, if the government continues to try to forfeit USPV box holders' currency in judicial forfeiture proceedings, at least 122  box holders (plus DOES 1-6) would be within a putative class of the owners of property held in USPV boxes who remain anonymous while seeking return of their

6

1   property.  See also Exhibit E, *infra*.[3]

2   The FBI's global Notice of Seizure included Box #5006. Exhibit A, p. 4 (Asset ID

3   No. 21-FBI-002956).  Plaintiff DOES 1 and 2 maintain interests in the currency in that

4   box.  Plaintiff DOE 2 received notice of the seizure of Box #5006, however DOE 2's

5   name had been listed at USPV as the "contact" person for that box.  Declarations of

6   DOES 1 and 2, ¶4.  The FBI's June 28, 2021 published notice listed 141 USPV boxes

7   that similarly identified a contact person. Exhibit E, FBI "Official Notification" of

8   seizures posted on the government's forfeiture.gov website on June 28, 2021 (boxes with

9   contact names highlighted in red).[4]

10  Some of the DOE Plaintiffs have not received any written or published notice at

11  all of the seizure of their personal property, which also was not listed on the FBI's global

12  Notice of Seizure.  Specifically, DOES 1 and 2 have never received notice of the seizure

13  of the currency they held in Box #4105, and thus have not filed an administrative

14  forfeiture claim.  They also received no notice for the gold they held in Box #5006.

15  Declaration of DOE 1, ¶¶4, 5;  Declaration of DOE 2, ¶¶4, 5.  Also, DOE 3 stored gold

16  and jewelry in Box #6710, but never received any notice of seizure for that property.

17  Declaration of DOE 3, ¶4.

18  The FBI's global notice (sent to USPV's attorney) listed 10 pages showing 115

19  ───────────────

20  [3]  Exhibit E (6/28/21 FBI published notices) lists 108 boxes without identifying a box holder name.

21  [4]  Thus, similar to Plaintiff DOE 2, if the government continues to try to forfeit USPV box holders' property in judicial forfeiture proceedings, at least another 141 box holders fall into a putative class of the actual owners of property in USPV boxes (in addition to the contact persons) who wish to remain anonymous and seek return of their property using a pseudonym.

28

7

boxes containing personal property such as gold and jewelry.  Exhibit A, pp. 11-20 (Asset ID ## 21-FBI-003330 to 3444.  The FBI's published notices, however, do not include any of that **personal property** seized from those USPV boxes;  the government published notice only as to the **currency** seized from most of those boxes.  See Exhibit E.  Thus, like DOES 1, 2 and 3, about 114 box holders also did not receive written or published notice of seizure of their non-currency personal property.

### III.  MOTION FOR CLASS CERTIFICATION

**A.**     **Legal Standard.**

One or more members of a class may sue or be sued as representative parties on behalf of all members if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class ); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed.R.Civ.P. 23(a).  In other words, a proposed **class** must meet the requirements of numerosity, commonality, typicality, and adequacy of representation.  *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012).

If Rule 23(a) is satisfied, then, a party seeking to maintain a class action also must "satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33, 133 (2013).  Plaintiffs seek to certify the proposed class under Rule 23(b) or, alternatively, Rule 23(b)(1)(A). Under Rule 23(b), a class action may proceed if "the party opposing the class has acted or refuses to act on grounds that apply generally to the class, so that final injunctive relief or

corresponding declaratory relief is appropriate respecting the class as a whole; or the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed.R.Civ.P. 23(b)(2) and (3).

Under Rule 23(b)(1), a class action may proceed if prosecuting separate actions by or against individual class members would create a risk of "inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class."

The party seeking certification bears the burden of showing that each of the four requirements of Rule 23(a) and at least one requirement of Rule 23(b) have been met. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186, amended, 273 F.3d 1266 (9th Cir. 2001). Rule 23 "grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 466, 133 S.Ct. 1184, 185 L.Ed.2d 308 (2013). "Merits questions may be considered to the extent – but only to the extent – that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.* A district court, however, "*must* consider the merits if they overlap with the Rule 23(a) requirements." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011).

**B.    The Rule 23 requirements for a class action are met in this case.**

In their Class Action Complaint, Plaintiffs seek injunctive and/or declaratory relief to allow them to contest U.S. government forfeiture of their property using a pseudonym

9

to identify themselves, or, in the alternative, an order allowing them to file claims and litigate their case under seal, or an order appointing a special master to administer claims filed in their own names (out of the purview of the defendant government).  ECF 1, ¶¶43-45; Prayer for Relief, ¶¶c and d.  Plaintiffs also seek return of their property pursuant to Federal Rule of Criminal Procedure 41(g).  ECF 1, ¶¶39-41.

The Class Action Complaint initially proposed a broad class defined as follows: "All persons and/or entities who maintained a safe deposit box at US Private Vaults, located at 9182 West Olympic Boulevard, Beverly Hills, CA 90212 during the month of March 2021."  ECF 1, ¶14.  After discovering additional facts, Plaintiffs now request certification of three more narrowly-defined classes:

**Class 1**: All persons and/or entities who maintained a safe deposit box at US Private Vaults, whose box was searched and the contents seized by the FBI on or about March 22, 2021, who received the government's constitutionally-inadequate notice of seizure of their property but filed an administrative forfeiture claim, and seek return of their property in judicial forfeiture proceedings using a pseudonym and/or through sealed filings or the appointment of a special master to administer their claims.

**Class 2**: All persons and/or entities who maintained a safe deposit box at US Private Vaults, whose box was searched and the contents seized by the FBI on or about March 22, 2021, and who have received no written or published  notice of seizure, and seek return of  their property using a pseudonym, and/or through under sealed filings or the appointment of a special master to administer their claims.

**Class 3**:  All persons and/or entities who maintained a safe deposit box at US Private Vaults, whose box was searched and the contents seized by the FBI on or about March 22, 2021, but received a constitutionally-inadequate notice, and seek return of their property using a pseudonym, and/or through sealed filings or the appointment of a special master to administer the relief they seek.

The Rule 23 requirements for a class action are met in this case:

1. <u>Numerosity</u>.  "In general, courts find the numerosity requirement satisfied when a class includes at least 40 members," and the Ninth Circuit has found the requirement satisfied for a class with just 20 members.  *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010).  Where only injunctive or declaratory relief is sought, courts have held that the numerosity requirement is relaxed so that even speculative or conclusory allegations regarding numerosity are sufficient to permit class certification. 5 Moore's Federal Practice §  23.22[3][b] (3d ed. 2003); see also *Goodnight v. Shalala,* 837 F. Supp. 1564, 1582 (D. Utah 1993)(numerosity requirement satisfied where plaintiffs could only speculate as to the size of a class, so  that "when injunctive relief is the only relief requested, even speculative or conclusory representations regarding numerosity will suffice to permit class certification.").  Because plaintiffs seek injunctive and declaratory relief, the numerosity requirement therefore is relaxed and plaintiffs may rely on the reasonable inference arising from plaintiffs' other evidence.

**Class 1**:  Plaintiff DOES 1-6 filed administrative forfeiture claims using a pseudonym.  The government has not identified a contact person for about 100 USPV safe deposit boxes, and over 120 boxes listed on the U.S. government website's published notices of seizure are not connected with an identified name.  DOES 1-6 and the owners of the property seized from those boxes thus remain anonymous.  These box holders are putative members of Class 1.  Plaintiffs therefore request the Court to appoint DOES 1-6 as class representatives.  In addition, they seek the appointment of DOE 2 to represent an additional 141 box holders whose "contact" person was served but who wish to remain anonymous in judicial forfeiture proceedings in seeking return of their

11

property.

**Class 2**:  Plaintiffs seek the appointment of DOES 1, 2, 3 and 6 to represent a putative class of more than 100 box holders who received neither written nor published notice of seizure of their non-currency personal property, and wish to remain anonymous in judicial forfeiture proceedings while seeking return of property pursuant to Fed.R.Crim.P. 41(g), *inter alia*.  See motions for a preliminary injunction and for the return of property, *infra*.

**Class 3**:  Plaintiffs seek the appointment of DOES 1-6 to represent a putative class of more than 400 box holders who received constitutionally inadequate notice of the seizure of their property and/or received no written seizure notice.  They would represent those box holders listed on the government's global notice of seizure who seek to move for the return of their property but wish to remain anonymous in any judicial forfeiture proceedings.  See motions for a preliminary injunction and for the return of property, *infra*.

The above parties fit within the proposed classes, and joinder of all of them undeniably would be impracticable, so the numerosity requirement is met here.

2.      Commonality. To satisfy the commonality requirement, a representative plaintiff must show that the putative **class** members suffered the "same injury," *i.e.*, that their claims depend on a "common contention." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011) (quotation marks omitted). But **class** members need not have *every* issue in common: Commonality requires only "a single significant question of law or fact" in common.  *Mazza*, 666 F.3d at 589; *see also Wal-*

*Mart*, 564 U.S. at 359, 131 S.Ct. 2541 ("We quite agree that for purposes of Rule 23(a)(2) even a single common question will do."). [C]ommon questions may center on 'shared legal issues with divergent factual predicates [or] a common core of salient facts coupled with disparate legal remedies.'" *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1165 (9th Cir. 2014)(quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)); *see also Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1029 (9th Cir. 2012) ("Where the circumstances of each particular **class** member vary but retain a common core of factual or legal issues with the rest of the **class**, commonality exists.").

Here, Plaintiffs and all putative class members would have in common their desired opportunity to seek the return of their property while remaining anonymous to the government. Plaintiffs and putative class members who received inadequate or no notice of the seizure also seek return of their property pursuant to Fed.R.Crim.P. 41(g) and would have that in common.

The requirement of commonality also is satisfied because "the constitutional issue at the heart of each class member's claim for relief is common." *Rodriguez v. Hayes*, 591 F.3d 1105, 1123 (9th Cir. 2010). Here, the common constitutional question for all proposed class members is their Fifth Amendment right to not be forced to incriminate themselves in exchange for seeking return of their property seized by the government.

3.   <u>Typicality:</u> Under the "permissive standards" of Rule 23(a)(3), a "representative's claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). "The purpose of the typicality requirement

is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

The typicality requirement is satisfied here, as Plaintiffs and other members of the class all raise and will raise the same constitutionally-based arguments. The plaintiffs and proposed class representatives all had their property (illegally) seized by the government, all are seeking to recover their property, and are all now confronted with the potential violation of their Fifth Amendment constitutional rights against self-incrimination if they want to obtain return of their property.

4.   Adequacy:   Rule 23(a)(4) states that before a class can be certified, a court must find that "the representative parties will fairly and adequately protect the interests of the class." This requirement turns on two questions: (1) whether "the named plaintiffs and their counsel have any conflicts of interest with other class members"; and (2) whether "the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020. The adequacy requirement is based on principles of constitutional due process, and so a court cannot bind absent class members if class representation is inadequate. *Hansberry v. Lee*, 311 U.S. 32, 42-43, 61 S.Ct. 115, 85 L.Ed. 22 (1940); *Hanlon*, 150 F.3d at 1020.

Only conflicts that are fundamental to the suit and that go to the heart of the litigation prevent a plaintiff from meeting the Rule 23(a)(4) adequacy requirement. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942 (9th Cir. 2015) (quoting William B. Rubenstein *et al.*, 1 Newberg on Class Actions § 3.58 (5th ed. 2011)).

There are no conflicts here. The proposed class representatives here seek the same

14

relief that they are requesting on behalf of the class as a whole. And the proposed class counsel have extensive experience litigating class actions, including several class actions involving federal asset forfeiture procedures, along with asset forfeiture defense and the prosecution and/or defense of criminal cases. See Declarations of Eric Honig, Paul Gabbert, Richard Barnett, Michael Chernis, Eric Shevin and Devin Burstein in support of class certification. The requirement of adequacy is therefore satisfied.

A ruling on class certification is necessary at this time and not premature. First, ¶7 of this Court's Standing Order requires that "[f]or any action purporting to commence a class action. . . the plaintiffs must file a Motion for Class Certification no later than 90 days from the date the complaint was served. This means the deadline for Plaintiffs to file their motion for class certification is in only 30 days, i.e., August 26, 2021.

Second, the deadline for the government to serve its notice of seizure (60 days after the seizure) was on or about May 22, 2021. The FBI's global Notice of Seizure (Exhibit A) is dated May 20, 2021. If box holders received written notice at that time, their deadline to file an administrative forfeiture claim with the FBI would have been 35 days after the notice letter, or by June 24, 2021. See 18 U.S.C. §983(a)(2)(B). The U.S. Attorney's Office would then have to file a judicial complaint for forfeiture within 90 days of the filing of the administrative claim, which would be on or before September 14, 2021. See 18 U.S.C. §983(a)(3)(A). The hearing date for Plaintiff's motion for class certification is on September 7, 2021, leaving the Court only seven days to make the decision whether to certify a class of pseudonymous judicial claimants.

This is important, because more than 100 box holders who wish to remain

15

anonymous to the government while contesting judicial forfeiture should be filing claims shortly thereafter.  If so, then this Court would face over 100 separate motions from box holders seeking permission to litigate using a pseudonym – or, conversely, more than 100 separate motions by the government seeking to strike claims filed with a pseudonym.[5]

Consequently, a class action is superior to the Court hearing over 100 individual motions in 100 separate cases, to fairly and efficiently adjudicate the controversy.  Also, prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications.  Plaintiffs and the putative class members all would fit within the proposed classes and joinder of all of them undeniably would be impracticable.

Finally, the government is holding onto the property seized from Plaintiffs and the box holders in violation of 18 U.S.C. §983(a)(1)(F), which mandates return of seized property for which notice of seizure has not been served within 60 days, depriving box holders of due process.  Plaintiffs will continue to suffer irreparable injuries while the government violates due process and the federal statute.

Accordingly, since the Plaintiffs have met the Rule 23 requirements of numerosity, commonality, typicality and adequacy, they request that the Court allow them to proceed

---

[5]   If not this Court, then Judge Scarsi may be the one to face over 100 separate motions in over 100 judicial civil forfeiture actions, since the related criminal case is assigned to his courtroom.  See *United States v. U.S. Private Vaults, Inc.*, CR  No. 2:21-cv-0106-MCS; see also Local Rule 83-1.3.2 (the parties must promptly file a Notice of Related Cases whenever a civil forfeiture case and a criminal case arise from the same or a closely related transaction, happening, or event, or call for determination of the same or substantially related or similar questions of law and fact, inter alia).

16

with this case representing the interests both of themselves and of the  class of USPV safe deposit box holders who are similarly situated – who also wish to remain anonymous during these proceedings.  Plaintiffs therefore request that the Court certify Class 1, Class 2 and Class 3.

## IV.  MOTION FOR PRELIMINARY INJUNCTION

Based on the Court's prior orders and the provisions of 18 U.S.C. §983(a)(1)(F), the government should be enjoined from seeking forfeiture of the property stored in all seized USPV boxes because of the government's inadequate, unconstitutional seizure notices, and ordered to return such property to its owners pending any potential judicial further proceedings involving that property.

Plaintiffs, on behalf of themselves and all others similarly situated, thus move the Court, pursuant to Federal Rule of Criminal Procedure 41(g), to order the return of all personal property seized from USPV safe deposit boxes for which the government did not serve or publish a notice of seizure, or did not serve or publish notice that complied with due process, pending further proceedings.

**A.     Legal standard for a preliminary injunction.**

The purpose of a preliminary injunction is generally to preserve the status quo pending a judgment on the merits. *Regents of California v. Am. Broad. Companies, Inc.*, 747 F.2d 511, 514 (9th Cir. 1984).  To obtain such injunctive relief, the moving party must show 1) a likelihood of success on the merits; 2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; 3) that the balance of equities tips in favor of the moving party; and 4) that an injunction is in the public interest.

17

1   *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  When the government

2   is a party, the last two factors merge.  *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d

3   640,668 (9th Cir. 2021).  The court also may apply a sliding scale test balancing the

4   *Winter* test elements "so that a stronger showing of one element may offset a weaker

5   showing of another."  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th

6   Cir. 2011).  The moving party has the burden of persuasion.  *Hill v. McDonough*, 547

7   U.S. 53, 584 (2006).

8

**B.    This Court previously held that the defendant government's notice of seizure
       did not comply with due process and thus preliminarily enjoined the
       government from civilly forfeiting the property of USPV box holders .**

This Court held that the FBI's Notice of Seizure did not comply with due process

or controlling case law, because it did not provide either 1) the factual basis, or 2) the

specific statutory provisions that the defendant government maintained justified

forfeiture of the specific property seized from each specific USPV box.  *Snitko*, *supra*,

2:21-cv-4405-RGK-MAR, ECF 52, p. 4.  Based on the FBI's May 20, 2021 inadequate

forfeiture notice, this Court subsequently preliminarily enjoined the government from

civilly forfeiting the property of two USPV box holders "without first sending forfeiture

notices that identify the specific factual and legal basis for the Government's

determination to commence civil forfeiture proceeding."  *Id.*, ECF 58, p. 5.

Accordingly, the government is collaterally estopped from arguing in this case that

its seizure notices to Plaintiffs and the putative class members were adequate or

effective, since the Court previously held that the same notices did not comply with due

process.  *United States v. U.S. Currency in the Amount of $228,536.00*, 895 F.2d 908 (2d

18

Cir.)(applying collateral estoppel to prevent relitigation in a civil forfeiture proceeding of a Fourth Amendment issue raised during suppression hearings at prior criminal trial), *cert. denied*, 495 U.S. 958, 110 S.Ct. 2564, 109 L.Ed.2d 747 (1990).

**C.   18 U.S.C. §983(a)(1)(F) provides that the government "shall"return seized property to its owner if the required notice of seizure is not provided within 60 days.**

In any nonjudicial civil forfeiture proceeding under a federal civil forfeiture statute, the government is required to send written notice to interested parties within 60 days after the date of a federal seizure, unless it files a civil judicial forfeiture action against the property within those 60 days. 18 U.S.C. § 983(a)(1)(A)(I, ii);[6] *see also, e.g., United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA,* 545 F.3d 1134, 1141 (9th Cir.2008)(government has 60 days after seizing property to send written notice to interested parties"); *United States v. Miscellaneous Firearms, Explosives, Destructive Devices, Ammunition,* 399 F.Supp.2d 881, 882 (C.D.Ill.2005)(government must commence either an administrative or judicial forfeiture proceeding within 60 days after seizure of the property).

If the government **does not** send notice of a seizure of property in accordance with subparagraph (A) to the person from whom the property was seized, and no extension of time is granted**, it shall return the property to that person**, although without prejudice to the right of the government to commence a forfeiture proceeding at a later time.  18 U.S.C. §983(a)(1)(F); see also *United States v. $10,000.00 in U.S. Currency,*

---

[6] Before forfeiting property, the seizing agency must publish notice for at least three weeks and must also send "[w]ritten notice of seizure together with information on the applicable procedures ... to each party who appears to have an interest in the seized article." 19 U.S.C. §1607(a).

2007 WL 2330318, at *1 (S.D.Cal. Aug. 13, 2007)(granting summary judgment and return of property due to government's failure to provide timely notice after seizure); *United States v. $200,255.00 in U.S. Currency,* 2006 WL 1687774 (M.D.Ga. June 16, 2006)("in the absence of timely notice, the seizing agency must return the seized property"); *United States v. Assorted Jewelry with an Approximate Value of $219,860.00,* 386 F.Supp.2d 9 (D.Puerto Rico 2005)(dismissing civil judicial forfeiture action and returning property to claimant where the government failed to provide timely notice after seizure).

Accordingly, federal forfeiture law in no uncertain terms requires that if the government does not provide a property owner with the required notice of seizure (i.e., one that complies with due process of law) within 60 days after the seizure date, then it must return the property to its owner, pending any further proceedings. *See United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1016 (9th Cir. 2013)(failure to provide timely notice does not require the government to return the property **if it has subsequently commenced a forfeiture proceeding**).

**D.      Rule 41(g)**

"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. ... . If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings." Fed.R.Crim.P. 41(g).

When the property in question is no longer needed for evidentiary purposes, the person from whom the property is seized is presumed to have a right to its return, and the

government has the burden of demonstrating that it has a legitimate reason to retain the property. The government must justify its continued possession of the property by demonstrating that it is contraband or subject to forfeiture. *United States v. Harrell*, 530 F.3d 1051, 1057 (9th Cir. 2008). An object is contraband per se if its possession, without more, constitutes a crime (*e.g.*, cocaine), *i.e.*, if there is no legal purpose to which the object could be put. *United States v. McCormick,* 502 F.2d 281, 288 (9th Cir.1974); *see also United States v. Bolar,* 569 F.2d 1071, 1072 (9th Cir.1978)(per curiam)(explaining that while diamond rings are not contraband per se, negatives of Federal Reserve Notes are).

Plaintiffs are not requesting return of any contraband by this present action. However, they seek return of their property herein pending any potential civil judicial forfeiture proceedings.[7]

**E.** **Plaintiffs, on behalf of themselves and all others similarly situated, hereby move the Court to enjoin the government from civilly forfeiting property seized from USPV boxes for which the seizure notices were constitutionally inadequate, and to enjoin the government from holding onto their property and order the government to return the property to them pending further proceedings.**

Based on the above facts and law, Plaintiffs and the putative class members are entitled to return of their property pending the potential filing of any judicial forfeiture proceedings. DOES 1 and 2 have never received notice of the seizure of the currency they held in Box #4105. They also received no notice for the gold they held in Box

---

[7] A Rule 41(g) motion is properly denied once a civil forfeiture action has been filed. *United States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1235 (9th Cir. 1988) ("[W]hen a civil forfeiture proceeding has been filed, the claimant has adequate remedies to challenge any fourth amendment violation .... [Thus,] there is no need to fashion an equitable remedy [pursuant to Rule 41(g)] to secure justice for the claimant.").

#5006.  Also, DOE 3 owns gold and jewelry held in Box #6710, but never received a notice of seizure for that property.  Since their safe deposit boxes and property were seized on March 22, 2021, the 60-day deadline for the government to serve notice of the seizure expired on May 21, 2021, more than two months ago.  Accordingly, they are entitled to the return of their property pending any further proceedings (if no judicial forfeiture proceeding has been filed) pursuant to 18 U.S.C. §983(a)(1)(F).

In addition, according to this Court, the FBI's seizure notices regarding the currency taken from the boxes maintained by DOES 1-6 were constitutionally inadequate.  *See, e.g.*, Exhibit E, published notice to box holders showing no factual basis for forfeiture whatsoever, and identifying only "18 USC 981(a)(1)(C)" as the sole statutory basis.  It should be undisputed that a seizure notice that violates due process is the functional equivalent of no notice at all.  Although Plaintiffs have submitted administrative forfeiture claims to contest forfeiture of their property, they also are entitled to the return of their property pending any further proceedings (i.e., if no judicial civil forfeiture proceeding have yet been filed against the property) pursuant to 18 U.S.C. §983(a)(1)(F) because of this insufficient notice that did not comport with the statute or due process.

Moreover, more than 100 putative class members received no notice of the seizure of their personal property, such as gold and jewelry, and the government's global notice (Exhibit A) was constitutionally inadequate .  Accordingly, pursuant to this Court's preliminary injunction entered in the *Snitko* case, *supra*, this Court should enjoin the government from civilly forfeiting any property (Class 3) for which the government

issued a notice of seizure that does not comport with due process.  In addition, each of Plaintiffs and other USPV box holders in Class 3 who received constitutionally-inadequate notice are entitled to return of their property pending further proceedings if no judicial civil forfeiture proceeding has been filed against the property.[8]

Plaintiffs have shown a likelihood of success on the merits, since it cannot be disputed that both their due process rights and the forfeiture statute have been violated by the government.  They also have shown a likelihood of irreparable harm in the absence of preliminary relief, since "the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)(quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *Fyock v. City of Sunnyvale*, 25 F. Supp. 3d 1267, 1282 (N.D. Cal. 2014)("[i]rreparable harm is presumed if plaintiffs are likely to succeed on the merits because a deprivation of constitutional rights always constitutes irreparable harm").

Finally, the balance of equities tips in favor of Plaintiffs and the box holders and an injunction is in the public interest, since "it is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres*, 695 at 1002 (citation and internal quotation marks omitted).

---

[8] The government has no justification for the delay in either returning the items of property or initiating forfeiture proceedings.  To determine whether a delay in filing a civil forfeiture proceeding has resulted in a due process violation, a court should consider four factors: 1) the length of the delay; 2) the reason for the delay; 3) the claimant's assertion of his rights; and 4) prejudice to the claimant by the delay. *United States v. $8,850 U.S. Currency,* 461 U.S. 555, 564, 103 S.Ct. 2005, 2012, 76 L.Ed.2d 143 (1983); *see also United States v. $12,248 U.S. Currency,* 957 F.2d 1513 (9th Cir.1991)(13-month delay was prejudicial where claimant lost a critical witness and had compelling verifiable evidence of a legitimate source for the seized currency). These elements are guides in balancing the interests of the property owner and the government to assess whether the basic due process requirement of fairness has been satisfied in a particular case. *$8,850 U.S. Currency,* 461 U.S. at 565.

Plaintiffs therefore, on behalf of themselves and these similarly-situated putative class members, hereby move the Court for a preliminary injunction ordering that the government 1) is enjoined from civilly forfeiting personal property and currency as to USPV boxes for which the government provided inadequate notice, 2) is enjoined from holding onto the Plaintiffs' and other box holders' property pending any further judicial proceedings, and 3) shall return of the property seized from the USPV boxes  pending any further judicial proceedings.

## V.  CONCLUSION

Plaintiffs, on behalf of themselves and the class members, hereby request the Court to grant certification of the proposed classes and grant Plaintiffs' proposed preliminary injunction and order for return of property.

Dated: July 26, 2021         Respectfully submitted,

LAW OFFICE OF ERIC HONIG
A Professional Law Corporation
RICHARD M. BARNETT
ERIC D. SHEVIN
MICHAEL S. CHERNIS
PAUL L. GABBERT
DEVIN J. BURSTEIN

/s/ Eric Honig

_____

ERIC HONIG
Attorneys for  Plaintiffs and the Class

24