| | |
|---|---|
| Eric Honig (CSBN 140765)<br>LAW OFFICE OF ERIC HONIG<br>A Professional Law Corporation<br>P.O. Box 10327<br>Marina del Rey, CA 90295<br>erichonig@aol.com<br>Telephone: (310) 699-8051<br>Fax: (310) 943-2220 | ERIC D. SHEVIN (CSBN 160103)<br>Shevin Law Group<br>15260 Ventura Boulevard, Suite 1400<br>Sherman Oaks, California 91403<br>eric@shevinlaw.com<br>tel. 818-784-2700<br>fax 818-784-2411 |
| RICHARD M. BARNETT (CSBN 65132)<br>A Professional Law Corporation<br>105 West F Street, 4th Floor<br>San Diego, CA 92101<br>richardmbarnett@gmail.com<br>Telephone: (6l9) 231-1182<br>Facsimile: (619) 233-3221 | PAUL L. GABBERT (CSBN 74430)<br>2530 Wilshire Boulevard<br>Second Floor<br>Santa Monica, CA 90403<br>plgabbert@aol.com<br>Telephone: 424 272-9575<br>Facsimile: 310 829-2148 |
| Michael S. Chernis  (CSBN 259319)<br>CHERNIS LAW GROUP P.C.<br>Santa Monica Water Garden<br>2425 Olympic Blvd.<br>Suite 4000-W<br>Santa Monica, CA 90404<br>Michael@chernislaw.com<br>Tel: (310) 566-4388<br>Fax: (310) 382-2541 | Devin J. Burstein (CSBN 255389)<br>Warren & Burstein<br>501 West Broadway, Suite 240<br>San Diego, California 92101<br>db@wabulaw.com<br>Telephone: (619) 234-4433 |

Attorneys for Plaintiffs Does 1-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DOES 1-6, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, and MERRICK GARLAND, in his official capacity as United States Attorney General,<br><br>Defendants. | No.: 2:21-cv-03254-RGK-MAR<br><br>[PROPOSED]<br>ORDER GRANTING CLASS CERTIFICATION |

The Court has considered Plaintiffs' motion for certification of classes, and relevant legal authority, and hereby GRANTS Plaintiffs' motion.

## BACKGROUND

Since 2011, US Private Vaults ("USPV") operated a private safe deposit box facility, and rented between 600 and 1000 boxes to hundreds of customers who kept non-contraband property, including U.S. currency, gold and jewelry. Plaintiffs Does 1-6 maintained the following boxes, respectively: 1) box numbers 5006 and 4105; 2) #5006 and #4105, 3) #6710, 4) #4300, 5) #400, and 6) #40. Only the box holder or their designee can open their box, through encrypted biometric information and their own key.

After a grand jury indicted USPV (but no individuals) for various offenses, federal law enforcement agents searched USPV, seized all of the privately-held boxes pursuant to a criminal seizure warrant, and then opened and searched and seized the contents of each individual box (even though none of the box holders was identified in the search warrant as being part of the criminal investigation or indictment).

However, based on the defendant government's representations in the seizure warrant affidavit that the warrant would only "authorize the seizure of the nests of the boxes themselves, <u>not</u> their contents", the warrant specifically disallowed agents from conducting a criminal search or seizure of the contents of the safe deposit boxes. Instead, the warrant required that government agents "shall follow their written inventory policies to protect their agencies and the contents of the boxes," and "shall inspect the contents of the boxes in an effort to identify their owners in order to notify them so that they can claim their property."

The FBI warrant affidavit promised that agents will follow their written

2

inventory policies solely to protect their agencies from claims of theft or damage to the contents of the boxes, ensure that no hazardous items are unknowingly stored in a dangerous manner, preserve the property for safekeeping, and inspect no further than necessary to determine ownership.

The government, however, has refused to return Plaintiffs' property unless they identify themselves. The government also confirmed that it intends to criminally investigate box holders if they identify themselves, and that the burden has been placed on them to convince the FBI that they obtained their property legally. Thus, Plaintiffs have alleged that to vindicate their Fourth Amendment right to be free from unreasonable searches and seizures, they must forfeit their Fifth Amendment right against self-incrimination.

The FBI then instituted administrative civil forfeiture proceedings against the property seized from the USPV safe deposit boxes by sending a Notice of Seizure to USPV and to boxholders, and also publishing notice on a goverment website, www.forfeiture.gov. Plaintiffs and the class members were initially given until June 24, 2021 to file a claim with the FBI contesting forfeiture of their property.

In *Snitko v. United States*, No. 2:21-cv-4405-RGK-MAR, ECF 52, pp. 4-5, this Court held that the FBI's Notice of Seizure did not comply with due process or controlling case law, because it did not provide either 1) the factual basis, or 2) the specific statutory provisions that the government maintained justified forfeiture of the specific property seized from each specific USPV box. The Court subsequently preliminarily enjoined the government from civilly forfeiting the property of two

USPV box holders without first sending forfeiture notices that identify the specific factual and legal basis for the Government's determination to commence civil forfeiture proceeding.

Meanwhile, Plaintiffs in this case moved for a TRO prohibiting the FBI from rejecting administrative forfeiture claims filed by box holders using a pseudonym. Though it denied the TRO, the Court explicitly stated that the government "cite[d] no federal statute, regulation, or procedural rule that requires claimants in an administrative forfeiture proceeding to identify themselves by their legal names, nor is the Court aware of such legal authority." The Court further stated that it "presumes that the Government will conduct the administrative forfeiture proceedings in a manner consistent with law." ECF 29, p. 3. Consequently, Plaintiff DOES 1-6 all filed administrative forfeiture claims to the property in their USPV safe deposit boxes using a pseudonym, which the FBI accepted. They wish to continue contesting forfeiture and seeking return of their property using a pseudonym.

By this motion, Plaintiffs assert that class certification is appropriate under Federal Rule of Civil Procedure 23(a) because: (1) the classes of USPV boxholders Plaintiffs seek to certify are so numerous that joinder of all members is impracticable; (2) there are questions of law or fact that are common to the class members; (3) the claims of the representative plaintiffs are typical of the claims of the classes they seek to represent; (4) the representative plaintiffs and their counsel will fairly and adequately protect the interests of the proposed classes. Plaintiffs assert that class certification is appropriate here under Rule 23(b) because: (1) the questions of law or

fact common to the class members predominate over any questions affecting only individual members; and (2) a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

Therefore, Plaintiffs seek to certify three classes:

**Class 1**: Plaintiff DOES 1-6 filed administrative forfeiture claims using a pseudonym. The government has not identified a contact person for about 100 USPV safe deposit boxes, and over 120 boxes listed on the U.S. government website's published notices of seizure are not connected with an identified name. DOES 1-6 and the owners of the property seized from those boxes thus remain anonymous. These box holders are putative members of Class 1, and Plaintiffs request the Court to appoint DOES 1-6 as class representatives. In addition, they seek the appointment of DOE 2 to represent an additional 141 box holders whose "contact" person may have been served but who wish to remain anonymous in judicial forfeiture proceedings.

**Class 2**: Plaintiffs seek the appointment of DOES 1, 2, 3 and 6 to represent a putative class of more than 100 box holders who did not receive written or published notice of seizure of their non-currency personal property and wish to remain anonymous in judicial forfeiture proceedings.

**Class 3**: Plaintiffs seek the appointment of DOES 1-6 to represent a putative class of more than 400 boxholders who received constitutionally inadequate notice of the seizure of their property and/or received no seizure notice at all. They would represent those boxholders on the government's global notice of seizure who seek to move for the return of their property but wish to remain anonymous in any judicial

forfeiture proceedings.

## ANALYSIS

**A.     Class Certification Standard**

Class certifications are governed by Federal Rule of Civil Procedure 23. As the moving parties, Plaintiffs bear the burden of "demonstrating that [they have] met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)." *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 724 (9th Cir. 2007); *see also Zinser v. Accufic Research Institute, Inc.*, 253 F.3d 1180, 1186 (9th Cir.), amended 273 F.3d 1266 (9th Cir. 2001) (holding that the trial court must conduct a "rigorous analysis" to determine whether the requirements of Rule 23 have been met). "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S. Ct. 2541, 2551 (2011).

The Supreme Court has noted that, frequently, a "rigorous analysis" of the Rule 23 factors "will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped." *Wal-Mart*, 131 S. Ct. at 2551. The Court need not accept conclusory or generic allegations regarding the suitability of the litigation for resolution through class action. Id. (noting that "[s]ometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question."). "The district court is required to examine the merits of the underlying claim in this context, only inasmuch as it must determine whether common questions

6

exist; not to determine whether class members could actually prevail on the merits of their claims." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 n.8 (9th Cir. 2011) (citing *Wal-Mart*, 131 S. Ct. at 2552 n.6). "To hold otherwise would turn class certification into a mini-trial." *Id.* Ultimately, it is in the court's discretion whether a class should be certified. *See, e.g., Molski v. Gleich*, 318 F.3d 937, 946 (9th Cir. 2003).

**B.    Rule 23(a) Factors.**

Class certification is appropriate only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

1.    Numerosity.

**Class 1**: The government's Notice of Seizure did not identify a contact person for about 100 USPV safe deposit boxes, and over 120 boxes listed on the U.S. government website's published notices of seizure are not connected with an identified name. In addition, there are an additional 141 boxes for which a contact person was identified. The Court thus finds Plaintiffs have met their burden on this factor for Class 1.

**Class 2**: More than 100 box holders did not receive written or published notice of seizure of their non-currency personal property. The Court thus finds Plaintiffs have met their burden on this factor for Class 2.

**Class 3**: More than 400 boxholders either received the government's constitutionally-inadequate notice of the seizure of their property or received no seizure notice at all. The Court thus finds Plaintiffs have met their burden on this factor for Class 3.

The above parties fit within the proposed classes, and joinder of all of them undeniably would be impracticable, so the numerosity requirement is met..

2. <u>Commonality</u>.

Plaintiffs and all putative class members have in common their desired opportunity to contest forfeiture and seek the return of their property while remaining anonymous to the government. Plaintiffs and putative class members who received inadequate or no notice of the seizure also seek return of their property pursuant to Fed.R.Crim.P. 41(g) and would have that in common. Also, the common constitutional question for all proposed class members is their Fifth Amendment right to not be forced to incriminate themselves in exchange for seeking return of their property seized by the government. The Court thus finds Plaintiffs have met their burden on this factor

3. <u>Typicality</u>.

Plaintiffs and boxholders raise the same constitutionally-based arguments. The plaintiffs and proposed class representatives all had their property seized by the government, all are seeking to recover their property, and are all now confronted with the potential violation of their Fifth Amendment constitutional rights against self-incrimination if they want to obtain return of their property. The typicality

8

requirement therefore is satisfied.

### 4. Adequacy.

There are no conflicts here. The proposed class representatives here seek the same relief that they are requesting on behalf of the class as a whole. Also, proposed class counsel have extensive experience litigating class actions, including several class actions involving federal asset forfeiture procedures, along with asset forfeiture defense and the prosecution and/or defense of criminal cases. The requirement of adequacy is therefore satisfied.

**B. Rule 23(b) Factors.**

In addition to satisfying the four Rule 23(a) factors, Plaintiffs bear the burden of demonstrating that they satisfy the requirements for Rule 23(b)(3). A class action may be maintained under this subsection where "the court finds that question of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Factors include: "(A) the class members' interest in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3). Certification is appropriate "whenever the actual interests of the parties can be served best by settling their differences in a single action." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1033 (9th Cir. 1998*)*(citations omitted). Specifically, "when common

9

questions present a significant aspect of the case in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Id.*

The Court here finds that the central legal determinations – whether USPV boxholders may seek return of their property using a pseudonym, and whether their Fifth and Fourth Amendment rights have been violated – are common to all named plaintiffs and the classes they seek to represent. Here, the common questions of law and fact predominate over individual issues and are well suited to class treatment. For the same reasons, the Court also finds that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The Court further finds that prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class.

The Court thus finds, based upon the record presented, that the case will be manageable on a classwide basis. Plaintiffs have satisfied the Rule 23(b) requirements with respect to the classes they seek to certify.

Accordingly, the following classes are hereby certified in this action:

**Class 1**: All persons and/or entities who maintained a safe deposit box at US Private Vaults, whose box was searched and the contents seized by the FBI on or about March 22, 2021, who received the government's constitutionally-inadequate notice of seizure of their property but filed an administrative forfeiture claim, and seek return of their property in

judicial forfeiture proceedings using a pseudonym and/or through sealed filings or the appointment of a special master to administer their claims.

**Class 2**: All persons and/or entities who maintained a safe deposit box at US Private Vaults, whose box was searched and the contents seized by the FBI on or about March 22, 2021, and who have received no written or published notice of seizure, and seek return of their property using a pseudonym, and/or through under sealed filings or the appointment of a special master to administer their claims.

**Class 3**: All persons and/or entities who maintained a safe deposit box at US Private Vaults, whose box was searched and the contents seized by the FBI on or about March 22, 2021, but received a constitutionally-inadequate notice, and seek return of their property using a pseudonym, and/or through sealed filings or the appointment of a special master to administer the relief they seek.

The Court HEREBY GRANTS the motion to certify Classes 1, 2 and 3, and appoints DOES 1-6 as the class representatives. The Court also appoints as Class Counsel the following attorneys: Eric Honig, Paul L. Gabbert, Richard M. Barnett, Michael S. Chernis, Eric D. Shevin and Devin J. Burstein.

DATED: _____                    _____
                                  UNITED STATES DISTRICT JUDGE