Eric Honig (CSBN 140765)
LAW OFFICE OF ERIC HONIG
A Professional Law Corporation
P.O. Box 10327
Marina del Rey, CA 90295
erichonig@aol.com
Telephone: (310) 699-8051
Fax: (310) 943-2220

ERIC D. SHEVIN (CSBN 160103)
Shevin Law Group
15260 Ventura Boulevard, Suite 1400
Sherman Oaks, California 91403
eric@shevinlaw.com
tel. 818-784-2700
fax 818-784-2411

RICHARD M. BARNETT (CSBN 65132)
A Professional Law Corporation
105 West F Street, 4th Floor
San Diego, CA 92101
richardmbarnett@gmail.com
Telephone: (6l9) 231-1182
Facsimile: (619) 233-3221

PAUL L. GABBERT (CSBN 74430)
2530 Wilshire Boulevard
Second Floor
Santa Monica, CA 90403
plgabbert@aol.com
Telephone: 424 272-9575
Facsimile: 310 829-2148

Michael S. Chernis (CSBN 259319)
CHERNIS LAW GROUP P.C.
Santa Monica Water Garden
2425 Olympic Blvd.
Suite 4000-W
Santa Monica, CA 90404
Michael@chernislaw.com
Tel: (310) 566-4388
Fax: (310) 382-2541

Devin J. Burstein (CSBN 255389)
Warren & Burstein
501 West Broadway, Suite 240
San Diego, California 92101
db@wabulaw.com
Telephone: (619) 234-4433

Attorneys for Plaintiffs Does 1-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DOES 1-6, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, and MERRICK GARLAND, in his official capacity as United States Attorney General,<br><br>Defendants. | No.: 2:21-cv-03254-RGK-MAR<br><br>NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; DECLARATIONS; EXHIBITS; PROPOSED ORDER<br><br>DATE: 9/7/21<br>TIME: 9:00 a.m.<br>CTRM: 850 Roybal Fed. Bldg. |

PLEASE TAKE NOTICE that on September 7, 2021, at the Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor, Plaintiffs DOES 1-6 ("Plaintiffs"), on behalf of themselves and all others similarly situated (in conjunction with their concurrently filed motion for class certification), hereby move for a preliminary injunction and for the return of property. This motion is based on Fed.R.Crim.P. 41(g),18 U.S.C. §983, all other applicable statutes and rules of civil procedure, all relevant case law, the Local Rules of this Court, the attached memorandum of points and authorities, and upon any other oral and/or documentary evidence which may be adduced at the hearing on this motion.

This motion is made following a conference with opposing counsel on July 16, 2021, pursuant to Local Rule 7-3.

Dated: July 26, 2021           Respectfully submitted,

LAW OFFICE OF ERIC HONIG
A Professional Law Corporation
RICHARD M. BARNETT
ERIC D. SHEVIN
CHERNIS LAW GROUP P.C.
PAUL L. GABBERT
DEVIN J. BURSTEIN


/s/ Eric Honig
_____
ERIC HONIG
Attorneys for Plaintiffs DOES 1-6

ii

TABLE OF CONTENTS

I. INTRODUCTION............................................................. 1

II. BACKGROUND............................................................... 1

    A. The FBI seizes Plaintiffs' property.......................... 1

    B. The government nevertheless initiated a criminal investigation and searched and seized the contents of every box............. 3

    C. The FBI commences administrative forfeiture proceedings, but the Court holds that the FBI's seizure notices are inadequate........ 4

    D. The Court confirms that USPV box holders may file administrative forfeiture claims using a pseudonym and thus remain anonymous. 5

    E. The government commenced administrative forfeiture proceedings onlyas to a portion of the seized contents of the USPV boxes....... 6

III. ARGUMENT................................................................ 8

    A. Legal standard for a preliminary injunction................... 8

    B. This Court previously held that the defendant government's notice of seizure did not comply with due process and thus preliminarily enjoined the government from civilly forfeiting the property of USPV box holders............................................ 9

    C. 18 U.S.C. §983(a)(1)(F) provides that the government "shall"return seized property to its owner if the required notice of seizure is not provided within 60 days................................... 10

    D. Rule 41(g)................................................... 11

    E. Plaintiffs, on behalf of themselves and all others similarly situated, hereby move the Court to enjoin the government from civilly forfeiting property seized from USPV boxes for which the seizure notices were constitutionally inadequate, to enjoin the government from holding onto their property, and order the government to return the property to them pending further proceedings........ 12

V. CONCLUSION............................................................... 15

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). . . . . . . 9

*E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640,668 (9th Cir. 2021). . . . . . . . . . . 8

*Elrod v. Burns*, 427 U.S. 347, 373 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Fyock v. City of Sunnyvale*, 25 F. Supp. 3d 1267, 1282 (N.D. Cal. 2014 . . . . . . . . . 14

*Hill v. McDonough*, 547 U.S. 53, 584 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) . . . . . . . . . . . . . . . . . . . 14

*Regents of California v. Am. Broad. Companies, Inc.*, 747 F.2d 511, 514
    (9th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. $8,850 U.S. Currency,* 461 U.S. 555, 564, 103 S.Ct. 2005,
    2012, 76 L.Ed.2d 143 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. $10,000.00 in U.S. Currency,* 2007 WL 2330318, at *1
    (S.D.Cal. Aug. 13, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1016
    (9th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. $12,248 U.S. Currency,* 957 F.2d 1513 (9th Cir.1991). . . . . . . . . . 14

*United States v. $200,255.00 in U.S. Currency,* 2006 WL 1687774
    (M.D.Ga. June 16, 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Assorted Jewelry with an Approximate Value of $219,860.00,*
    386 F.Supp.2d 9 (D.Puerto Rico 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Bolar,* 569 F.2d 1071, 1072 (9th Cir.1978). . . . . . . . . . . . . . . . . . 12

*United States v. Harrell*, 530 F.3d 1051, 1057 (9th Cir. 2008). . . . . . . . . . . . . . . . 12

*United States v. McCormick,* 502 F.2d 281, 288 (9th Cir.1974). . . . . . . . . . . . . . . 12

*United States v. Miscellaneous Firearms, Explosives, Destructive Devices, Ammunition,* 399 F.Supp.2d 881, 882 (C.D.Ill.2005). . . . . . . . . . . . . . . . . . . 10

*United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA,* 545 F.3d 1134, 1141 (9th Cir.2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. U.S. Currency in the Amount of $228,536.00,* 895 F.2d 908 (2d Cir.), *cert. denied*, 495 U.S. 958, 110 S.Ct. 2564, 109 L.Ed.2d 747 (1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). . . . . . . . . . . . . . . 8-9

**FEDERAL STATUTES AND RULES**

Federal Rule of Criminal Procedure 41(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

18 U.S.C. §983(a)(1)(A)(i, ii). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

18 U.S.C.§983(a)(2)(C). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. §983(a)(1)(F). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

19 U.S.C. §1607(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

28 U.S.C. §1746. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

# I.

# INTRODUCTION

Plaintiffs herein move the Court to enter a preliminary injunction enjoining the government from civilly forfeiting property seized from USPV boxes for which the government provided inadequate and unconstitutional seizure notices, or provided no notice at all, pending any potential judicial forfeiture proceedings involving this property. Plaintiffs also move, pursuant to Federal Rule of Criminal Procedure 41(g), that the Court order the return of property that was stored in USPV safe deposit boxes for which the government did not serve or publish a notice of seizure, or provided inadequate notice.[1]

# II.

# BACKGROUND

**A.      The FBI seizes Plaintiffs' property**.

Since 2011, US Private Vaults ("USPV") operated a private safe deposit box facility, and rented between 600 and 1000 boxes to hundreds of customers who kept non-contraband property, including U.S. currency, gold and jewelry. Plaintiffs Does 1-6 maintained the following boxes, respectively: 1) box numbers 5006 and 4105; 2) #5006 and #4105, 3) #6710, 4) #4300, 5) #400, and 6) #40. Only the box holder or their designee can open their box, through encrypted biometric information and their own key.

---

[1] In a motion for class certification concurrently filed with the instant motions, Plaintiffs DOES 1-6, on behalf of themselves and all others similarly situated, have requested the Court to allow them and the putative class members to use a pseudonym to file claims in any judicial civil forfeiture action filed by the government relating to the seized USPV safe deposit boxes. They thus have moved the Court to certify three classes of putative class members seeking such relief.

1

ECF 23, Civil Minutes, p. 2 (order denying TRO).

After a grand jury indicted USPV (but no individuals) for various offenses, federal law enforcement agents searched USPV, seized all of the privately-held boxes pursuant to a criminal seizure warrant, and then opened and searched and seized the contents of each individual box (even though none of the box holders was identified in the search warrant as being part of the criminal investigation or indictment). *Id*.

However, based on the defendant government's representations in the seizure warrant affidavit that the warrant would only "authorize the seizure of the nests of the boxes themselves, <u>not</u> their contents", the warrant specifically disallowed agents from conducting a criminal search or seizure of the contents of the safe deposit boxes. Instead, the warrant required that government agents "shall follow their written inventory policies to protect their agencies and the contents of the boxes," and "shall inspect the contents of the boxes in an effort to identify their owners in order to notify them so that they can claim their property."[2]

Footnote 40 to the affidavit further states that "[t]he FBI policy regarding taking

---

[2] " Appendix to ECF 20 (underlined emphasis in original). Paragraph 108 of the redacted warrant affidavit further stated:

> By seizing the nests of safety deposit boxes, the government will necessarily end up with custody of what is inside those boxes initially. Agents will follow their written inventory policies **to protect their agencies from claims of theft or damage to the contents of the boxes**, and to ensure that no hazardous items are unknowingly stored in a dangerous manner. Agents will attempt to notify the lawful owners of the property stored in the boxes on how to claim their property, such as posting that information on the internet or at USPV itself, or by contacting the owners directly. In order to notify the owners directly, agents will, in accordance with their policies regarding an unknown person's property, look for contact information or something which identifies the owner.

*Id*. (emphasis added).

2

custody of an unknown person's property provides, in part, that agents 'inspect the property as necessary to identify the owner and preserve the property for safekeeping.' **The inspection 'should extend no further than necessary to determine ownership**.'" *Id*. (emphasis added). Thus, the warrant made it clear that the government was allowed to inspect and seize the contents of the individual boxes for the limited purpose of identifying the rightful owners of the box contents and to ensure the safety of those contents.

**B.    The government nevertheless initiated a criminal investigation and searched and seized the contents of every box.**

The government, however, has refused to return Plaintiffs' property unless they identify themselves. ECF 23, p. 2.[3] As Plaintiffs alleged, the government confirmed that it intends to criminally investigate them and other box holders if they identify themselves, and that the burden has been placed on them to convince the FBI that they obtained their property legally. "Thus, for Plaintiffs to vindicate their Fourth Amendment right to be free from unreasonable searches and seizures, they must forfeit their Fifth Amendment right against self-incrimination." *Id.*, p.3.

In denying the TRO, this Court held that "to the extent Plaintffs wish to continue to prosecute this claim anonymously, this issue is premature **as the Government has not**

---

[3]    After filing their Class Action Complaint in this case seeking various types of declaratory and injunctive relief, Plaintiffs applied for a temporary restraining order ("TRO") requesting relief as to some of the Complaint's causes of action. ECF 6, pp. 10-13. The government opposed, arguing that Plaintiffs "misunderstood" the FBI's claims procedure, which has "nothing to do with asset forfeiture," which "has not yet even commenced." ECF 16, 11:1-13. It further argued that, using the March 22, 2021 execution of the search warrant, the government would have 60 days to send notice of the seizure of any the box holders property, and Plaintiffs could then assert their rights to contest forfeiture proceedings. *Id*., at 12:16-27.

**filed a motion to require Plaintiffs to identify themselves**." *Id.*, p. 5 (emphasis added). The Court further stated Plaintiffs had another avenue to seek return of their property that does not involve engaging in the FBI's claims process, i.e., they may bring a claim for return of property under Federal Rule of Criminal Procedure 41(g), which the Court noted Plaintiffs already have done in their Class Action Complaint. *Id.*, pp. 5-6.

**C. The FBI commences administrative forfeiture proceedings, but the Court holds that the FBI's seizure notices are inadequate.**

The FBI then instituted administrative civil forfeiture proceedings against the property belonging to Plaintiffs and the other box holders that was seized from the USPV safe deposit boxes. See Exhibit A, Notice of Seizure and Initiation of Administrative Forfeiture Proceedings (including Plaintiffs' box numbers 5006, 6710, 4300, 400, and 40).[4]

According to the FBI, Plaintiffs and the other box holders had until June 24, 2021 to file a claim with the FBI contesting forfeiture of their property. *Id.*, ¶II.A, II.B, and II.I. Citing to 18 U.S.C.§983(a)(2)(C) and 28 U.S.C. §1746, the Notice stated that a claim must only 1) be filed in writing, 2) describe the seized property, 3) state the ownership or other interest of the claimant, and 4) be made under oath, subject to penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury. *Id.*, ¶II.C. The Notice also stated that filing of a timely claim will stop the administrative forfeiture proceeding – meaning the FBI no longer can forfeit the property on its own – and that the FBI will forward the claim to the U.S. Attorney's Office for further

---

[4] Plaintiffs, who remain anonymous to the FBI, learned of the existence of this Notice of Seizure only indirectly, since the government did not serve that notice on them or their counsel, but on USPV's attorney Michael Singer. Declaration of Eric Honig, ¶3.

proceedings. *Id.*, ¶II.G.

In a TRO in a related case, however, this Court held that the FBI's Notice of Seizure did not comply with due process or controlling case law, because it did not provide either 1) the factual basis, or 2) the specific statutory provisions that the government maintained justified forfeiture of the specific property seized from each specific USPV box. *Snitko v. United States*, No. 2:21-cv-4405-RGK-MAR, ECF 52, p. 4. Based on the FBI's May 20, 2021 inadequate forfeiture notice, the Court subsequently preliminarily enjoined the government from civilly forfeiting the property of two USPV box holders "without first sending forfeiture notices that identify the specific factual and legal basis for the Government's determination to commence civil forfeiture proceeding." *Snitko*, ECF 58, p. 5.

**D.     The Court confirms that USPV box holders may file administrative forfeiture claims using a pseudonym and thus remain anonymous**.

In the meantime, Plaintiffs were left with the Hobson's choice between filing claims in response to the FBI's constitutionally inadequate notice or potentially losing their property to government forfeiture. They thus sought a second TRO prohibiting the FBI from rejecting administrative forfeiture claims filed by box holders using a pseudonym. Though it denied the TRO, the Court explicitly stated that the government "cite[d] no federal statute, regulation, or procedural rule that requires claimants in an administrative forfeiture proceeding to identify themselves by their legal names, nor is the Court aware of such legal authority." The Court further stated that it "presumes that the Government will conduct the administrative forfeiture proceedings in a manner consistent with law." ECF 29, p. 3. Consequently, Plaintiff DOES 1-6 all filed

5

administrative forfeiture claims to the property in their USPV safe deposit boxes using a pseudonym, which the FBI accepted; they wish to continue contesting forfeiture of their property using a pseudonym. Declarations of DOES 1-6, ¶¶4-5; Exhibit B, FBI Acceptance Letters for claims of DOES 1 and 2, and for DOES 3, 5 and 6.

**E.   The government commenced administrative forfeiture proceedings only as to a portion of the seized contents of the USPV boxes.**

The government commenced administrative forfeiture proceedings against the currency only seized from the safe deposit boxes at USPV. Exhibit A, FBI Notice of Seizure (sent to USPV's attorney Michael Singer). Plaintiff DOES 1 and 2 filed administrative forfeiture claims to the currency seized from box 5006, and DOE 3 filed an administrative forfeiture claim to the currency seized from box 6710. Declarations of DOES 1, 2 and 3, at ¶4.

According to the FBI, however, it has not yet identified a contact person for about 100 USPV safe deposit boxes. Exhibit C, e-mail from FBI Supervisory Special Agent Jessie T. Murray. The owners of those boxes thus remain anonymous and have not received written notice of the seizure of their property.

In addition, 122 boxes of seized currency listed on the U.S. government website's published notices of seizure are not connected with an identified name. Exhibit D, list of published notice of boxes with unidentified box holders; see also Exhibit E, *infra*.[5]

The FBI's global Notice of Seizure included Box #5006. Exhibit A, p. 4 (Asset ID No. 21-FBI-002956). Plaintiff DOES 1 and 2 maintain interests in the currency in that

---

[5] Exhibit E (6/28/21 FBI published notices) lists 108 boxes without identifying a box holder name.

box. Plaintiff DOE 2 received notice of the seizure of Box #5006, however DOE 2's name had been listed at USPV as the "contact" person for that box. Declarations of DOES 1 and 2, ¶4. The FBI's June 28, 2021 published notice listed 141 USPV boxes that similarly identified a contact person. Exhibit E, FBI "Official Notification" of seizures posted on the government's forfeiture.gov website on June 28, 2021 (boxes with contact names highlighted in red).

Some of the DOE Plaintiffs have not received any written or published notice at all of the seizure of their personal property, which also was not listed on the FBI's global Notice of Seizure. Specifically, DOES 1 and 2 have never received notice of the seizure of the currency they held in Box #4105, and thus have not filed an administrative forfeiture claim. They also received no notice for the gold they held in Box #5006. Declaration of DOE 1, ¶¶4, 5; Declaration of DOE 2, ¶¶4, 5. Also, DOE 3 stored gold and jewelry in Box #6710, but never received any notice of seizure for that property. Declaration of DOE 3, ¶4.

The FBI's global notice (sent to USPV's attorney) listed 10 pages showing 115 boxes containing personal property such as gold and jewelry. Exhibit A, pp. 11-20 (Asset ID ## 21-FBI-003330 to 3444. The FBI's published notices, however, do not include any of that **personal property** seized from those USPV boxes; the government published notice only as to the **currency** seized from most of those boxes. See Exhibit E. Thus, like DOES 1, 2 and 3, about 114 box holders also did not receive written or published notice of seizure of their non-currency personal property.

# III.

# ARGUMENT

Based on the Court's prior orders and the provisions of 18 U.S.C. §983(a)(1)(F), the government should be enjoined from seeking forfeiture of the property stored in all seized USPV boxes because of the government's inadequate, unconstitutional seizure notices, and ordered to return such property to its owners pending any potential judicial further proceedings involving that property.

Plaintiffs, on behalf of themselves and all others similarly situated (in conjunction with Plaintiffs' motion for class certification), thus move the Court, pursuant to Federal Rule of Criminal Procedure 41(g), to order the return of all personal property seized from USPV safe deposit boxes for which the government did not serve or publish a notice of seizure, or did not serve or publish notice that complied with due process, pending further proceedings.

**A.     Legal standard for a preliminary injunction.**

The purpose of a preliminary injunction is generally to preserve the status quo pending a judgment on the merits. *Regents of California v. Am. Broad. Companies, Inc.*, 747 F.2d 511, 514 (9th Cir. 1984). To obtain such injunctive relief, the moving party must show 1) a likelihood of success on the merits; 2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; 3) that the balance of equities tips in favor of the moving party; and 4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). When the government is a party, the last two factors merge. *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d

640,668 (9th Cir. 2021). The court also may apply a sliding scale test balancing the *Winter* test elements "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The moving party has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 53, 584 (2006).

**B. This Court previously held that the defendant government's notice of seizure did not comply with due process and thus preliminarily enjoined the government from civilly forfeiting the property of USPV box holders .**

This Court held that the FBI's Notice of Seizure did not comply with due process or controlling case law, because it did not provide either 1) the factual basis, or 2) the specific statutory provisions that the defendant government maintained justified forfeiture of the specific property seized from each specific USPV box. *Snitko*, *supra*, 2:21-cv-4405-RGK-MAR, ECF 52, p. 4. Based on the FBI's May 20, 2021 inadequate forfeiture notice, this Court subsequently preliminarily enjoined the government from civilly forfeiting the property of two USPV box holders "without first sending forfeiture notices that identify the specific factual and legal basis for the Government's determination to commence civil forfeiture proceeding." *Id.*, ECF 58, p. 5.

Accordingly, the government is collaterally estopped from arguing in this case that its seizure notices to Plaintiffs and the other box holders were adequate or effective, since the Court previously held that the same notices did not comply with due process. *United States v. U.S. Currency in the Amount of $228,536.00*, 895 F.2d 908 (2d Cir.)(applying collateral estoppel to prevent relitigation in a civil forfeiture proceeding of a Fourth Amendment issue raised during suppression hearings at prior criminal trial),

9

*cert. denied*, 495 U.S. 958, 110 S.Ct. 2564, 109 L.Ed.2d 747 (1990).

**C.    18 U.S.C. §983(a)(1)(F) provides that the government "shall" return seized property to its owner if the required notice of seizure is not provided within 60 days.**

In any nonjudicial civil forfeiture proceeding under a federal civil forfeiture statute, the government is required to send written notice to interested parties within 60 days after the date of a federal seizure, unless it files a civil judicial forfeiture action against the property within those 6o days. 18 U.S.C. § 983(a)(1)(A)(I, ii);[6] *see also, e.g., United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA,* 545 F.3d 1134, 1141 (9th Cir.2008)(government has 60 days after seizing property to send written notice to interested parties"); *United States v. Miscellaneous Firearms, Explosives, Destructive Devices, Ammunition,* 399 F.Supp.2d 881, 882 (C.D.Ill.2005)(government must commence either an administrative or judicial forfeiture proceeding within 60 days after seizure of the property).

If the government **does not** send notice of a seizure of property in accordance with subparagraph (A) to the person from whom the property was seized, and no extension of time is granted**, it shall return the property to that person**, although without prejudice to the right of the government to commence a forfeiture proceeding at a later time. 18 U.S.C. §983(a)(1)(F); see also *United States v. $10,000.00 in U.S. Currency,* 2007 WL 2330318, at *1 (S.D.Cal. Aug. 13, 2007)(granting summary judgment and return of property due to government's failure to provide timely notice after seizure);

---

[6] Before forfeiting property, the seizing agency must publish notice for at least three weeks and must also send "[w]ritten notice of seizure together with information on the applicable procedures ... to each party who appears to have an interest in the seized article." 19 U.S.C. §1607(a).

*United States v. $200,255.00 in U.S. Currency,* 2006 WL 1687774 (M.D.Ga. June 16, 2006)("in the absence of timely notice, the seizing agency must return the seized property"); *United States v. Assorted Jewelry with an Approximate Value of $219,860.00,* 386 F.Supp.2d 9 (D.Puerto Rico 2005)(dismissing civil judicial forfeiture action and returning property to claimant where the government failed to provide timely notice after seizure).

Accordingly, federal forfeiture law in no uncertain terms requires that if the government does not provide a property owner with the required notice of seizure (i.e., one that complies with due process of law) within 60 days after the seizure date, then it must return the property to its owner, pending any further proceedings. *See United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1016 (9th Cir. 2013)(failure to provide timely notice does not require the government to return the property **if it has subsequently commenced a forfeiture proceeding**).

D.   **Rule 41(g)**

"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. ... If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings." Fed.R.Crim.P. 41(g).

When the property in question is no longer needed for evidentiary purposes, the person from whom the property is seized is presumed to have a right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property. The government must justify its continued possession of the property by

11

demonstrating that it is contraband or subject to forfeiture. *United States v. Harrell*, 530 F.3d 1051, 1057 (9th Cir. 2008). An object is contraband per se if its possession, without more, constitutes a crime (*e.g.*, cocaine), *i.e.*, if there is no legal purpose to which the object could be put. *United States v. McCormick,* 502 F.2d 281, 288 (9th Cir.1974); *see also United States v. Bolar,* 569 F.2d 1071, 1072 (9th Cir.1978)(per curiam)(explaining that while diamond rings are not contraband per se, negatives of Federal Reserve Notes are).

Plaintiffs are not requesting return of any contraband by this present action. However, they seek return of their property herein pending any potential civil judicial forfeiture proceedings.[7]

**E.   Plaintiffs, on behalf of themselves and all others similarly situated, hereby move the Court 1) to enjoin the government from civilly forfeiting property seized from USPV boxes for which the seizure notices were constitutionally inadequate, 2) to enjoin the government from holding onto their property and 3) to order the government to return the property to them pending further proceedings.**

Based on the above facts and law, Plaintiffs and the USPV box holders are entitled to return of their property pending the potential filing of any judicial forfeiture proceedings. DOES 1 and 2 have never received notice of the seizure of the currency they held in Box #4105. They also received no notice for the gold they held in Box #5006. Also, DOE 3 owns gold and jewelry held in Box #6710, but never received a notice of seizure for that property. Since their safe deposit boxes and property were

---

[7] A Rule 41(g) motion is properly denied once a civil forfeiture action has been filed. *United States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1235 (9th Cir. 1988) ("[W]hen a civil forfeiture proceeding has been filed, the claimant has adequate remedies to challenge any fourth amendment violation .... [Thus,] there is no need to fashion an equitable remedy [pursuant to Rule 41(g)] to secure justice for the claimant.").

12

seized on March 22, 2021, the 60-day deadline for the government to serve notice of the seizure expired on May 21, 2021, more than two months ago. Accordingly, they are entitled to the return of their property pending any further proceedings (if no judicial forfeiture proceeding has been filed) pursuant to 18 U.S.C. §983(a)(1)(F).

In addition, according to this Court, the FBI's seizure notices regarding the currency taken from the boxes maintained by DOES 1-6 were constitutionally inadequate. *See, e.g.*, Exhibit E, published notice to box holders showing no factual basis for forfeiture whatsoever, and identifying only "18 USC 981(a)(1)(C)" as the sole statutory basis. It should be undisputed that a seizure notice that violates due process is the functional equivalent of no notice at all. Although Plaintiffs have submitted administrative forfeiture claims to contest forfeiture of their property, they also are entitled to the return of their property pending any further proceedings (i.e., if no judicial civil forfeiture proceeding have yet been filed against the property) pursuant to 18 U.S.C. §983(a)(1)(F) because of this insufficient notice that did not comport with the statute or due process.

Moreover, more than 100 box holders received no notice of the seizure of their personal property, such as gold and jewelry, and the government's global notice (Exhibit A) was constitutionally inadequate. Accordingly, pursuant to this Court's preliminary injunction entered in the *Snitko* case, *supra*, this Court should enjoin the government from civilly forfeiting any property for which the government issued a notice of seizure that does not comport with due process. In addition, each of Plaintiffs and other USPV box holders who received constitutionally-inadequate notice are entitled to return of their

13

property pending further proceedings if no judicial civil forfeiture proceeding has been filed against the property.[8]

Plaintiffs have shown a likelihood of success on the merits, since it cannot be disputed that both their due process rights and the forfeiture statute have been violated by the government. They also have shown a likelihood of irreparable harm in the absence of preliminary relief, since "the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)(quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *Fyock v. City of Sunnyvale*, 25 F. Supp. 3d 1267, 1282 (N.D. Cal. 2014)("[i]rreparable harm is presumed if plaintiffs are likely to succeed on the merits because a deprivation of constitutional rights always constitutes irreparable harm").

Finally, the balance of equities tips in favor of Plaintiffs and the box holders and an injunction is in the public interest, since "it is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres*, 695 at 1002 (citation and internal quotation marks omitted).

Plaintiffs therefore, on behalf of themselves and these similarly-situated putative class members (in conjunction with Plaintiffs' motion for class certification), hereby

---

[8] The government has no justification for the delay in either returning the items of property or initiating forfeiture proceedings. To determine whether a delay in filing a civil forfeiture proceeding has resulted in a due process violation, a court should consider four factors: 1) the length of the delay; 2) the reason for the delay; 3) the claimant's assertion of his rights; and 4) prejudice to the claimant by the delay. *United States v. $8,850 U.S. Currency,* 461 U.S. 555, 564, 103 S.Ct. 2005, 2012, 76 L.Ed.2d 143 (1983); *see also United States v. $12,248 U.S. Currency,* 957 F.2d 1513 (9th Cir.1991)(13-month delay was prejudicial where claimant lost a critical witness and had compelling verifiable evidence of a legitimate source for the seized currency). These elements are guides in balancing the interests of the property owner and the government to assess whether the basic due process requirement of fairness has been satisfied in a particular case. *$8,850 U.S. Currency,* 461 U.S. at 565.

14

move the Court for a preliminary injunction ordering that the government 1) is enjoined from civilly forfeiting personal property and currency as to USPV boxes for which the government provided inadequate notice, 2) is enjoined from holding onto the Plaintiffs' and other box holders' property pending any further judicial proceedings, and 3) shall return of the property seized from the USPV boxes pending any further judicial proceedings.

## V.

## CONCLUSION

Plaintiffs, on behalf of themselves and the putative class members in this action, hereby request the Court to grant Plaintiffs' proposed preliminary injunction and order for return of property.

Dated: July 26, 2021          Respectfully submitted,

                            LAW OFFICE OF ERIC HONIG
                            A Professional Law Corporation
                            RICHARD M. BARNETT
                            ERIC D. SHEVIN
                            MICHAEL S. CHERNIS
                            PAUL L. GABBERT
                            DEVIN J. BURSTEIN

                            /s/   Eric Honig
                            ERIC HONIG
                            Attorneys for Plaintiffs DOES 1-6