Eric Honig (CSBN 140765)
LAW OFFICE OF ERIC HONIG
A Professional Law Corporation
P.O. Box 10327
Marina del Rey, CA 90295
erichonig@aol.com
Telephone: (310) 699-8051
Fax: (310) 943-2220

ERIC D. SHEVIN (CSBN 160103)
Shevin Law Group
15260 Ventura Boulevard, Suite 1400
Sherman Oaks, California 91403
eric@shevinlaw.com
tel. 818-784-2700
fax 818-784-2411

RICHARD M. BARNETT (CSBN 65132)
A Professional Law Corporation
105 West F Street, 4th Floor
San Diego, CA 92101
richardmbarnett@gmail.com
Telephone: (619) 231-1182
Facsimile: (619) 233-3221

PAUL L. GABBERT (CSBN 74430)
2530 Wilshire Boulevard
Second Floor
Santa Monica, CA 90403
plgabbert@aol.com
Telephone: 424 272-9575
Facsimile: 310 829-2148

Michael S. Chernis (CSBN 259319)
CHERNIS LAW GROUP P.C.
Santa Monica Water Garden
2425 Olympic Blvd.
Suite 4000-W
Santa Monica, CA 90404
Michael@chernislaw.com
Tel: (310) 566-4388
Fax: (310) 382-2541

Devin J. Burstein (CSBN 255389)
Warren & Burstein
501 West Broadway, Suite 240
San Diego, California 92101
db@wabulaw.com
Telephone: (619) 234-4433

Attorneys for Plaintiffs Does 1-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DOES 1-6, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, and MERRICK GARLAND, in his official capacity as United States Attorney General, <br><br> Defendants. | No.: 2:21-cv-03254-MCS-SK <br><br> REPLY TO OPPOSITION TO MOTION FOR CLASS CERTIFICATION; DECLARATION <br><br> HRG DATE:   9/7/21 <br> TIME:   9:00 a.m. <br> CTRM:   850 Roybal Fed. Bldg. |

**A.     The facts produced in Plaintiffs' motion for class certification support three distinct classes of putative class members**.

Defendants argued that the definitions of the three proposed classes are not sufficiently definite.  Defendants are partially correct.  However, the undisputed facts support three distinct putative classes that would qualify for class certification.  Classes 1 and 3 have been modified based on the facts produced in Plaintiffs' motion and Defendants' observations, and Class 2 remains virtually the same.

As for a modified Class 1, the FBI confirmed that there are about 100 USPV safe deposit boxes for which it has not yet identified a contact person, so the box holders remain anonymous.  *See* ECF 37, 11:18-21, citing ECF 37-4, Exhibit C, e-mail from FBI Supervisory Special Agent Jessie Murray.  Defendants' opposition did not contest this number.  In addition, Plaintiffs counted 122 boxes of seized currency listed on the U.S. government website's published notices of seizure that are not identified by a person's name.  *See* ECF 37-5, Exhibit D, list of published (6/7/ 21, 6/14/21, and 6/21/21) notices with no box holders' names.  Also, ECF 37-6, Exhibit E (6/28/21 FBI published notices), lists 108 boxes that do not identify a box holder's name.  Thus, somewhere between 100 and 122 still anonymous box holders would fall within a modified Class 1 (still anonymous putative class members who seek return of their property using a pseudonym).  Does 1-6 therefore would be representative of this group (unidentified box holders), since they, too, remain anonymous.[1]

---

[1] An FBI agent's declaration stated this number "is closer to 22" today, but named only **one** box from Exhibit D (Box 305) the FBI said it has since identified.  ECF42-1, ¶6.  Therefore, 99-121 putative class members remain in this class.  Even if the Court uses Defendants' admitted number of 22 putative class members in this group, that still would be enough to meet the numerosity requirement.  *See infra.*

1

1
2
3
4
5
6
7
8
9
10
11

For Class 2, the FBI's global notice (served only on USPV's attorney) listed 115 boxes from which it seized non-currency personal property such as gold and jewelry.  ECF 37-2,  Exhibit A, pp. 11-20 (Asset ID ## 21-FBI-003330 to 3444).  The FBI's published notices, however, do not include any of that personal property;  the government published notice only as to seized currency.  *See* ECF 37-5, Exhibit E.  These115 still anonymous box holders still fall within Class 2 ( box holders who the FBI did not serve with a notice of seizure of personal property).  Does 1, 2, and 3 still would represent this group (box holders who stored personal property), since they received no notice, seek return of their property, and remain anonymous.[2]

12
13
14
15
16
17
18
19
20

As for a modified Class 3, Doe 2 was served with notice of the seizure of Box #5006 because his/her name had been listed at USPV only as a "contact" person for that box.  ECF 39-1 and 39-2, Declarations of Does 1 and 2, ¶4.  The FBI's June 28, 2021 published notice listed 141 USPV boxes that similarly identified a contact name.  ECF 37-6, Exhibit E, FBI "Official Notification" of seizures posted on the government's forfeiture.gov website on June 28, 2021 (boxes with contact names highlighted in red).  Doe 2 would represent 141 USPV box holders as contact persons who were identified by the FBI, and seek return of their property using a pseudonym.

21
22
23
24

In summary, these three classes are supported by undisputed facts produced in Plaintiffs' motion for class certification, and are sufficiently defined to conform to

25
26
27

[2] Although Defendants say they intend to return the personal property seized from Plaintiffs' boxes (ECF 42-1, ¶¶2-3), counsel for Does 1 and 2 have not been so informed, and Doe 3's counsel was told by the FBI that their clients would have to produce identification to the FBI to retrieve their property, which would defeat the purpose of this litigation seeking anonymity.  Declaration of Eric Honig, ¶3.

28

Rule 23: 1) Class 1 – between 100 and122 still anonymous USPV box holders, for whom Plaintiffs request permission to continue seeking return of their property using a pseudonym, represented by Does 1-6; 2) Class 2 – 115 USPV box holders on whom the FBI did not serve a notice of seizure of their non-currency personal property, for whom Plaintiffs request permission to seek return of their property using a pseudonym, represented by Does 1, 2 and 3; and 3) Class 3 – 141 contact persons who were identified in or by a USPV box, for whom Plaintiffs request permission to seek return of the property seized from those identified boxes using a pseudonym, represented by Doe 2.

**B.      Defendants' "adequacy" objection to the Court's certifying classes using pseudonyms is a merits issue, and thus should be overruled; Plaintiffs nevertheless satisfy the Rule 23(a) adequacy requirement**.

Defendants object to certification classes who wish to use of a pseudonym, arguing that Plaintiffs would not meet the Rule 23 adequacy requirement.  This objection should be overruled summarily, since it goes to the merits of the Complaint's causes of action, where Plaintiffs seek to litigate pseudonymously.   ECF 1, ¶¶38-45; *see also, Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 466, 133 S.Ct. 1184, 185 L.Ed.2d 308 (2013)(Rule 23 "grants courts no license to engage in free-ranging merits inquiries at the certification stage").   Also, Defendants, contemporaneously with this Plaintiffs' certification motion, have moved to dismiss the Complaint on those same grounds.  *See* ECF 33, pp. 15-20. That motion is the proper procedural vehicle for Defendants' objection, not this one.

Nevertheless, contrary to Defendants' speculation otherwise, Courts regularly

3

certify classes where the class plaintiffs use pseudonyms instead of their legal names. *See* Class Action Complaint, ECF 1, ¶10, citing*, e.g., Does 1-10 v. University of Washington*, 326 F.R.D. 669, 682-83 (W.D.WA 2018)(certification ordered; classes adequately represented by anonymous plaintiffs because no conflicts of interest, and plaintiffs and counsel would prosecute case vigorously, including First Amendment and privacy claims); and *Doe v. Miller*, 216 F.R.D. 462, 465-66 (S.D.Iowa 2003)(same, for constitutional claims); *see also Doe #1 v. Trump*, 335 F.R.D. 416, 435 (2020)(anonymous plaintiffs would adequately represent class, whose definition was modified by Court).

The only case relied on by Defendants, *In re Ashley Madison Customer Data Sec. Breach Litig*, is inapposite.  There, 42 plaintiffs sought anonymity because they had used a website to conduct adulterous affairs.  The court first agreed with the plaintiffs that the possible injury to them resulting from public disclosure of their identities rose above the level of mere embarrassment or harm to reputation. Nevertheless, because class members are not typically testifying or offering evidence, the court said the plaintiffs did not need to be specifically identified by name to be part of the litigation; they merely need to be identifiable.  The court thus gave plaintiffs the choice between proceeding using their real names or as class members without publicly disclosing their names. The court further stated that if subclasses ultimately would end up not being represented, it would revisit its order.  *Id.*, 2016 WL 1366616, at *4–5 (E.D. Mo. Apr. 6, 2016).

Here, Plaintiffs are at a greater risk.  As in the *Univ. of Washington* and *Miller*

4

cases,  important U.S. Constitutional rights are at stake – their Fifth Amendment rights against self-incrimination.  Also, if Plaintiffs cannot proceed anonymously, none of the classes would be represented, since anonymity itself is the primary purpose of this action.  Moreover, neither the public nor the putative class members – all who are USPV box holders – need to know Plaintiffs' identities for them to serve as adequate class representatives.

The adequacy of representation requirement has only two basic parts: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  *Univ. of Washington,* 326 F.R.D. at 682.  Since Plaintiffs seek declaratory and injunctive relief applicable to the entire class here, and individual damages are not at issue, "there is little, if any, possibility of conflicting interests between Doe Plaintiffs and members of the class...that would preclude [them] from making decisions that benefit the entire class...."  *Id.*  In addition, Doe Plaintiffs' counsel have significant experience in asset forfeiture and class action litigation.  Defendants failed to refute Plaintiffs' evidence, and thus they have met thier burden of demonstrating adequacy of representation.

**C.    Plaintiffs' modified classes satisfy Rule 23(a)'s numerosity requirement.**

Defendants argued that the evidence produced in Plaintiffs' motion do not "prove" numerosity.   The government's own documents, *supra*, show otherwise.

First, in the modified Class 1there are between 100 and122 still anonymous USPV box holders.  The FBI confirmed to Plaintiffs by e-mail on July 23, 2021 – **just**

**three days before Plaintiffs filed their motion for class certification** – that there were about 100 USPV safe deposit boxes for which it has not yet identified a contact person, meaning those box holders remained unidentified and anonymous. Defendants' opposition did not refute this e-mail statement.  In addition,122 boxes containing currency that were not associated with an identified name were listed on the FBI's June 7, 14, and 21 published notices of seizure, meaning those box holders also remained anonymous.  Finally, the June 28 published notices listed 108 boxes that still did not identify a box holder name.

Defendants argued the 122 number had been reduced, and that as of the filing of their opposition 17 days after Plaintiffs moved for certification, that number "is closer to around 22."  Defendants, however, identified only **one** box that was previously unidentified for which an identified person has since filed a claim.  Such "evidence"  is hardly definitive proof refuting Plaintiffs' evidence.  Even accounting for that one claim, using the FBI's July 23rd 100-box figure, Class 1 still includes at least 99 putative class members.

Nevertheless, if the Court decides to use Defendants' admitted number of 22 putative class members in this group, that still would be enough to meet the numerosity requirement, which is not tied to a fixed number.  *Rannis v. Recchia*, 380 Fed.Appx. 646, 651 (9th Cir. 2010)(district court did not abuse its discretion in determining that class of 20 satisfied numerosity requirement, and the Supreme Court has not undermined a district court's discretion to do so); *see also, e.g., Ark. Educ. Ass'n v. Bd. of Educ.*, 446 F.2d 763, 765–66 (8th Cir.1971)(upholding class of 20;

6

*Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir.1967) (upholding class of 18).  Accordingly, Class 1 includes somewhere between at least 22 and 99 members, sufficient to satisfy the Rule 23 numerosity for that class.

Second, Defendants did not dispute that as to Class 2, the FBI's global notice listed 115 boxes containing personal property such as gold and jewelry, and that the FBI failed to publish a notice of seizure as to any of that personal property.  These 115 still anonymous box holders thus would be included within Class 2 and satisfy the numerosity requirement.

Defendants argued that notices "will be published in the future as to personal property," which is irrelevant for this pending motion, and that Plaintiffs did not offer evidence that the box holders wished to proceed anonymously, a totally specious argument for the purpose of determining numerosity.  Plaintiffs are seeking an order permitting these anonymous box holders to seek return of their property using a pseudonym, if they wish.  Obviously, Plaintiffs are unable to contact the **anonymous** box holders to see if they want to stay anonymous.

Third, as to the modified Class 3, the FBI's June 28, 2021 published notice shows 141 USPV boxes that list a contact person identified by the FBI, but who may not be the person who would litigate return of the seized currency.  For example, although Doe 2 is not the owner of the currency seized from Box 5006, Doe 2 was listed as the contact person on behalf of the owner.  Plaintiffs thus are seeking an order permitting these 141 box holders to seek return of their currency using a

7

pseudonym, if they wish.  Accordingly, these 141 putative class members satisfy the numerosity requirement for Class 3.

**D.    Plaintiffs satisfy the commonality and typicality requirements.**

Plaintiffs easily satisfy Rule 23(a)'s commonality requirement.  The FBI conducted a search of the nests of safe deposit boxes maintained both by Plaintiffs and by the putative class members with the same warrant; all putative class members share the common contention that the search was not based on particularized probable cause, and seek a ruling that the search violated the Fourth Amendment.  Plaintiffs and class members also share the common contention that the Court should permit them to seek return of their property using a pseudonym to protect their Fifth Amendment right against self-incrimination.  Class 2 members share the common contention that they never received notice of the seizure of their personal property.

These common contentions are issues capable of class wide resolution.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Thus, contrary to the government's specious argument, it is irrelevant for the purpose of certifying the classes what specific property was stored in each box, or whether there is an ongoing criminal investigation of the class members or, what notice class members received or whether Defendants are contemplating returning someone's property in the future. Those are red herrings, i.e, fabricated purported individualized issues proposed to distract the Court from Plaintiffs' relevant primary contentions.

In *Walters v. Reno*,   145 F.3d 1032 (9th Cir. 1998) the government similarly argued that commonality was nonexistent on account of factual distinctions in the

8

class members' underlying claims.  The court, however, held that differences among the class members with respect to the merits of their actual cases were simply insufficient to defeat the propriety of class certification. Like the instant case, in which all class members have the same Constitutional violation claims, what made the plaintiffs' claims suitable for a class action there was the common allegation that the government's procedures provided insufficient notice to satisfy Due Process. *Id.* at 1046, citing *Forbush v. J.C. Penney Co., Inc.*, 994 F.2d 1101, 1106 (5th Cir.1993)(noting that the need for subsequent individual proceedings, even complex ones, "does not supply a basis for concluding that [the named plaintiff] has not met the commonality requirement").

As for "typicality," the test is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same conduct. Under Rule 23(a)'s "permissive" standards, representative claims are typical if they are reasonably coextensive with those of absent class members – they need not be substantially identical. *Univ. of Washington*, 326 F.R.D. at 681-82.

Here, all Plaintiffs and class members are claiming the same Fourth Amendment violation based on the same search, and all are seeking to protect their Fifth Amendment rights. Also, the six Plaintiffs' declarations show they are typical of the three classes they specifically seek to represent. *See* Section A, above (describing facts for 1) the "unidentified owner" class, 2) the "lack of notice" class, and 3) the "contact persons" class).

9

**E.    The requirements of Rule 23(b) are met.**

Finally, as argued on p. 21 of Plaintffs' motion, each of the subsections of Rule 23(b) apply here, i.e., 1) Defendants have acted on grounds that apply generally to the class – the illegal search of all boxes and its opposition to pseudonymous claims – so that final injunctive or declaratory relief is appropriate respecting the class as a whole; 2) more than 100 separate motions to suppress and requests to proceed anonymously filed by more than 100 individual class members would create a risk of inconsistent or varying adjudications; and 3) the above questions of law and fact common to class members predominate over any questions affecting only individual members, so that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.[3]  *See* Fed.R.Civ.P. 23(b)(1)A), (2) and (3).

Accordingly, Plaintiffs request the Court to grant certification of each of Plaintiffs' proposed three classes.

Dated: August 20, 2021          Respectfully submitted,

                                LAW OFFICE OF ERIC HONIG
                                A Professional Law Corporation
                                RICHARD M. BARNETT
                                ERIC D. SHEVIN
                                CHERNIS LAW GROUP P.C.
                                PAUL L. GABBERT
                                DEVIN J. BURSTEIN

                                 /s/ Eric Honig_____
                                ERIC HONIG
                                Attorneys for  Plaintiffs and the Class

---

[3]  Although subsection (3) most commonly is used for monetary damages, it has been and can be used for injunctive relief. *See, e.g., Easterling v. Connecticut Dept. of Correction*, 278 F.R.D. 41 (D. Conn. 2011)(class claims for both monetary and injunctive relief satisfied predominance and superiority requirements).

10

**DECLARATION OF ERIC HONIG**

I, Eric Honig, declare as follows:

1.      I am an individual over the age of 18.  I am one of the attorneys of record for Plaintiffs in this action.  I have personal knowledge of the facts set forth below and if called to testify I could and would do so competently.

2.      I am lead counsel in this class action case, *DOES 1-6 v. United States*, et al, 2:21-cv-03254-RGK-MAR.  This declaration is being filed in support of Plaintiffs' reply in support of their motion for class certification.

3.      On August 13, 2021, FBI Agents Andrew Dama and Andrew Grigoriadis separately told Doe 3's counsel that they were authorized to release the non-currency items seized from counsels' clients' boxes, but only if the clients provide a key and identification.  Counsel for Does 1 and 2 have not yet received such an "offer" from the FBI.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 20, 2021 at Marina Del Rey, California.


/s/ Eric Honig_____

ERIC HONIG

11