TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture/
General Crimes Sections
    1100/1400/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102/2569/1785
    Facsimile: (213) 894-6269/0142/0141
    E-mail: Andrew.Brown@usdoj.gov
            Victor.Rodgers@usdoj.gov
            Maxwell.Coll@usdoj.gov

Attorneys for Defendants
UNITED STATES OF AMERICA, et al.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DOES 1-6, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA, and MERRICK GARLAND, in his official capacity as United States Attorney General,<br><br>    Defendants. | Case No. 2:21-CV-03254-RGK-MAR<br><br>**DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>Date:    September 7, 2021<br>Time:    9:00 a.m.<br>Courtroom: 850, the Honorable<br>               R. Gary Klausner |

# MEMORANDUM OF POINTS AND AUTHORITIES
## INTRODUCTION

Plaintiffs have not overcome the reasons the government's motion to dismiss should be granted. They assert that equitable jurisdiction lies for their Rule 41(g) claim even though administrative forfeiture proceedings were commenced because the government has not yet filed a judicial forfeiture complaint against their property. However, there is no equitable jurisdiction here because initiating administrative forfeiture proceedings show an adequate legal remedy exists and Congress has given the government 90 days pursuant to 18 U.S.C. § 983(a)(3)(A) & (B) after a claim is filed to decide whether to file a judicial action, and the deadline does not expire until September 14 and 20 as to plaintiffs' property. See United States v. Elias, 921 F.2d 870 (9th Cir. 1990); United States v. 2nd Amendment Guns, LLC, 917 F. Supp. 2d 1120 (D. Or. 2012). Likewise, plaintiffs' argument that 18 U.S.C. 983(a)(1)(F) requires the government to return plaintiffs' property now and then re-seize it within a month before filing a judicial forfeiture action by the September deadlines is contrary to case law. See United States v. $11,500.00 in U.S. Currency, 710 F.3d 1006, 1016 (9th Cir. 2013) ("Requiring the return of the property and then permitting the government to immediately re-seize it would impose a meaningless exercise").

Similarly, plaintiffs' Rule 41(g) claim for property the government does not possess fails because plaintiffs must bring any such claim under the Federal Torts Claims Act and plaintiffs neither allege that basis for jurisdiction nor satisfy the prerequisites for stating a FTCA claim as they have not alleged they made a prior demand for the alleged property before filing suit to the seizing agency nor that the agency rejected the request. Finally, to the extent plaintiffs assert free-standing Constitutional claims, those clams are barred for at least one or more of the following reasons: plaintiffs have not shown irreparable injury, because the seizing agency has accepted plaintiffs pseudonym claims and a judicial action must be filed within the 90 day deadline; plaintiffs cannot satisfy Article III case or controversy requirements because the relief they seek is either moot

1

(because their pseudonym claims have been accepted) or unripe (because their request for relief in future judicial forfeiture cases can be made in any future cases that are filed); and jurisdiction does not lie under the Administrative Procedures Act (the "APA").

## ARGUMENT

**A.     Plaintiffs' Argument That Equitable Jurisdiction Lies Over Their Rule 41(g) Claim Because No Judicial Civil Forfeiture Action Has Been Filed Fails.**

Plaintiffs argue that because the filing of the claim suspends the administrative forfeiture proceeding, and no judicial forfeiture case has yet been filed as to the contents of their boxes (even though the filing must occur within 90 days after plaintiffs submitted a claim), there is no place at the current time for plaintiffs to have their claims heard and the remedy at law is therefore inadequate and equitable jurisdiction lies. Oppo. at 12:21-14:1.  However, the government cited numerous cases within the Ninth Circuit and elsewhere holding the initiation of administrative forfeiture proceedings, standing alone, shows that an adequate remedy at law exists and equitable jurisdiction to hear a Rule 41(g) claim does not lie.  Moving papers at 6:15-7:3; 7:26-8:5; 8:20-9:5.

Further, plaintiffs erroneously contend that none of the government's cases address the lack of an _immediately_ available forum to hear their grievance during the 90 day period between the claim filing and the filing of a judicial forfeiture action.  Oppo. at 13:13-15.  The government cited United States v. 2nd Amendment Guns, LLC, 917 F. Supp. 2d 1120 (D. Or. 2012) (moving papers at 9:3-5), where the court, in denying a Rule 41(g) motion because administrative forfeiture proceedings had been commenced, noted equitable jurisdiction to hear a Rule 41(g) motion did not lie even though administrative forfeiture proceedings had been suspended by the filing of a claim but the government had not yet filed a judicial forfeiture complaint.  The court noted that it made no difference that claimant had submitted a claim and the government had not yet filed a judicial forfeiture action, because Congress has given the government 90 days under 18 U.S.C. § 983(a)(3)(A) & (B) to decide how to proceed: by filing a judicial complaint or releasing the property.  Id. at 1122.  Further, the court noted that if a

claimant asserts he has an immediate need for property, the claimant still has an adequate remedy at law because the claimant may seek immediate return of the property by filing a hardship petition pursuant to 18 U.S.C. § 983(f).  Id. at 1122.

**B.   Plaintiffs' Incorrectly Argue Relative To Their Rule 41(g) Claim That The Statute Requiring That Notice Be Sent Within Sixty Days After Seizure Requires That Property Be Returned Before Filing A Forfeiture Lawsuit.**

Plaintiffs' argument regarding the 60 day notice rule in 18 U.S.C. § 983(a)(1)(F) is similarly a non-starter.  On May 20, 2021, or within 18 U.S.C. § 983(a)(1)(A)(i)'s 60-day deadline for a seizing agency to commence administrative forfeiture proceedings, notice letters were sent to Doe 1 and 2 ($274,000 in box 5006), Doe 3 ($199,950 in box 6710), Doe 4 ($330,020 in box 4300), Doe 5 ($570,000 in box 400) and Doe 6 ($1,194,750 in box 40), and the government received claims as to Does 1 and 2's box on June 16, 2021 and June 21, 2021 as to the remaining boxes meaning the 90-day deadline expires September 14 for Doe 1 and 2's box and September 20 for the remaining Doe boxes.[1]  Moving papers at 3:11-22.  Citing no authority plaintiffs argue that the notices are void because they violate due process, in that they fail to disclose the factual and legal bases for the government's decision to commence civil forfeiture proceedings.[2]

Even assuming the FBI forfeiture notices are void, failing to provide a forfeiture notice within 60 days from the seizure of property does not require that the property be returned before a lawsuit is filed.  18 U.S.C. § 983(a)(1)(F) provides if notice is not timely sent within 60 days after property is seized the government shall return the property "without prejudice to the right of the Government to commence a forfeiture

---

[1] Plaintiffs correctly note that the government accepted those claims (oppo. at 5:26-6:1), so the government no longer argues that pseudonym claims need not be accepted under the applicable regulations (moving papers at 9:16-10:24), but reserves the right to make that argument if appropriate.

[2] However, the government notes that the FBI forfeiture notices do not stand alone because the government cannot forfeit plaintiffs' property without filing a complaint that sets forth the factual and legal basis to forfeit plaintiffs' property.

proceeding at a later time."³  Accordingly, the government may proceed with judicial forfeiture based on the same underlying offense that gave rise to seizure of the property even if the 60 day notice is untimely; the cases discussed below show that the government need not actually return the property before filing a complaint within the 90-day deadline.  In <u>Manjarrez v. United States</u>, 2002 WL 31870533 (N.D. Ill. 2002), Manjarrez argued 18 U.S.C. § 983(a)(1)(F) required the government to return property it had seized, before filing a forfeiture complaint against the property because the government had sent notice after the 60 day deadline had expired.  In denying Manjarrez's motion to dismiss the complaint for lack of jurisdiction, the court stated:

> [W]e see no reason to give 18 U.S.C. § 983(a)(1)(F) the restrictive interpretation that Manjarrez does.  Saying that returning the property does not prevent the later filing of a forfeiture action is very different from saying that returning the property is a jurisdictional prerequisite to the later filing of a forfeiture action.  Had Congress intended to bar a forfeiture action in the event the government should fail to return the property, we believe it would have done so explicitly.

<u>Id.</u> at *1.  The court further noted "any return we would order would be a technical one, such as ordering the deposit of the money with the Clerk of the Court.  We agree with the government that it would be imprudent to turn the money over to Manjarrez [pending trial]" as it would obviously be dissipated. <u>Id.</u> at *2 n. 2. <u>Accord</u>, <u>United States v. $11,500.00 in U.S. Currency</u>, 710 F.3d 1006, 1016 (9th Cir. 2013) ("the better and more practical interpretation of the statutory framework is that a failure to provide timely notice does not require the government to return the property if it has subsequently commenced a forfeiture proceeding . . . Requiring the return of the property and then permitting the government to immediately re-seize it would impose a meaningless

---

³ This is unlike 18 U.S.C. § 983(a)(3)(B), which provides that if a civil forfeiture complaint is not filed within the 90 day deadline the government must release the property "and may not take any further action to effect the civil forfeiture of such property <u>in connection with the underlying offense</u>."  (Emphasis added).

4

1. exercise"); United States v. Salmo, 2006 WL 2975503, *3 (E.D. Mich. 2006) (the court
2. noted that the "without prejudice" language in 18 U.S.C. § 983(a)(1)(F) made it
3. "abundantly clear that inadequate notice does not immunize property from forfeiture");
4. United States v. $114,031.00, 2007 WL 2904154, *3 (S.D. Fla. 2007) ("[t]he plain
5. language of the statute says that returning the property would not prevent the
6. government from later bringing a forfeiture proceeding. It does not say that the
7. Government is required to return the property before it can bring a forfeiture
8. proceeding"); United States v. $448,163.00, 2007 WL 4178508, *3 (D. Conn. 2007)
9. ("[t]he government's untimely notice of its intent to subject the defendant property to
10. administrative forfeiture does not require dismissal in this case"); United States v.
11. $203,508.00 in U.S. Currency, 2012 WL 7959757 (C.D. Cal. May 18, 2012)
12. ("[a]lthough the Court finds that timely notice was provided as required by 18 U.S.C.
13. § 983(a)(1)(A)(i), the Court additionally notes that Claimant would not be entitled to the
14. return of property under 18 U.S.C. § 983(a)(1)(F) in the event that notice had been
15. untimely").
16.     The fact that a complaint has not yet been filed does not change the result. The
17. statute provides that if notice is not sent within 60 days after property is seized the
18. government shall return the property "without prejudice to the right of the Government
19. to commence a forfeiture proceeding <u>at a later time</u>." (Emphasis added). 18 U.S.C.
20. § 983(a)(3)(A) places the deadline on the judicial filing at 90 days after the claim is filed
21. with the seizing agency.[4] Accordingly, even assuming no valid administrative notice
22. was sent within 60 days after seizure, the government is still entitled to file a judicial

---

[4] Further, the period of time between the seizure of property and the sending of notices and filing of a complaint here does not run afoul of due process requirements. See United States v. $8,850.00 in U.S. Currency, 461 U.S. 555, 565 (1983) (18 month delay between the seizure of property and commencement of administrative forfeiture proceedings did not violate due process); United States v. Approximately $1.67 Million in U.S. Currency, Stock & Other Valuable Assets, 513 F.3d 991, 998, 1001 (9th Cir. 2008) (five year delay between seizure of property and filing of judicial civil forfeiture complaint did not violate due process); United States v. Ninety-Three (93) Firearms, 330 F.3d 414, 426 (6th Cir. 2003) (three year delay between seizure of property and filing of complaint did not violate due process).

5

forfeiture complaint by the mid-September deadlines. 18 U.S.C. § 983(a)(1)(F) does not require the return of property, nor does it show that equitable jurisdiction lies here.

**C.  Plaintiffs' Rule 41(g) Claim For Property The Government Does Not Have Must Be Brought Under The Federal Tort Claims Act And Plaintiffs Have Not Met The Prerequisites For Relief Thereunder.**

Plaintiffs also argue that no notice was sent for other currency and jewelry within the Does boxes (oppo. at 11:5-12:17), but the government never seized and does not have those items. Docket No. 42-1, Zellhart Decl. ¶¶ 2-4. Rule 41(g) is not the proper vehicle to seek the return of property the government does not have, Rule 41(g) does not waive sovereign immunity to allow suits for monetary damages for property the government does not have, any claim for missing/lost/stolen property must be brought under the Federal Torts Claims Act (the "FTCA"), 28 U.S.C. § 2671 et seq., for monetary damages and plaintiffs' complaint does not mention the FTCA nor plead the elements necessary for subject matter jurisdiction under the FTCA.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." Jachetta v. United States, 653 F.3d 898, 903 (9th Cir. 2011) (internal quotes and citation omitted). Thus, "[i]n an action against the United States, in addition to statutory authority granting subject matter jurisdiction, there must be a waiver of sovereign immunity." Arford v. United States, 934 F.2d 229, 231 (9th Cir. 1991). That waiver "cannot be implied, but must be unequivocally expressed in statutory text." Jachetta, 653 F.3d at 903 (internal quotes and citation omitted). Accord, Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987) ("A party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity").

The government cannot return property it does not possess and a plaintiff is barred from seeking monetary damages under Rule 41(g). Ordonez v. United States, 680 F.3d 1135, 1137–40 (9th Cir. 2012) ("No matter how compelling the circumstances, because Rule 41(g) contains no express and unequivocal waiver of the government's sovereign

6

immunity, money damages are not a permitted form of relief"); see also United States v. Eames, 524 F. App'x 320 (9th Cir. 2013) (vacating district court's award of money damages and remanding with instructions to dismiss Rule 41(g) movant's claim for compensation for lost coins); Bailey v. United States, 508 F.3d 736, 740 (5th Cir. 2007) (instructing district court that if the government no longer possesses the seized cash, "[claimant's] motion must be denied because the government cannot return property it does not possess, and the doctrine of sovereign immunity bars the award of monetary damages under Rule 41(g)"); Diaz v. United States, 517 F.3d 608, 612-13 (2d Cir. 2008) ("seized currency should be treated like any other seized property: if the property is no longer available, sovereign immunity bars the claimant from seeking compensation").

While Rule 41(g) is a vehicle for seeking the return of property, it "does not waive the sovereign immunity of the United States with respect to actions for money damages relating to such property." Adeleke v. United States, 355 F.3d 144, 151 (2d Cir. 2004); Diaz, 517 F.3d at 613 (in Rule 41(g) cases, "[o]nce seized currency has been disbursed and is no longer available . . . a claim for its return is . . . no longer at hand: such claims are jurisdictionally barred by the principle of sovereign immunity"); Kahn v. United States, 2009 WL 2900249 at *3 (S.D.N.Y. Sept. 8, 2009) (where, as here, "property is not available for return for whatever reason, the aggrieved party cannot obtain monetary damages against the United States") (internal quotes and citation omitted).

To the extent plaintiffs seek relief for property the government does not have, plaintiffs must base subject matter jurisdiction on 28 U.S.C. § 1346(b), which is the statute establishing jurisdiction on claims against the government for monetary damages arising from the loss of property under the FTCA. Further, to establish subject matter jurisdiction under the FTCA, a complaint must allege plaintiff has exhausted plaintiff's administrative remedies, by sending the stolen or missing property claim to an administrative agency and that the agency denied plaintiff's claim, which is a jurisdictional prerequisite for filing suit under the FTCA for monetary damages; without that allegation, a complaint is properly dismissed for lack of subject matter jurisdiction.

28 U.S.C. §§ 2672 and 2675(a); Blair v. IRS, 304 F.3d 861, 864-65 (9th Cir. 2002); Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980). Plaintiffs' Rule 41(g) claim, to the extent based on property the government does not have, should be dismissed.

**D. Assuming Plaintiffs Assert Free-Standing Constitutional Causes Of Action, Those Claims Are Subject To Dismissal Because Plaintiffs Cannot Show Irreparable Injury, Subject Matter Jurisdiction Does Not Exist Under The APA, And Plaintiffs Have Not Satisfied Article III's Case Or Controversy Requirement Because Their Claims Are Moot or Unripe.**

Plaintiffs argue that the Court has jurisdiction over their Constitutional claims, which they contend have been asserted in each of their causes of action. Oppo. at 8:20-24. This is wrong, as their second cause of action under Rule 41(g) is not a Constitutional claim, and if their remaining causes of action are brought under the Fourth or Fifth Amendment or the APA, that fact alone does not mean plaintiffs have stated claims for relief. Plaintiffs first cause of action seeks the return of property, or exactly what is sought in their Rule 41(g) second cause of action (complaint ¶¶ 37 and 40); their third cause of action seeks an order to permit plaintiffs to file claims using pseudonyms in the administrative forfeiture proceedings [which claims have been accepted and therefore renders their request moot] and in future judicial forfeiture proceedings [which is therefore unripe] (complaint ¶ 44); their fourth cause of action seeks to stay the administrative forfeiture claim filing deadline [a request they now waive, oppo. at 3:25-28] and a stay of discovery in future judicial forfeiture actions [which is unripe] (complaint ¶ 48); and their fifth cause of action seeks to enjoin spoliation of evidence.[5]

Plaintiffs arguments do not overcome the fact that their complaint should be dismissed. Regardless of whether plaintiffs' claims are Constitutional claims, APA

---

[5] Plaintiffs incorrectly argue that the government has not moved to dismiss their fifth cause of action for spoliation of evidence, The government's motion is directed to the complaint in its entirety, and the Court has previously noted "[p]laintiffs have not alleged any facts that would indicate a likelihood that the Government will destroy or dispose of evidence. Further, the law already provides sanctions to address spoliation of evidence." Docket No. 23 (April 22, 2021 Order denying TRO) at 6.

8

1  claims, or anything else, there are three separate and independent fatal flaws in their
2  causes of action.  First, they all seek injunctive relief, but irreparable injury is a critical
3  component therefor and plaintiffs make no showing of how they will suffer irreparable
4  injury if they must wait a month pursuant to the 90 day deadline and litigate their issues
5  in any forfeiture case that is filed.[6]  Second, plaintiffs have not addressed that they
6  cannot satisfy the Article III case or controversy requirement because their request for
7  relief in future judicial actions is unripe and to stay already expired deadlines in the
8  administrative forfeiture proceedings is moot.  Moving papers 12:21-15:11.  Accord,
9  Docket No. 23 (Order re TRO) at 6.  Third, plaintiffs' Constitutional and APA claims
10 cannot stand because City of Oakland v. Lynch, 798 F.3d 1159 (9th Cir. 2015),
11 precludes them; under 5 U.S.C. § 701(a)(2), the APA does not apply (meaning subject
12 matter jurisdiction does not lie) if "statutes preclude judicial review" and the Ninth
13 Circuit held "the existing forfeiture framework also impliedly forbids judicial review of
14 Oakland's claims" and "the APA would provide for duplicative review" since the
15 forfeiture statutes' scheme show "Congress created a framework permitting only certain
16 parties to bring claims, and allowing collateral attacks would disrupt the framework by

---

[6] See, Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008) ("[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief" (citation omitted);Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011); Caribbean Marine Services Co., Inc. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988) ("[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." (citation omitted).

Further, "[a] plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." Id. (citation omitted).  Establishing a risk of irreparable harm in the indefinite future is insufficient; the harm must be shown to be imminent. Midgett v. Tri-County Metropolitan Transp. Dist. Of Oregon, 254 F.3d 846, 850 (9th Cir. 2001) ("[p]laintiff must make a showing that he faces a real or immediate threat of substantial or irreparable injury") (citation omitted); Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (party seeking injunctive relief must show and prove a real and immediate-as opposed to a merely conjectural or hypothetical-threat of future injury); Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) ("a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future") (citation and internal quotation marks omitted).

giving third parties a greater ability to initiate challenges. . . . Permitting parties to file under the APA and circumvent the short deadlines Congress established in the forfeiture law would make mush of the law." Id. at 1165-66.   Similarly, 5 U.S.C. § 702 provides no relief here because the forfeiture statutes grant a claimant authority to intervene in judicial forfeiture actions and therefore forbid the relief plaintiffs seek (i.e., an injunction pertaining to the forfeiture proceedings).

Finally, plaintiffs' attempt to dispute only one of the other two separate grounds (i.e., no final agency action and the matter involves agency action committed to agency discretion; moving papers at 11:1-5) the government offered to show jurisdiction does not lie under the APA.  Plaintiffs ignore the agency discretion argument entirely, and claim only that searches and seizures constitute final agency action under the APA.  But plaintiffs' cases are inapplicable, as they involve challenges to a seizing agency policy of effecting seizures or other procedures (and not an isolated seizure as is involved here) (Kidd v. Mayorkas, 2021 WL 1612087 (C.D. Cal. Apr. 26, 2021), or a biological opinion involving an endangered species that has nothing to do with the instant case (Bennett v. Spear, 520 U.S. 154 (1997)).  Further, both of those cases noted that final agency action exists only when there is an action by which rights or obligations have been determined, or exactly what the Ninth Circuit ruled was the reason that jurisdiction did not lie under the APA because even the filing of a judicial forfeiture action does not constitute final agency action.  City of Oakland, 789 F.3d at 1166.  Further, plaintiffs' argument that 5 U.S.C. § 551(10)(D) and (13) defines "agency action" to include the seizure of property is irrelevant because the issue is whether a seizure constitutes final agency action and not merely agency action.

No matter what plaintiffs claim are the basis for their free-standing Constitutional claims, plaintiffs' causes of action are insufficient.  They should therefore be dismissed.

## CONCLUSION

For the reasons set forth above, the government respectfully renews its request that its motion to dismiss be granted.

| | |
|---|---|
| Dated: August 20, 2021 | Respectfully submitted, |
| | TRACY L. WILKISON<br>Acting United States Attorney<br>SCOTT M. GARRINGER<br>Assistant United States Attorney<br>Chief, Criminal Division |
| |       /s/<br>ANDREW BROWN<br>VICTOR A. RODGERS<br>MAXWELL COLL<br>Assistant United States Attorneys |
| | Attorneys for Defendants<br>UNITED STATES OF AMERICA, et al. |