UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03254-RGK-MAR | Date | September 15, 2021 |
|---|---|---|---|
| Title | *Does 1 et al v. United States of America et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendants' Motion to Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim upon Which Relief Can Be Granted [DE 33]; Plaintiffs' Motion for Class Certification [DE 37]; Plaintiffs' Motion for Preliminary Injunction [DE 38]

## I.  INTRODUCTION

On April 15, 2021, six Plaintiffs proceeding under the pseudonyms Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, and Doe 6 ("Plaintiffs")[1] filed a complaint against the United States of America and Merrick Garland in his official capacity as U.S. Attorney General (together, "the Government"). Plaintiffs allege claims for return of property pursuant to Rule 41(g) of the Federal Rule of Criminal Procedure and for violation of their Fourth and Fifth Amendments rights.

Plaintiffs' claims arise from the Government's seizure and search of their personal property located in six safe deposit boxes on the premises of non-party US Private Vaults. Plaintiffs seek to represent a class of "All persons and/or entities who maintained a safe deposit box at US Private Vaults, located at 9182 West Olympic Boulevard, Beverly Hills, CA 90212 during the month of March 2021." (Compl. ¶ 14, ECF No. 1).

Presently before the Court are the following motions: (1) the Government's Motion to Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim upon Which Relief Can Be Granted ("Defs.' Mot. Dismiss," ECF No. 33); (2) Plaintiffs' Motion for Class Certification ("Pls.' Mot. Class Cert.," ECF No. 37), and; (3) Plaintiffs' Motion for Preliminary

---

[1]  Plaintiffs filed this suit under pseudonyms to protect themselves from the risk of criminal prosecution, and from injury, harassment, retaliation, and embarrassment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03254-RGK-MAR | Date | September 15, 2021 |
|---|---|---|---|
| Title | *Does 1 et al v. United States of America et al* | | |

Injunction ("Pls.' Mot. Prelim. Inj.," ECF No. 38). For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** the Government's Motion and **DENIES** Plaintiffs' two Motions.

## II.    FACTUAL BACKGROUND

Since 2011, US Private Vaults ("USPV") has operated a facility offering private safe deposit boxes. USPV houses between 600 and 1,000 safe deposit boxes and rents them to hundreds of customers. Prior to and during March 2021, Plaintiffs and the putative class members each leased and maintained one or more boxes at USPV in which they kept non-contraband property, including U.S. currency, gold, and jewelry.

USPV's safe deposit boxes differ from those of a typical bank. USPV does not keep a key to any rented boxes, which means that the only person with the ability to open the box is the renter or the renter's designee. In addition, USPV provides other privacy and security features. For instance, boxholders are identified by encrypted biometric information; USPV's premises are under 24/7 video monitoring by a security company; and USPV maintains motion detectors, heat sensors, and other sophisticated security measures to detect intruders after regular business hours. USPV also offers insurance for its safe deposit boxes, up to $500,000 per box.

USPV's business attracted the Government's attention. A grand jury indicted USPV for conspiring with its customers to launder money, distribute drugs, and structure financial transactions to avoid currency reporting requirements. (Defs.' Opp. to Pls.' TRO App. at 1, ECF No. 16). From March 22 through March 26, 2021, federal law enforcement agents searched USPV and seized every safe deposit box in the facility. The Government maintains that it searched the contents of each box pursuant to a sealed criminal seizure warrant. (TRO App. at 2). When inventorying the boxes, the Government found fentanyl, OxyContin, firearms, and stacks of $100 bills to which drug dogs alerted. (Defs.' Opp. to Pl.'s TRO App. at 17).

Plaintiffs maintain that their boxes did not contain any contraband—only currency, gold, and jewelry. Yet the Government has refused to return Plaintiffs' property unless they identify themselves. The FBI filed an administrative forfeiture proceeding against property seized during the March 22, 2021 raid. Though Plaintiffs received notice of the administrative forfeiture, they assert that the notice was inadequate because it did not provide the factual and legal bases for the forfeiture. Plaintiffs "each filed pseudonymous administrative forfeiture claims to the currency in their USPV safe deposit boxes . . . and the FBI accepted these claims." (Pls.' Opp. to Defs.' Mot. Dismiss at 5, ECF No. 40). But to date, the Government remains in possession of Plaintiffs' property.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03254-RGK-MAR | Date | September 15, 2021 |
|---|---|---|---|
| Title | *Does 1 et al v. United States of America et al* | | |

### III. JUDICIAL STANDARD

#### A. Class Certification Standard

As a threshold to class certification, the proposed class must satisfy four prerequisites under Federal Rule of Civil Procedure ("Rule") 23(a). First, the class must be so numerous that joinder of all members individually is impracticable. Fed. R. Civ. P. 23(a)(1). Second, there must be questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). Third, the claims or defenses of the class representative must be typical of the claims or defenses of the class as a whole. Fed. R. Civ. P. 23(a)(3). Finally, the proposed class representatives and proposed class counsel must be able to fairly and adequately protect the interests of all members of the class. Fed. R. Civ. P. 23(a)(4).

If all four prerequisites of Rule 23(a) are satisfied, a court must then determine whether to certify the class under one of the three subsections of Rule 23(b). Under Rule 23(b), the proposed class must establish that: (1) there is a risk of substantial prejudice from separate actions; (2) declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) common questions of law or fact predominate such that a class action is superior to other methods available for adjudicating the controversy at issue. Fed. R. Civ. P. 23(b).

A district court should permit a class action to proceed only if the court "is satisfied, after a rigorous analysis," that the Rule 23 prerequisites have been met. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011) (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). However, while some inquiry into the substance of a case may be necessary, it is improper to decide on the merits at the class certification stage. *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003). In analyzing whether the proposed class meets the requirements for certification, a court must take the substantive allegations of the complaint as true and may consider extrinsic evidence submitted by the parties to holistically evaluate the merits of class certification. *See Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975).

#### B. Preliminary Injunction Standard

The purpose of a preliminary injunction is generally to preserve the status quo pending a judgment on the merits. *Regents of Univ. of California v. Am. Broad. Companies, Inc.*, 747 F.2d 511, 514 (9th Cir. 1984). To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "When the government is a party, the last two factors (equities and public interest) merge." *E. Bay*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03254-RGK-MAR | Date | September 15, 2021 |
|---|---|---|---|
| Title | *Does 1 et al v. United States of America et al* | | |

*Sanctuary Covenant v. Biden*, 993 F.3d 640, 668 (9th Cir. 2021) (citation omitted). The court may also apply a sliding scale test, whereby the elements of the *Winter* test are balanced "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The moving party has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

Where, as here, the moving party seeks a preliminary injunction that "orders a responsible party to take action[,]" *i.e.* a "mandatory injunction," the "court should deny such relief unless the facts and law clearly favor the moving party." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

### C. <u>12(b)(1): Dismissal for Lack of Subject Matter Jurisdiction</u>

Federal courts are courts of limited jurisdiction and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation,* 873 F.2d 1221, 1225 (9th Cir. 1989). A party may move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of establishing jurisdiction. *Kingman Reef Atoll Investments, L.L.C. v. United States,* 541 F.3d 1189, 1197 (9th Cir. 2008).

### D. <u>12(b)(6): Dismissal for Failure to State a Claim Upon Which Relief Can be Granted</u>

Under Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable. *Iqbal*, 556 U.S. at 678. A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court must accept well-pled factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See Autotel v. Nev. Bell. Tel. Co.*, 697 F.3d 846, 850 (9th Cir. 2012). Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03254-RGK-MAR | Date | September 15, 2021 |
|---|---|---|---|
| Title | *Does 1 et al v. United States of America et al* | | |

### IV.  DISCUSSION

#### A.  Plaintiffs' Motion for Class Certification

Plaintiffs seek to certify three classes, which Plaintiffs refer to as Class 1, Class 2, and Class 3. For the reasons set forth below, Plaintiffs fail to establish that the commonality requirement of Rule 23(a) is satisfied as to any of the three classes. Additionally, Plaintiffs fail to establish that any of Rule 23(b)'s requirements are met. For these two reasons, the Court **DENIES** Plaintiffs' Motion.

##### 1.  *Rule 23(a)*

Plaintiffs define Class 1 as follows:

> All persons and/or entities who maintained a safe deposit box at US Private Vaults, whose box was searched and the contents seized by the FBI on or about March 22, 2021, who received the government's constitutionally-inadequate notice of seizure of their property but filed an administrative forfeiture claim, and seek return of their property in judicial forfeiture proceedings using a pseudonym and/or through sealed filings or the appointment of a special master to administer their claims.

(Pls.' Mot. for Class Cert. at 10). Class 2[2] and Class 3[3] are defined similarly and the distinctions between them are immaterial to the Court's analysis.

---

[2]  **Class 2:** All persons and/or entities who maintained a safe deposit box at US Private Vaults, whose box was searched and the contents seized by the FBI on or about March 22, 2021, and who have received no written or published notice of seizure, and seek return of their property using a pseudonym, and/or through under sealed filings or the appointment of a special master to administer their claims.
(Pls.' Mot. for Class Cert. at 10–11).

[3]  **Class 3:** All persons and/or entities who maintained a safe deposit box at US Private Vaults, whose box was searched and the contents seized by the FBI on or about March 22, 2021, but received a constitutionally-inadequate notice, and seek return of their property using a pseudonym, and/or through sealed filings or the appointment of a special master to administer the relief they seek.
(Pls.' Mot. for Class Cert. at 11).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03254-RGK-MAR | Date | September 15, 2021 |
|---|---|---|---|
| Title | *Does 1 et al v. United States of America et al* | | |

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Here, Plaintiffs assert that putative class members "wish to remain anonymous to the government while contesting judicial forfeiture[.]" (Pls.' Mot. for Class Cert. at 16). Though the putative class members may share this common wish, it is not one that the Court can grant on a class-wide basis.

Plaintiffs hope to obtain an order allowing all of the putative class members (more than 100, by Plaintiffs' count) to "seek return of their property in judicial forfeiture proceedings using a pseudonym and/or through sealed filings or the appointment of a special master to administer their claims." (*Id.* at 10 (Class 1); *see also id.* at 12 (Class 2); *id.* (Class 3)). But a party may proceed anonymously in a law suit only "when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). Determining whether such "special circumstances" are present in a given case requires a fact-specific inquiry. To preserve his or her anonymity in judicial proceedings, the party's need for anonymity must "outweigh[] [the] prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. Moreover, '[t]he court must . . . determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Id.*

What Plaintiffs ultimately seek via class certification is declaratory relief in the form of an order allowing the putative class members—at least 100 of them—to proceed anonymously in judicial forfeiture proceedings that may or may not be filed in the future. If such forfeiture actions are filed, and the putative class members wish to proceed anonymously in those actions, it will be for the presiding judge in those actions to "determine the precise prejudice *at each stage of the proceedings* to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Id.* (emphasis added). The Court cannot predict and determine whether putative class members will be entitled to proceed anonymously in hypothetical future civil forfeiture actions. Thus, the commonality upon which Plaintiffs' rely—the putative class members' shared wish to proceed anonymously in future forfeiture actions—does not support class certification.

    2.    <u>Rule 23(b)</u>

Equally fatal to Plaintiffs' Motion is their failure to establish that any of the Requirements of Rule 23(b) are met. Plaintiffs assert generally that they "seek to certify the proposed class[es] under Rule 23(b) or, alternatively, Rule 23(b)(1)(A)." (Pls.' Mot. for Class Cert. at 8). Rule 23(b) provides putative class representatives with three potential avenues to certify a class: (1) there is a risk of substantial prejudice from separate actions; (2) declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) common questions of law or fact predominate such that a class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03254-RGK-MAR | Date | September 15, 2021 |
|---|---|---|---|
| Title | *Does 1 et al v. United States of America et al* | | |

action is superior to other methods available for adjudicating the controversy at issue. Fed. R. Civ. P. 23(b). Here, Plaintiffs address each of Rule 23(b)'s subsections in short form.

As to Rule 23(b)(3), Plaintiffs assert that "a class action is superior to the Court hearing over 100 individual motions in 100 separate cases, to fairly and efficiently adjudicate" whether the putative class members may proceed anonymously in future judicial forfeiture proceedings. (*See* Pls.' Mot. for Class Cert. at 16). But a class action does not provide a superior means to determine whether 100 or more individuals may proceed anonymously in 100 or more potential judicial forfeiture actions that have yet to be filed. For a party to proceed anonymously in an action, "[t]he court must . . . determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Does I thru XXIII*, 214 F.3d at 1068. This Court cannot make that determination about the balance of prejudice in other cases.

As to Rule 23(b)(2), Plaintiffs assert that they "are seeking declaratory relief in this action regarding their request to proceed pseudonymously." (Pls.' Mot. Class Cert. at 17). But, as discussed immediately above, granting declaratory relief as to the putative class members' right to proceed pseudonymously in other actions would not be appropriate.

Finally, as to Rule 23(b)(1), Plaintiffs assert that "prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications." (Pls.' Mot. for Class Cert. at 16). While Plaintiffs do not spell out what those risks are, the Court presumes that Plaintiffs mean that, absent a class-wide grant of the right to proceed anonymously in other cases, some putative class members may be allowed to proceed anonymously in future judicial forfeiture actions while others may not. This risk notwithstanding, the burden will be on the individual putative class members in any future judicial forfeiture proceeding to establish that their "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII*, 214 F.3d at 1068. The Court declines to relieve the putative class members of this burden by prejudging the balance between the need for anonymity and prejudice in cases that are not before the Court.

In summary, because Plaintiffs fail to satisfy all of the requirements of Rule 23(a) and any of the requirements of Rule 23(b), the Court **DENIES** Plaintiffs' Motion for Class Certification.

**B.     The Government's Motion to Dismiss**

The Court now considers the Government's Motion to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction and failure to state a claim. For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** the Government's Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03254-RGK-MAR | Date | September 15, 2021 |
|---|---|---|---|
| Title | *Does 1 et al v. United States of America et al* | | |

1.  *Plaintiffs' First Claim*

Plaintiffs' first claim is for violation of their Fourth and Fifth Amendment rights. Specifically, Plaintiffs allege that "Defendants have violated the Fourth and Fifth Amendment rights of Plaintiffs . . . in that Defendants acted and/or failed to act in their official capacity and/or under legal authority, by improperly opening and/or searching [Plaintiffs'] safe deposit boxes . . . without particularized probable cause." (Compl. ¶ 36).

The only relief that Plaintiffs seek in connection with this claim is an injunction requiring the Government to return Plaintiffs' property. (*Id.* ¶ 37). The Government argues that this claim should be dismissed because Plaintiffs have an adequate remedy at law—namely, they can move for return of property in judicial forfeiture proceedings. But the Government fails to point to any pending judicial forfeiture proceeding against Plaintiffs' property. It is therefore unclear whether Plaintiffs will actually have an adequate remedy at law via filing a claim in a judicial forfeiture proceeding, or whether the Government will opt not to file judicial forfeiture proceedings against the property. Accordingly, for the reasons discussed in greater depth in connection with Plaintiffs' second claim below, the Court **DEFERS** ruling on the Government's Motion as it pertains to Plaintiffs' first claim.

2.  *Plaintiffs' Second Claim*

Plaintiffs' second claim is a claim for return of property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. Motions for return of property are generally "used to seek the return of seized property after an indictment has been issued." *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir. 1993). But district courts have the power to entertain, in civil cases, "motions to return property seized by the government when there are no criminal proceedings pending against the movant." *Id.* A court's power to adjudicate such motions is equitable in nature and must therefore be exercised with "caution and restraint." *Id.*

Courts consider four factors in deciding whether to exercise equitable jurisdiction under Rule 41(g): whether "(1) the Government displayed a callous disregard for the constitutional rights of the movant; (2) the movant has an individual interest in and need for the property he wants returned; (3) the movant would be irreparably injured by denying return of the property; and (4) the movant has an adequate remedy at law for the redress of his grievance." *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) (quoting *Ramsden*, 2 F.3d at 324–25). "If the 'balance of equities tilts in favor of reaching the merits' of the Rule 41(g) motion, the district court should exercise its equitable jurisdiction to entertain the motion." *Id.* (quoting *Ramsden,* 2 F.3d at 326). A pending judicial forfeiture proceeding provides a movant with an adequate remedy at law, *United States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1235 (9th Cir. 1988), and therefore weighs against an exercise of equitable jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03254-RGK-MAR | Date | September 15, 2021 |
|---|---|---|---|
| Title | *Does 1 et al v. United States of America et al* | | |

The Government moves to dismiss Plaintiffs' Rule 41(g) claim because the FBI initiated an administrative forfeiture proceeding as to Plaintiffs' property (which has since terminated) and the Government intends to file judicial forfeiture proceedings against Plaintiffs' property soon. The Ninth Circuit has held that a district court may properly decline to exercise equitable jurisdiction over a motion for return of property when a property owner has adequate notice of a pending administrative forfeiture proceeding. *See United States v. Elias*, 921 F.2d 870, 872 (9th Cir. 1990). The Ninth Circuit has also held that, "when a civil forfeiture proceeding has been filed, the claimant has adequate remedies to challenge any fourth amendment violation[,]" and "there is no need to fashion an equitable remedy to secure justice for the claimant." *United States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1235 (9th Cir. 1988).

Here, however, there are no administrative forfeiture proceedings pending against Plaintiffs' property, and the Government does not point to any judicial forfeiture proceedings against the property. But the Government avers that it will file judicial forfeiture actions against Plaintiffs' property by September 20, 2021. (*See* Defs.' Reply in Support of Mot. Dismiss at 5–6, ECF No. 48). The Court therefore defers ruling on the Government's Motion as it pertains to Plaintiffs' Rule 41(g) claim, and **ORDERS** the parties to file a joint status report by September 27, 2021 regarding: (1) the status of any judicial forfeiture proceedings against Plaintiffs' property; (2) the impact of any such proceedings on the Court's ability to exercise jurisdiction over Plaintiffs' Rule 41(g) claim, and; (3) the impact of any such proceedings on Plaintiffs' ability to obtain injunctive relief in connection with their first claim. The joint status report shall not exceed twenty pages (ten pages per side).

    3.    *Plaintiffs' Third Claim*

Plaintiffs' third claim alleges that the Government violated their Fifth Amendment rights "by seizing and holding their property without particularized probable cause, and by demanding that [Plaintiffs] identify themselves by name to seek return of their property." (Compl. ¶ 43). The relief Plaintiffs seek in connection with this claim is an order instructing the Government that it must "allow, and not prohibit," Plaintiffs "to file claims to their property, including administrative and judicial forfeiture claims pursuant to 18 U.S.C. §983, using a pseudonym to identify themselves." (*Id.* ¶ 43).

Plaintiffs concede that they have already filed administrative forfeiture claims under a pseudonym and that the Government has accepted those claims. (Pls.' Opp. to Defs.' Mot. to Dismiss at 5). Plaintiffs' request to file anonymous administrative forfeiture claims is therefore dismissed as moot. As for the aspect of Plaintiffs' claim that requests leave to file anonymous claims in potential judicial forfeiture actions in the future, that part of the claim is dismissed because it is not yet ripe for resolution. As discussed above, the burden in any future judicial forfeiture actions will be on the individual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03254-RGK-MAR | Date | September 15, 2021 |
|---|---|---|---|
| Title | *Does 1 et al v. United States of America et al* | | |

Plaintiffs to establish that their "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII*, 214 F.3d at 1068.

The Court therefore **DISMISSES** Plaintiffs' third claim.

    4.    *Plaintiffs' Fourth Claim*

In their fourth claim, Plaintiffs allege that the Government violated their Fifth Amendment rights "by opening and/or searching [Plaintiffs]' safe deposit boxes without particularized probable cause and then requiring [Plaintiffs] to come forward and identify themselves in administrative and judicial civil forfeiture proceedings before their Fourth and Fifth Amendment challenges of the searches and seizures are determined." (Compl. ¶ 47). The relief Plaintiffs seek is a "stay [of] civil discovery until Plaintiffs' Fourth and Fifth Amendment challenges to the box searches and property seizures are determined." (*Id.* ¶ 48). In their opposition, Plaintiffs clarify that they seek "a stay of discovery in this and all related civil forfeiture cases until the Court first determines" the merits of Plaintiffs' Fourth Amendment arguments. (Pls.' Opp. to Defs.' Mot. Dismiss at 1, ECF No. 40).[4]

As to Plaintiffs' request for an order staying discovery in other civil matters, this claim is dismissed. Plaintiffs raise no cognizable legal theory, nor is the Court aware of any, that would justify this Court issuing an order staying discovery in other civil cases. Regarding a stay of discovery in this case, Plaintiffs may move for such relief if they wish, but need not maintain their Fifth Amendment claim to do so. The Court therefore **DISMISSES** Plaintiffs' fourth claim as moot.

    5.    *Plaintiffs' Fifth Claim*

Finally, by their fifth claim, Plaintiffs again allege that the Government's seizure and search violated their right to due process. The relief that Plaintiffs seek in connection with this claim is an order enjoining the Government from spoliating evidence. Plaintiffs fail to adequately plead this claim for relief because Plaintiffs allege no facts giving rise to a plausible inference that the Government will spoliate evidence. Accordingly, the Court **DISMISSES** Plaintiffs' fifth claim for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).

---

[4] Plaintiffs also sought to stay deadlines for filing administrative and judicial forfeiture claims, but have now waived that part of their fourth claim. (Pls.' Opp. to Defs.' Mot. Dismiss at 3, n.2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03254-RGK-MAR | Date | September 15, 2021 |
|---|---|---|---|
| Title | *Does 1 et al v. United States of America et al* | | |

### C. Plaintiffs' Motion for Preliminary Injunction

Plaintiffs move to preliminarily enjoin the Government from 1) "civilly forfeiting property seized from USPV boxes for which the seizure notices were constitutionally inadequate[ and] 2) . . . holding onto [Plaintiffs'] property," and for a mandatory injunction 3) "order[ing] the government to return the property to [Plaintiffs] pending further proceedings." (Pls.' Mot. Prelim. Inj. at 12). Because Plaintiffs fail to demonstrate a likelihood of irreparable harm, the Motion is denied.

Where a moving party has an adequate remedy at law, there is no risk of irreparable harm. *Anderson v. Zenali*, 163 F.3d 605 (9th Cir. 1998). Here, "Plaintiffs have submitted administrative forfeiture claims to contest forfeiture of their property," (Pls.' Mot. for Prelim. Inj. at 13), thereby triggering the Government's 90-day statutory window to either (1) return Plaintiffs' property, or (2) file a judicial forfeiture action against the property. *See* 18 U.S.C. § 983 (E)(3)(A)–(B). The Government avers that the 90-day window closes as to the last of the six Plaintiffs on September 20, 2021. Section 983 therefore provides Plaintiffs an avenue to obtain the relief they seek: wait five days and have their property returned (should the Government decline to file judicial forfeiture actions) or prevail in a judicial forfeiture action (should the Government choose to file such actions).

Plaintiffs argue that, pursuant to 18 U.S.C. § 983(a)(1)(F), they are entitled to the return of their property pending any further proceedings because the notices of administrative forfeiture that they received did not comport with the forfeiture statute or due process. They are not. The forfeiture statute provides that, "[i]f the Government does not send notice of a seizure of property in accordance with subparagraph (A) to *the person from whom the property was seized* . . .[,] the Government shall return the property *to that person* without prejudice to the right of the Government to commence a forfeiture proceeding at a later time." 18 U.S.C. § 983(a)(1)(F) (emphasis added). Here, though Plaintiffs assert that they have an ownership interest in the items seized from various boxes at USPV, the contents of those boxes were in possession of USPV at the time of seizure. Thus, Plaintiffs are not "the person[s] from whom the property was seized"—that "person" is USPV. Therefore, even if the notices that the Government sent to Plaintiffs did not comply with the forfeiture statute, Plaintiffs would not be entitled to the return of their property under Section 983(a)(1)(F).

Accordingly, the Court **DENIES** Plaintiffs' Motion for Preliminary Injunction.

### V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** Plaintiffs' Motion for Class Certification, **GRANTS** in part and **DENIES** in part the Government's Motion to Dismiss, and **DENIES** Plaintiffs' Motion for Preliminary Injunction. The Court **DISMISSES** Plaintiffs third, fourth, and fifth claims, and **DEFERS** ruling on the Government's Motion to Dismiss as it pertains to Plaintiffs' first and second

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03254-RGK-MAR | Date | September 15, 2021 |
|---|---|---|---|
| Title | *Does 1 et al v. United States of America et al* | | |

claims. The parties are further **ORDERED** to file a joint status report in compliance with section IV.B.2. of this order by no later than September 27, 2021.

**IT IS SO ORDERED.**

                                                Initials of Preparer