TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture/
General Crimes Sections
    1100/1400/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102/2569/1785
    Facsimile: (213) 894-6269/0142/0141
    E-mail: Andrew.Brown@usdoj.gov
           Victor.Rodgers@usdoj.gov
           Maxwell.Coll@usdoj.gov

Attorneys for Defendants
UNITED STATES OF AMERICA, et al.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| DOES 1-6, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA, and MERRICK GARLAND, in his official capacity as United States Attorney General,<br><br>    Defendants. | Case No. 2:21-CV-03254-RGK-MAR<br><br>**PLAINTIFFS' AND DEFENDANTS' JOINT STATUS REPORT PURSUANT TO THE COURT'S SEPTEMBER 15, 2021 ORDER [DOCKET NO. 51] REGARDING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** |

# JOINT STATUS REPORT

Plaintiffs Does 1-6 (collectively, "Plaintiffs") and Defendants United States of America, and Merrick Garland, in his official capacity as United States Attorney General (collectively, "the government") respectfully submit this joint status report pursuant to the Court's September 15, 2021 order (docket no. 51) regarding the government's motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

## I.

## PLAINTIFFS' SECTION OF THE JOINT STATUS REPORT

Plaintiffs do not dispute that when a civil forfeiture proceeding has been filed by the government, the claimant has adequate remedies to challenge any Fourth Amendment violation regarding the defendant seized property within that proceeding. *See* ECF 51, p. 9. Thus, Plaintiffs' Rule 41(g) claims would be moot if a civil forfeiture complaint is filed against the property seized from Plaintiffs' safe deposit box numbers 5006, 4105, 6710, 4300, 400 and/or 40.

On the other hand, if the government did not file a civil forfeiture complaint against any property Plaintiffs allege were seized from the above boxes, then that property must be returned. That necessarily would include the gold Plaintiff Does 1 and 2 stored in box #5006 and the $20,000 in currency they stored in box #4105, for which the FBI did not serve them with a notice of seizure. Thus, if the government has not filed complaints against that property, Plaintiff Does 1 and 2 still will have pending, viable Rule 41(g) claims as to those items of property.

Plaintiffs also note that the Court did not dismiss any of their claims without leave to amend their complaint. Depending on the Court's final ruling as to the motion to dismiss Plaintiffs' current claims, they would request the opportunity to have leave of Court to file an amended complaint 1) to add one or more non-anonymous Plaintiffs, and/or 2) to add or revise one or more causes of action. Plaintiffs' lead counsel will be

/ / /

out of the country until October 11th, and thus would respectfully request the Court to grant Plaintiffs 30 days after his return to file such a motion.

## II.

## THE GOVERNMENT'S SECTION OF THE JOINT STATUS REPORT

The government respectfully submits this response to the three questions raised in the Court's September 15, 2021 order.

### A. The Status Of Any Judicial Forfeiture Proceedings Against Plaintiffs' Property.

The government has filed forfeiture complaints against the property each plaintiff (i.e., plaintiff Doe 1, Doe 2, Doe 3, Doe 4, Doe 5 and Doe 6) seeks to have returned that the government has in its possession.  As to any other property plaintiffs seek to have returned, the government does not possess those properties and therefore can neither return those properties nor file a forfeiture action against them.

#### 1. The Status Of Forfeiture Complaints The Government Has Filed Against Property That The Government Has In Its Possession.

With respect to the property within the government's possession, the status of the lawsuits, which were all filed September 17, 2021, is as follows.

As to plaintiffs Doe 1 and 2 who seek to have the currency in box 5006 returned, the government has filed a judicial forfeiture action against the $274,030.00 seized from box 5006.  Plaintiffs' complaint in instant case ¶ 11a and b (docket no. 1); Complaint in United States of America v. $274,030.00 in U.S. Currency, Case No. 2:21-cv-07481 (docket no. 1, at ¶¶ 5 and 20).  As to plaintiff Doe 3 who seeks to have the currency in box 6710 returned,  the government has filed a judicial forfeiture action against the $199,950.00 seized from box 6710.  Plaintiffs' complaint in instant case ¶ 11c (docket no. 1); Complaint in United States of America v. $199,950.00 in U.S. Currency, Case No. 2:21-cv-07487 (docket no. 1 at ¶¶ 5 and 20).  As to plaintiff Doe 4 who seeks to have the currency in box 4300 returned, the government has filed a judicial forfeiture action against the $330,020.00 seized from box 4300.  Plaintiffs' complaint in instant

case ¶ 11d (docket no. 1); Complaint in <u>United States of America v. $330,020.00 in U.S. Currency</u>, Case No. 2:21-cv-07472 (docket no. 1 at ¶¶ 5 and 20).

As to plaintiff Doe 5 who seeks to have the currency in box 400 returned, the government has filed a judicial forfeiture action against the $570,000.00 seized from box 400. Plaintiffs' complaint in instant case ¶ 11e (docket no. 1); Complaint in <u>United States of America v. $570,000.00 in U.S. Currency</u>, Case No. 2:21-cv-07463 (docket no. 1 at ¶¶ 5 and 20). As to the final plaintiff, who is Doe 6, who seeks to have the currency in box 40 returned, the government has filed a judicial forfeiture action against the $1,194,750.00 seized from box 40. Plaintiffs' complaint in instant case ¶ 11f (docket no. 1); Complaint in <u>United States of America v. $1,194,750.00 in U.S. Currency</u>, Case No. 2:21-cv-07477 (docket no. 1 at ¶¶ 5 and 20).

In light of the filings of these judicial actions, and as discussed below, the motion to dismiss should be granted.

### 2. Property Plaintiffs' Seek To Have Returned That The Government Does Not Possess And Therefore Cannot File A Forfeiture Complaint Against Any Such Property.

The government has previously shown that, except for the items named as defendants in the above-referenced judicial forfeiture actions, the government has no other items from the Does boxes. Docket No. 48 (government's reply brief in support of motion to dismiss) at 6:3-8, referencing the Zellhart Decl. (docket 42-1) at ¶¶ 2-4. Those items that the government does not have would include the items plaintiffs discuss in their section of the joint report - - namely, the gold plaintiffs Doe 1 and 2 claim to have stored in box 5006 and the $20,000.00 they claim to have stored in box 4105. Zellhart Decl. (docket 42-1) at ¶ 2. In light of the fact that the government does not possess these items, and as discussed below, the motion to dismiss should be granted.

/ / /

/ / /

/ / /

3

### B. The Impact Of The Judicial Forfeiture Proceedings On The Court's Ability To Exercise Jurisdiction Over Plaintiffs' Rule 41(g) Claim.

Plaintiffs agree that the filing of a judicial forfeiture action against property seized from their safety deposit boxes moots their Rule 41(g) claims, and that a district court can properly deny equitable jurisdiction in this circumstance because plaintiffs have an adequate remedy at law to challenge any Fourth Amendment violation in the judicial forfeiture proceeding. However, plaintiffs also note that if the government did not file a civil forfeiture complaint against any property that was seized, then the government must return that property.

As the government has previously noted (and repeated above), it does not have any property except for the property that is named as defendants in the judicial civil forfeiture actions. To the extent plaintiffs believe the government has seized any additional property, Rule 41(g) is not the vehicle for a party to seek property that the government does not have. Docket No. 48 (government's reply brief in support of motion to dismiss) at 6:3-8:3; see Search and Seizure of Box No. 8309 at U.S. Private Vaults v. United States of America, Case No. 2:21-cv-03554, Docket No. 28 at 5, footnote 1. In addition, even if Rule 41(g) was an appropriate vehicle to seek recovery of these other items, and it is not, plaintiffs would have to file their claim based upon the Federal Torts Claims Act (the "FTCA") and exhaust their administrative remedies (and so allege in their complaint), in order to establish subject matter jurisdiction under the FTCA. Docket No. 48 (government's reply brief in support of motion to dismiss) at 7:20-8:3.

Accordingly, and for the reasons set forth in the government's motion to dismiss briefing, the government respectfully submits that plaintiffs' Rule 41(g) claim should be dismissed, because the government has filed a civil forfeiture complaint against the property found within plaintiffs' boxes (and plaintiffs agree that to that extent their claim does not lie) and, to the extent plaintiffs contend there was anything else in those boxes, Rule 41(g) is not the vehicle to seek relief.

### C. The Impact Of The Judicial Forfeiture Proceedings On Plaintiffs' Ability To Obtain Injunctive Relief In Connection With Their First Claim.

As set forth above, the government has filed forfeiture complaints against the property within its possession. The only relief plaintiffs seek in their first claim is an injunction for the return of their property, or exactly what they seek in their Rule 41(g) claim. As with the Rule 41(g) claim, plaintiffs have an adequate remedy at law because they can seek the return of the property in the pending judicial forfeiture cases, and the injunctive relief sought by plaintiffs' first claim is therefore unavailable. Accordingly, plaintiff's first claim should be dismissed.

In addition to the authorities set forth in the government's motion to dismiss Docket No. 48 (government's reply brief in support of motion to dismiss) at 7:20-10:25, the government also offers the following to show that plaintiffs have an adequate remedy at law and therefore their first claim which seeks only injunctive relief, namely the return of their property, which they also seek in their Rule 41(g) claim is properly dismissed. Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506-07 (1959) ("The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies") (footnote omitted); Weinberger v. Romero-Barcelo, 456 U.S. 305, 311 (1982) ("It goes without saying that an injunction is an equitable remedy. . . . An injunction should issue only where the intervention of a court of equity is essential in order effectively to protect property rights against injuries otherwise irremediable. The Court has repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies") (citations and internal quotation marks omitted); Stanley v. University of Southern California, 13 F.3d 1313, 1320 (9th Cir. 1994).

/ / /

/ / /

/ / /

**D.    Other Issue Raised By Plaintiffs In Their Section Of This Joint Status Report.**

Finally, the government notes that the Court's September 15, 2021 order did not grant plaintiff leave to amend their complaint, either to add new parties or to revise one or more of their causes of action, as they request in their section of this joint report. Accordingly, the government respectfully submits plaintiffs' request in this joint report to do so should be denied.

Respectfully submitted,

Dated: September 27, 2021

LAW OFFICE OF ERIC HONIG
A Professional Law Corporation
RICHARD M. BARNETT
ERIC D. SHEVIN
CHERNIS LAW GROUP P.C.
PAUL L. GABBERT
DEVIN BURSTEIN

    /s/  Eric Honig
ERIC HONIG

Attorneys for Plaintiffs and the Class

Dated: September 27, 2021

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

    /s/
ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Defendants
UNITED STATES OF AMERICA, et al.